UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York  11747
(631) 247-0404

ATTORNEYS OF RECORD:
      DAVID S. GREENHAUS, ESQ.
      HEATHER L. HULKOWER, ESQ.

-----------------------------------------------------X

ADRIAN JULES,

                Plaintiff,

ANDRE TOMES BALAZS, ANDRE
BALAZS PROPERTIES, BALAZS
INVESTORS LLC, HOTELS A.B. LLC

              Defendants.

Civ. No.: 20-CV-10500

-----------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL ARBITRATION AND/OR STAY ACTION**

                JACKSON LEWIS P.C.
                *ATTORNEYS FOR DEFENDANTS*
                58 South Service Road, Suite 250
                Melville, New York 11747
                (631) 247-0404

ATTORNEYS OF RECORD:
    *DAVID S. GREENHAUS, ESQ.*
    *HEATHER L. HULKOWER, ESQ.*

# <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

TABLE OF AUTHORITIES ...................................................................................... ii – vi

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND .................................................... 2

POINT I

STANDARD OF REVIEW AND APPLICABLE STATUTORY SCHEME ........................... 4

    A.    Standard of Review ....................................................................... 4

    B.    The Federal Arbitration Act ("FAA") Applies To The Agreement. ............................ 5

POINT II

CALIFORNIA LAW APPLIES TO THE ENFORCEABILITY OF THE
ARBITRATION AGREEMENT ....................................................................................... 6

POINT III

A VALID AGREEMENT TO ARBITRATE IN CALIFORNIA EXISTS,
AND THE COURT SHOULD COMPEL ARBITRATION AND/OR STAY
THIS ACTION PENDING THE OUTCOME OF ARBITRATION ........................................ 8

    A.    A Valid Agreement to Arbitrate Exists. ..................................................... 8

        1.  Plaintiff Agreed To Arbitrate Claims With the Chateau Marmont ....................... 8

        2.  Plaintiff's Arbitration Agreement Is Enforceable ................................. 10

    B.    The Agreement Encompasses the Dispute At Issue. .................................... 11

    C.    The Agreement Requires Arbitration To Be Conducted In California. .................. 12

    D.    Second Circuit Evidences That Courts Compel Arbitration And/Or
        Stay Litigation When A Valid Arbitration Agreement Exists ............................ 13

    E.    Public Policy Favors Enforcement of Arbitration Agreements ......................... 14

CONCLUSION .......................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

Abdullayeva v. Attending Homecare Servs. LLC,
  928 F.3d 218 (2d Cir. 2019)...................................................................................10

Acorn v. Household Int'l, Inc.,
  211 F. Supp. 2d 1160 (N.D. Cal. 2002) ..................................................................15

Allied-Bruce Terminix Cos., Inc. v. Dobson,
  513 U.S. 265 (1995).................................................................................................6

Alvarez v. T-Mobile USA, Inc.,
  2011 U.S. Dist. LEXIS 146757, 2011 WL 6702424 (E.D. Cal. Dec. 21, 2011) ......5

Amisil Holdings Ltd. v. Clarium Capital Mgmt.,
  622 F. Supp. 2d 825 (N.D. Cal. 2007) .....................................................................9

Arciniaga v. Gen. Motors Corp.,
  460 F.3d 231 (2d Cir. 2006)...................................................................................15

Auten v. Auten,
  308 N.Y. 155 (1954) .............................................................................................6, 7

Banner Entertainment, Inc. v. Superior Court
  62 Cal.App.4th 348, 72 Cal. Rptr. 2d 598 (1998)..................................................10

Bensadoun v. Jobe-Riat,
  316 F.3d 171 (2d Cir. 2003)..................................................................................4, 5

Birmingham Assocs. v. Abbott Labs.,
  547 F. Supp. 2d 295 (S.D.N.Y. 2008)......................................................................9

Blau v. AT&T Mobility,
  2012 U.S. Dist. LEXIS 217, 2012 WL 10546 (N.D. Cal. Jan. 3, 2012)..................5

BS Sun Shipping Monrovia v. Citgo Petroleum Corp.,
  2006 U.S. Dist. LEXIS 54588 (S.D.N.Y. Aug. 8, 2006) .........................................3

Champion Auto Sales, LLC, and Robert A. Lee, Jr. v. Polaris Sales Inc.,
  943 F. Supp. 2d 346 (E.D.N.Y. 2013) ...................................................................14

Chiron Corp. v. Ortho Diagnostic Syst.,
  207 F.3d 1126 (9th Cir. 2000) .................................................................................8

Choctaw Generation Ltd P'ship v. American Home Assurance Co.,
    271 F.3d 403, 404 (2d Cir. 2001) ............................................................................9

Circuit City Stores, Inc. v. Adams,
    532 U.S. 105 (2001) ................................................................................................6

Concat LP v. Unilever, PLC,
    350 F. Supp. 2d 796 (N.D. Cal. 2004) ...................................................................5

Craig v. Brown & Root, Inc.
    84 Cal.App.4th 416, 100 Cal. Rptr. 2d 818 (2000)...............................................10

Crook v. Wyndham Vacation Ownership, Inc.,
    2015 U.S. Dist. LEXIS 94983, 2015 WL 4452111 (N.D. Cal. July 20, 2015)........5

Daniel v. Paul,
    395 U.S. 298 (1969)................................................................................................6

DaPuzzo v. Globalvest Mgmnt. Co., L.P.,
    263 F. Supp. 2d 714 (S.D.N.Y. 2003)..................................................................14

Dean Witter Reynolds Inc. v. Byrd,
    470 U.S. 213 (1985)................................................................................................8

Doctor's Assocs., Inc. v. Distajo,
    107 F.3d 126 (2d Cir.1997)....................................................................................5

Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.,
    524 F.2d 1275 (5th Cir. 1975) ..............................................................................13

Empire Fire & Marine Ins. Cos. v. H. Moran & Sons, Inc.,
    2003 U.S. Dist. LEXIS 21498 (E.D.N.Y. Dec. 2, 2003) ........................................7

Faggiano v. CVS Pharm., Inc.,
    283 F. Supp. 3d 33 (E.D.N.Y. 2017) .....................................................................3

Ferguson v. Countrywide Credit Indus.,
    2001 U.S. Dist. LEXIS 14436, 2001 WL 867103 (C.D. Cal. Apr. 23, 2001) ........5

Ferguson v. Countrywide Credit Indus.,
    298 F.3d 778 (9th Cir. 2002) ..................................................................................5

First Options of Chi. v. Kaplan,
    514 U.S. 938, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)................................7, 15

G. Heileman Brewing Co. v. Royal Group, Inc.,
    1991 U.S. Dist. LEXIS 8494 (S.D.N.Y. June 21, 1991).........................................7

Genesco, Inc. v. T. Kakiuchi & Co.,
  815 F.2d 840 (2d Cir. 1987)..................................................................................10

Katzenbach v. McClung,
  379 U.S. 294 (1964)............................................................................................6

Lapina v. Men Women N.Y. Model Mgmt. Inc.,
  86 F. Supp. 3d 277 (S.D.N.Y. 2015)....................................................................9

Little v. City of Seattle,
  863 F.2d 681 (9th Cir. 1988) ..............................................................................12

Lucas v. Michael Kors (USA), Inc.,
  2018 U.S. Dist. LEXIS 226345 (C.D. Cal. Aug. 20, 2018)....................................9

Manning v. Energy Conversion Devices, Inc.,
  833 F.2d 1096 (2d Cir. 1987)...............................................................................5

Metaclad Corp. v. Ventana Envtl. Organizational P'ship,
  109 Cal. App. 4th 1705 (2003) ............................................................................9

Mission Viego Emergency Med. Associates v. Beta Healthcare Group
  197 Cal.App.4th 1146 (2011) .............................................................................11

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1 (1983)...............................................................................................14

Motorola Credit Corp. v. Uzan,
  388 F.3d 39 (2d Cir. 2004)...................................................................................7

M/S Bremen v. Zapata Off-Shore Co.,
  407 U.S. 1 (1972) ..............................................................................................12

Oppenheimer & Co. v. Neidhardt,
  56 F.3d 352 (2d Cir. 1995)...................................................................................5

Ortiz v. Volt Management Corp.,
  2017 U.S. LEXIS 85149 (N.D. Cal. June 2, 2017)..............................................10

Pacific Inv. Co. v. Townsend
  58 Cal.App.3d 1 (1986) ......................................................................................15

Perez v. Maid Brigade, Inc.,
  2007 U.S. Dist. LEXIS 78412, 2007 WL 2990368 (N.D. Cal. Oct. 11, 2007) .......5

Perry v. Thomas,
  482 U.S. 483 (1987)...........................................................................................15

iv

Phillips v. Audio Active Ltd.,
    494 F.3d 378 (2d Cir. 2007)..................................................................................7

Prima Paint Corp. v. Flood Conklin Mfg. Co.,
    388 U.S. 395 (1967)..........................................................................................5

Provident Bank v. Kabas,
    141 F. Supp. 2d 310 (E.D.N.Y. 2001) ...........................................................13, 14

Ross v. Am. Exp. Co.,
    547 F.3d 137 (2d Cir. 2008)..................................................................................9

Scherk v. Alberto-Culver, Co.,
    417 U.S. 506 (1974)..........................................................................................12

Serafin v. Balco Properties Ltd., LLC
    235 Cal. App. 4th 165 (2015) ...........................................................................10

Southland Corp. v. Keating,
    465 U.S. 1 (1984)..............................................................................................14

Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.,
    263 F.3d 26 (2d Cir. 2001)..............................................................................3, 7

Teah v. Macy's Inc.,
    2011 U.S. Dist. LEXIS 149274 (E.D.N.Y. Dec. 29, 2011) .................................4, 5

Thomson-CSF, S.A. v. American Arbitration Ass'n,
    64 F.3d 773 (2d Cir. 1995)..................................................................................9

Volt Info. Scis., Inc. v. Bd. Of Trs. Of Leland Stanford Junior Univ.,
    489 U.S. 468 (1989).........................................................................................11

Woodling v. Garrett Corp.,
    813 F.2d 543 (2d Cir. 1987)................................................................................7

Zuckerman v. Metro. Museum of Art,
    307 F. Supp. 3d 304 (S.D.N.Y. 2018)..................................................................7

**Statutes**

9 U.S.C. § 2........................................................................................................15

9 U.S.C. § 3....................................................................................................2, 14

9 U.S.C. § 4..................................................................................................13, 14

FAA.................................................................................................................... *passim*

**Other Authorities**

Restatement (Second) of Conflict of Laws, New York § 188(2) ....................................................7

Rule 12(b)(6)...............................................................................................................................3

## FEDERAL STATUTES

Federal Arbitration Act .................................................................................................. *passim*

Federal Rules of Civil Procedure Rule 56 .................................................................................5

## PRELIMINARY STATEMENT

Andre Tomas Balazs, Andre Balazs Properties, Balazs Investors LLC and HotelsAB, LLC ("Defendants") move the Court pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 1, *et seq*., and the Local Rules of this Court, to compel arbitration and/or stay the action in accordance with the terms of the Arbitration Agreement entered into between Plaintiff and his former employer, Chateau Holdings, Ltd. d/b/a the Chateau Marmont (the "Chateau" or the "Chateau Marmont").[1]

Plaintiff commenced this action, which involves a series of events relating to his employment and termination of his employment with the Chateau Marmont, against four entities and persons who never were his employer - Plaintiff was employed in Los Angeles by the Chateau Marmont, not any of the Defendants. Plaintiff knows this because he previously filed a Charge of Discrimination with the EEOC against the Chateau Marmont, with no mention of the Defendants. The Defendants – against which no substantive allegations in the Complaint are directed and against which a Charge of Discrimination never was filed – are named solely in an effort at avoiding the contractual commitment Plaintiff made in the Arbitration Agreement which forms the basis of this motion. But, Plaintiff's attempt to name entities and persons related to the Chateau Marmont, instead of his actual former employer, does not change the key fact that Plaintiff agreed to arbitrate any disputes related to his employment with the Chateau in Los Angeles, California, and this Court should compel that arbitration.

---

[1]/ Some Defendants are named improperly in the caption. Defendants name them properly within this Memorandum of Law.

In the alternative, if this Court determines that it does not have the power to compel arbitration in California, Defendants request a stay of this entire action, pursuant to 9 U.S.C. § 3, until the arbitration is fully resolved.[2]/  Consistent with prevailing case law and the well-established federal policy favoring arbitration, therefore, Defendants now respectfully request that their Motion to Compel Arbitration and/or to Stay Action be granted.

## FACTUAL AND PROCEDURAL BACKGROUND[3]/

Plaintiff began working at the Chateau Marmont on May 3, 2017.  See Compl. ¶ 2.  The Chateau Marmont is located in Los Angeles, California.  See Deeming Aff. ¶ 5.  Plaintiff executed the Arbitration Agreement that day, acknowledging his obligation to submit employment related disputes to binding arbitration.  The Agreement provides:

> This Agreement applies, without limitation, to claims regarding the employment relationship, trade secrets, unfair competition, compensation, breach of any express or implied contract, fraud, defamation, detrimental reliance, termination, harassment, discrimination, or retaliation (including harassment, discrimination, and retaliation claims based on gender, race, national origin, religion, marital status, age, medical condition, disability, sexual orientation, or any other characteristic protected by law), and claims arising under the Defense of Trade Secrets Ac[t], Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Fair Employment and Housing Act, the California Labor Code and other applicable federal laws and regulations and state laws and regulations, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

---

[2]/    Plaintiff's claims also lack substantive merit. In the event this matter is not compelled to arbitration, Defendants will move to dismiss the Complaint.  Plaintiff failed to name an indispensable party, i.e. his former employer, the Chateau, and it is with the Chateau that Plaintiff appears to have a dispute, not any of the named Defendants (Chateau Holdings owns the Chateau Marmont – which is not a legal entity).  Plaintiff also has made no allegations reflecting the named Defendants herein did anything improper or unlawful.

[3]/    For purposes of this motion only, Defendants accept the factual allegations set forth in Plaintiff's Complaint ("Compl.") as true.  The Complaint is attached to the accompanying affirmation of David S. Greenhaus as Exhibit A.  Defendants include an Affidavit of Paul Deeming in support of its motion ("Deeming Aff.").  Defendants expressly reserve the right to contest any factual allegations in this or any further proceeding.

<u>See</u> Deeming Aff. Exhibit A.[4]/  Claims not subject to arbitration are those pertaining to claims for workers' compensation benefits; unemployment insurance benefits; and state or federal disability insurance benefits.  <u>Id</u>.  The Agreement also provides that Plaintiff was permitted to opt out of the Arbitration Agreement, even after executing it, by sending a letter to provide notice of his opt out.  <u>Id</u>.  Plaintiff never opted out of the Arbitration Agreement and, by signing it, Plaintiff affirmatively represented that he read and fully understood its terms.  The express terms of the Arbitration Agreement require Plaintiff to submit employment related disputes to arbitration as a final means of resolution in lieu of pursuing such claims in court.

Upon threat of filing a complaint, Defendants' counsel informed Plaintiff's counsel on more than one occasion that an agreement to arbitrate was in place.  <u>See</u> Greenhaus Aff. ¶ 3; Greenhaus Aff. Exhibit A.  Plaintiff, however, being twice reminded of his agreement to arbitrate all disputes arising from his employment with the Chateau Marmont, filed this lawsuit against Andre Tomas Balazs, Andre Balazs Properties, Balazs Investors LLC and HotelsAB, LLC, instead of his former employer Chateau Marmont.  Andre Balazs has ownership interests in companies that own Chateau Property Holdings LLC, which owns the Chateau Marmont.  <u>See</u> Deeming Aff. ¶ 5.  Balazs Investors LLC is the parent company of HotelsAB, LLC.  <u>Id.</u> at ¶ 8.  HotelsAB, LLC is the management company for some of the hotels owned by Andre Balazs, but is not the management company for Chateau Marmont.  <u>Id.</u> at ¶ 6.  Andre Balazs Properties is not a legal entity, but a d/b/a for HotelsAB, LLC.  <u>Id.</u> at ¶ 7.

---

[4]/     Courts consider documents outside of the pleadings, including documents attached to the parties' motion briefs, such as an arbitration agreement, for purposes of deciding a motion to compel arbitration.  <u>See</u> Faggiano v. CVS Pharm., Inc., 283 F. Supp. 3d 33, 34 n.1 (E.D.N.Y. 2017) (citing <u>BS Sun Shipping Monrovia v. Citgo Petroleum Corp.,</u> No. 06-CV-839, 2006 U.S. Dist. LEXIS 54588 (S.D.N.Y. Aug. 8, 2006) ("While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary) to consider such extrinsic evidence when faced with a motion to compel arbitration"); <u>see also</u> Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.,</u> 263 F.3d 26, 32-33 (2d Cir. 2001).

Importantly, the Complaint does not aver any allegations concerning any conduct or actions taken by these Defendants.  Instead, the Complaint relates solely to Plaintiff's employment by the Chateau Marmont and the actions of certain employees at the Chateau Marmont.  Plaintiff knows the entity of his employer, as he filed a Charge with the Equal Employment Opportunity Commission ("EEOC") on October 13, 2020 against "Chateau Holdings LLC DBA Chateau Marmont."  Id.

Pursuant to Your Honor's Individual Rules, Defendants' new counsel (the undersigned) sent a letter to Plaintiff's counsel on or about February 18, 2021 advising that Plaintiff executed the Arbitration Agreement and that his claims are arbitrable.  See Greenhaus Aff. ¶¶ 10-11.  Plaintiff's counsel never responded to this letter.

## POINT I

## STANDARD OF REVIEW AND APPLICABLE STATUTORY SCHEME

### A.   Standard of Review

When reviewing a motion to compel arbitration or stay an action pursuant to the FAA, "the court applies a standard similar to that applicable for a motion for summary judgment."  Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003); Teah v. Macy's Inc., No.

4

11-CV-1356, 2011 U.S. Dist. LEXIS 149274 (E.D.N.Y. Dec. 29, 2011).[5/]  Where there exists "an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." Bensadoun, 316 F.3d at 175; Teah, 2011 U.S. Dist. LEXIS 149274, at *4.  But where "the party seeking arbitration has substantiated the entitlement [to arbitration] by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute to be tried."  Oppenheimer & Co. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995); cf. Manning v. Energy Conversion Devices, Inc., 833 F.2d 1096, 1103 (2d Cir. 1987) ("Arbitration is intended to be a process for the swift resolution of disputes, and parties endeavoring to resist arbitration must alert district courts promptly and finally to whatever claims they may have in opposition to arbitration and the evidentiary basis of such claims").  Here, there can be no dispute that Plaintiff entered into a binding agreement to arbitrate his claims arising from his employment with the Chateau Marmont.

## B.     The Federal Arbitration Act ("FAA") Applies To The Agreement.

The FAA, which establishes the validity and enforceability of written agreements to arbitrate disputes, governs agreements where the underlying contract facilitates interstate commercial transactions or directly or indirectly affects commerce between the states.  Prima Paint Corp. v. Flood Conklin Mfg. Co., 388 U.S. 395, 401-02, n. 7 (1967).  In order to fall within

---

[5/]     On a motion to compel arbitration under the FAA, courts in California also apply a standard similar to the summary judgment standard applied under Rule 56 of the Federal Rules of Civil Procedure.  See Alvarez v. T-Mobile USA, Inc., No. 10-CV-2373, 2011 U.S. Dist. LEXIS 146757, 2011 WL 6702424, *3 (E.D. Cal. Dec. 21, 2011) (citing Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004)); Perez v. Maid Brigade, Inc., No. 07-3473, 2007 U.S. Dist. LEXIS 78412, 2007 WL 2990368, *3 n.4 (N.D. Cal. Oct. 11, 2007); Ferguson v. Countrywide Credit Indus., No. 00-CV-13096, 2001 U.S. Dist. LEXIS 14436, 2001 WL 867103, n.1 (C.D. Cal. Apr. 23, 2001), aff'd, 298 F.3d 778, 782 (9th Cir. 2002). A party seeking to compel arbitration under the FAA "must make a *prima facie* showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement 'in issue.'"  Blau v. AT&T Mobility, No. 11-00541, 2012 U.S. Dist. LEXIS 217, 2012 WL 10546, *3 (N.D. Cal. Jan. 3, 2012); see also, Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 129-30 (2d Cir.1997). "If the court is 'satisfied that the making of the agreement for arbitration ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.'" Crook v. Wyndham Vacation Ownership, Inc., No. 13-CV-3669, 2015 U.S. Dist. LEXIS 94983, 2015 WL 4452111, *2 (N.D. Cal. July 20, 2015) (quoting 9 U.S.C. § 4).

the scope of the FAA, a party to an arbitration agreement need only establish that it buys product or sells merchandise or services in the stream of commerce – even if the other party was not directly involved in such interstate commerce.  See Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 272 (1995).  The threshold for meeting the "involving commerce" standard is quite low.  See, e.g., Daniel v. Paul, 395 U.S. 298, 305 (1969) (judicially noticing that snack bar's activities involve interstate commerce, in part, because it advertised to out-of-state patrons); Katzenbach v. McClung, 379 U.S. 294 (1964) (restaurant subject to regulation because it uses food products and supplies traveling in interstate commerce).  The United States Supreme Court has expressly recognized the FAA applies to arbitration agreements contained in employment contracts.  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 109-18 (2001).

Here, Defendants engage in transactions involving interstate commerce as they are involved in the hospitality industry, which provides stay to guests from all over the country and the world.  Further, the Agreement states, "…by binding arbitration under the Federal Arbitration Act administered by JAMS…"  The FAA therefore governs the terms of the Arbitration Agreement.

**POINT II**

**CALIFORNIA LAW APPLIES TO THE ENFORCEABILITY OF THE ARBITRATION AGREEMENT.**

Despite Plaintiff filing this lawsuit in the Southern District of New York, New York has no connection to the dispute.  Although the conclusion concerning arbitrability does not differ whether California or New York applies, it is California law that governs the Arbitration Agreement itself and whether the Agreement is enforceable – which it is.

In contract actions, New York courts apply the "center of gravity" or "grouping of contacts" theory of conflicts of laws.  See Auten v. Auten, 308 N.Y. 155, 160 (1954).  Put

differently, New York courts apply "the law of the place which has the most significant contacts with the matter in dispute."  Id. at 160 (internal quotation marks omitted).  Relying on § 188(2) of the Restatement (Second) of Conflict of Laws, New York district courts have identified five factors relevant in determining which state has the "most significant relationship" to a contract dispute: (1) the place of contracting, (2) the place of negotiation  of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile or place of business of the contracting parties.  Zuckerman v. Metro. Museum of Art, 307 F. Supp. 3d 304, 324 (S.D.N.Y. 2018).

California law applies for determining enforceability of the Arbitration Agreement as (1) all of the claims arose in California, and not New York; (2) the Arbitration Agreement was negotiated and signed in California; (3) the Arbitration Agreement includes that the action would be arbitrated in California; and (4) Plaintiff was employed at all times in California.[6]

---

[6]      In fact, it matters not at all which state law applies, as New York law requires the same result.  See G. Heileman Brewing Co. v. Royal Group, Inc., No. 88-CV-1041, 1991 U.S. Dist. LEXIS 8494 (S.D.N.Y. June 21, 1991) (applying the law of Michigan, the place of the site, despite the fact that the insured was a Maryland corporation with its principal place of business in Maryland); Empire Fire & Marine Ins. Cos. v. H. Moran & Sons, Inc., No. 00-CV-6261, 2003 U.S. Dist. LEXIS 21498  (E.D.N.Y. Dec. 2, 2003) ("There are a number of factors that weigh in favor of Florida law governing the outcome of this case. The insurance contract was negotiated and executed in Florida").  However, for the sake of precision, it is California law that should apply to the terms of the Arbitration Agreement and the enforceability of the Arbitration Agreement.  See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 50 (2d Cir. 2004) ("We have applied a choice-of-law clause to determine which laws govern the validity of an agreement to arbitrate . . . More generally, a choice-of-law clause in a contract will apply to disputes about the existence or validity of that contract.") (citing Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co., 263 F.3d 26, 32 n.3 (2d Cir. 2001); see also First Options of Chi. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern the formation of contracts.") (citations omitted). Further, under New York choice-of-law rules, the parties' choice of law governs substantive but not procedural issues. See Phillips v. Audio Active Ltd., 494 F.3d 378, 384-85 (2d Cir. 2007) (citing Woodling v. Garrett Corp., 813 F.2d 543, 551-52 (2d Cir. 1987)).  Thus, while Defendants refer to California law to determine the terms and enforceability of the Agreement, Defendants refer to precedent from within the Second Circuit as it relates to the procedure related to this motion.

<u>**POINT III**</u>

<u>**A VALID AGREEMENT TO ARBITRATE IN CALIFORNIA EXISTS, AND THE COURT SHOULD COMPEL ARBITRATION AND/OR STAY THIS ACTION PENDING THE OUTCOME OF ARBITRATION**</u>

Plaintiff's claims must be arbitrated.  In light of public policy favoring arbitration, a court must enforce any arbitration agreement so long as (1) a valid arbitration agreement exists; and (2) the agreement encompasses the dispute at issue, pursuant to the FAA.  <u>Chiron Corp. v. Ortho Diagnostic Syst.,</u> 207 F.3d 1126, 1130 (9th Cir. 2000); <u>see also</u> <u>Dean Witter Reynolds Inc. v. Byrd,</u> 470 U.S. 213, 218 (1985).  Both conditions are satisfied in this case.  Traditionally, the court determines whether or not the asserted claims are arbitrable, i.e., do the claims fall within the scope of the Agreement.  However, case law has established that if the parties express a clear intent to have the arbitrator decide questions of arbitrability, the court will enforce the arbitration agreement as written and honor the intent of the parties.  Here, this intent exists as the Agreement expressly states, "I understand that any dispute arising out of this Agreement will be determined by the arbitrator.  I further understand that the Federal Arbitration Act shall apply when interpreting this Agreement."

A.  <u>**A Valid Agreement to Arbitrate Exists**</u>.

1.  <u>**Plaintiff Agreed To Arbitrate Claims With the Chateau Marmont**</u>.

Plaintiff agreed to arbitrate employment-related disputes with his employer, the Chateau Marmont, as a condition of employment.  In violation of that promise, Plaintiff commenced this action asserting sixteen (16) causes of action against Defendants. Although Defendants are not parties to the Agreement, this Court still must compel arbitration because a non-signatory defendant, like those here, own, control or are affiliated with the Chateau

Marmont and each of Plaintiff's causes of action arise from his employment with the Chateau Marmont.

Under California law, the doctrine of equitable estoppel allows a non-signatory to an arbitration agreement to enforce the agreement against a signatory Plaintiff.  See <u>Amisil Holdings Ltd. V. Clarium Capital Mgmt.,</u> 622 F. Supp. 2d 825, 831 (N.D. Cal. 2007) ("an obligation to arbitrate does not attach only to those who have actually signed the agreement to arbitrate," "a signatory can compel a nonsignatory to arbitrate" and "a nonsignatory can compel a signatory to arbitrate").[7]  This is particularly true under an estoppel theory "because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the nonsignatory's obligations and duties in the contract ... and [the fact that] the claims were intimately founded in and intertwined with the underlying contract obligations." <u>Id</u>. at 830-31 (quoting <u>Thomson-CSF, S.A. v. American Arbitration Ass'n</u>, 64 F.3d 773, 778 (2d Cir. 1995)). The doctrine applies where "a signatory to an arbitration agreement attempts to evade arbitration by suing nonsignatory defendants for 'claims that are based on the same facts and are inherently inseparable from arbitrable claims…'" <u>Metaclad Corp. v. Ventana Envtl. Organizational P'ship,</u> 109 Cal. App. 4th 1705, 1713 (2003).   In fact, many Courts rely on this doctrine to prevent plaintiffs from avoiding agreements with involved nonsignatory defendants.  See <u>Lucas v.</u>

---

[7]      New York courts adhere to the same rule.  "The Second Circuit has recognized that a signatory to an arbitration agreement is estopped 'from avoiding arbitration with a non-signatory when the issues the non-signatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.'"  <u>Lapina v. Men Women N.Y. Model Mgmt. Inc.</u>, 86 F. Supp. 3d 277, 284 (S.D.N.Y. 2015) (citing <u>Choctaw Generation Ltd P'ship v. American Home Assurance Co.</u>, 271 F.3d 403, 404 (2d Cir. 2001)); <u>see also</u> <u>Ross v. Am. Exp. Co.</u>, 547 F.3d 137, 143 (2d Cir. 2008) ("[U]nder principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute where a careful review of 'the relationship among the parties, the contracts they signed . . . and the issues that had arisen among them discloses that the issues the non-signatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed'").  This doctrine is most commonly invoked in situations similar to the one presented here.  The purpose of the doctrine "is to prevent a plaintiff from, in effect, trying to have [its] cake and eat it too; that is, from rely[ing] on the contract when it works to its advantage [by establishing the claim], and repudiat[ing] it when it works to its disadvantage [by requiring arbitration]." <u>Birmingham Assocs. v. Abbott Labs.</u>, 547 F. Supp. 2d 295, 301 (S.D.N.Y. 2008) (citations omitted).

_Michael Kors (USA), Inc.,_ No. 18-CV-1608, 2018 U.S. Dist. LEXIS 226345 (C.D. Cal. Aug. 20, 2018) (holding that nonsignatory employer could enforce arbitration agreement that plaintiff signed with staffing agency); _Ortiz v. Volt Management Corp.,_ No. 16-CV-7096, 2017 U.S. LEXIS 85149 (N.D. Cal. June 2, 2017).

2.      <strong><u>Plaintiff's Arbitration Agreement Is Enforceable</u></strong>

Plaintiff asserted in the joint letter submitted to the Court (Dkt. #15) that the Agreement is unenforceable because Chateau Marmont did not countersign the Arbitration Agreement.  This assertion is contrary both to New York and California law.

Under California law, a "writing memorializing an arbitration agreement need not be signed by both parties in order to be upheld as a binding arbitration agreement."  _Serafin v. Balco Properties Ltd., LLC,_ 235 Cal. App. 4th 165, 176 (2015).  In _Banner Entertainment, Inc. v. Superior Court,_ the court explained, "it is not the presence or absence of a signature [on an agreement] which is dispositive; it is the presence or absence of evidence of an agreement to arbitrate which matters." _Id._ at p. 361. Evidence confirming the existence of an agreement to arbitrate, despite an unsigned agreement, can be based, for example, on "conduct from which one could imply either ratification or implied acceptance of such a provision."  _Banner Entertainment, Inc. v. Superior Court,_ 62 Cal.App.4th 348, 72 Cal. Rptr. 2d 598 (198); _Craig v. Brown & Root, Inc_ 84 Cal.App.4th 416, 420–423, 100 Cal. Rptr. 2d 818 (2000).

In determining whether to compel arbitration, New York courts answer three questions: (1) whether the parties agreed to arbitrate; (2) whether the claims at issue fall within the scope of the arbitration agreement; and (3) if federal statutory claims are asserted, whether Congress intended to preclude arbitration of those claims.  _Genesco, Inc. v. T. Kakiuchi & Co.,_ 815 F.2d 840, 844 (2d Cir. 1987); _see also Abdullayeva v. Attending Homecare Servs. LLC,_ 928

10

F.3d 218, 221 (2d Cir. 2019) (noting a fourth question: if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration).   Here, the Chateau Marmont provided the arbitration agreement to Plaintiff, which proves its intent to be bound by such agreement (had the Chateau Marmont disfavored arbitration, it would not have offered the agreement to Plaintiff to begin with).   Plaintiff's signature, accepting the agreement's terms, represents his clear intent to be bound.   Further, it cannot be disputed that Plaintiff signed the Agreement pertaining to his employment with Chateau Marmont. See Deeming Aff. Exhibit A; Deeming Aff. ¶ 10.   The same is true under California law.   See Mission Viego Emergency Med. Associates v. Beta Healthcare Group, 197 Cal.App.4th 1146, 1153-54 (2011)(party seeking to compel arbitration satisfies *prima facie* showing of valid arbitration agreement by producing the agreement itself).

As the Supreme Court has noted, the most basic and fundamental principal on which the FAA and the strong federal policy favoring arbitration is based is that arbitration agreements should be enforced as written and in accordance with the express terms of the agreement.   Volt Info. Scis., Inc. v. Bd. Of Trs. Of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989) (the FAA "simply requires the courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms").   The Court therefore must look to the express terms of the Agreement and enforce the clause pursuant to those terms, whether under New York or California law.

B.   **The Agreement Encompasses the Dispute At Issue.**

Second, the Agreement expressly encompasses Plaintiff's claims. The Agreement provides:

> This Agreement applies, without limitation, to claims regarding the employment relationship, trade secrets, unfair competition, compensation, breach of any

> express or implied contract, fraud, defamation, detrimental reliance, termination, harassment, discrimination, or retaliation (including harassment, discrimination, and retaliation claims based on gender, race, national origin, religion, marital status, age, medical condition, disability, sexual orientation, or any other characteristic protected by law), and claims arising under the Defense of Trade Secrets Ac[t], Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Fair Employment and Housing Act, the California Labor Code and other applicable federal laws and regulations and state laws and regulations, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

See Deeming Aff. Exhibit A.[8]/   Such claims are applicable to those brought in Plaintiff's Complaint relating to the termination of his employment.

      **C.**    **The Agreement Requires Arbitration To Be Conducted In California.**

      The Agreement provides, "I understand and agree that the arbitration will take place in Los Angeles County, unless another location is mutually agreed upon by me and the Company."

      The venue in which an arbitration is to take place is a "term" of the parties' arbitration agreement.  Because the courts must order the parties to arbitrate "in accordance with the terms of the [arbitration] agreement," they must give effect to these forum selection clauses. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15-19 (1972).  Such a clause should be enforced by the courts "absent some compelling and countervailing reason."  Id. at 12; see also Scherk v. Alberto-Culver, Co., 417 U.S. 506, 519-20 (1974) (holding forum selection clauses enforceable in arbitration agreements).

---

[8]/      Here, even if the Court determines that some of Plaintiff's claims fall outside the scope of the Arbitration Agreement, the claims not arbitrable must be stayed pending the completion of arbitration.  Federal district courts have broad discretion to stay discovery in the interests of justice.  Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

**D.** **Second Circuit Evidences That Courts Compel Arbitration And/Or Stay Litigation When A Valid Arbitration Agreement Exists.**

Courts within the Second Circuit occasionally have expressed concern as to whether a court in New York has the power to compel arbitration outside the district. Section 4 of the FAA provides that the hearing required by an order compelling arbitration issued by a district court "shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4. At the same time, Section 4 provides that in connection with a hearing on a motion to compel, "the court shall make an order directing the parties to proceed to arbitration **in accordance with the terms of the agreement**." 9 U.S.C. § 4 (emphasis added). This conflict arises when an arbitration agreement requires the arbitration to take place outside the district in which the litigation was commenced.

Different courts in different jurisdictions analyze this issue differently. Some district courts have held arbitration can be compelled in the venue set forth in the Agreement, even if the specified venue is not in the district where the motion to compel was filed (because such action is consistent with the fundamental and guiding principal of the FAA – to enforce arbitration agreements in accordance with their terms). Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co., 524 F.2d 1275, 1276-77 (5th Cir. 1975).

District courts within the Southern and Eastern Districts of New York – Defendants are aware of no Second Circuit authority - occasionally have taken the position that, although a court cannot compel arbitration in a foreign venue under the language of the FAA, it can find the dispute is subject to arbitration and order a stay to allow the parties to pursue their claims in arbitration in the venue agreed to in the arbitration clause.[9] Provident Bank v. Kabas,

---

[9] Defendants advocate for the first approach, adopted by the Fifth Circuit, as compared to this one, as it renders Section 4 of the FAA meaningless when the Agreement contains a forum selection clause in a venue different than where the lawsuit has been filed.

141 F. Supp. 2d 310, 315 (E.D.N.Y. 2001) ("Where an agreement to arbitrate specifies a venue outside of the district in which the petition is filed, no order to compel may be entered; only a stay is available"); see also DaPuzzo v. Globalvest Mgmnt. Co., L.P., 263 F. Supp. 2d 714, 739 (S.D.N.Y. 2003) ("[w]here a federal court lacks authority pursuant to 9 U.S.C. § 4 to compel arbitration outside its district, the court may still determine that the dispute nonetheless remains 'referable to arbitration' elsewhere, if a forum is designated, and must then order a stay [pursuant to § 3] instead, thereby leaving the parties free to pursue their contractual rights and remedies in the appropriate venue').

In the absence of Second Circuit authority, Defendants request that the Court compel arbitration of Plaintiff's claims in California so as to abide by the fundamental and most basic principal of the FAA - enforcement of the Agreement as written.  If the Court declines to adopt this approach, however, at a minimum it should do what other courts within this District have done:  it should stay this action in its entirety until the arbitration is completed.  See Champion Auto Sales, LLC, and Robert A. Lee, Jr. v. Polaris Sales Inc., 943 F. Supp. 2d 346 (E.D.N.Y. 2013) (granting Defendant's motion to stay so the parties could arbitrate the arbitrable claims in the venue listed in the arbitration agreement).  The effect of an order compelling arbitration or staying the lawsuit is the same – Plaintiff is not permitted to litigate his claims before this Court.

### E.   Public Policy Favors Enforcement of Arbitration Agreements

California law favors enforcement of valid arbitration agreements.  Southland Corp. v. Keating, 465 U.S. 1, 15-16 (1984) ("California has a strong policy in favor of arbitration); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (the Federal Arbitration Act ("FAA") was enacted to further the strong federal policy in

favor of enforcing arbitration agreements).   The Second Circuit agrees, holding "it is very difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied."   Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 234 (2d Cir. 2006).

Determining whether a particular controversy is subject to arbitration is a matter of interpretation of the parties' contract.   First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995).   Stated differently, if the parties' arbitration agreement evidences an intent that a particular dispute, or all disputes, be referred to arbitration, arbitration should be ordered.   "In California, the general rule is that arbitration should be upheld unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute."   Pacific Inv. Co. v. Townsend, 58 Cal.App.3d 1, 9-10 (1986).   Under the FAA, written arbitration agreements "shall be valid, binding, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."   9 U.S.C. § 2.   The Act is mandatory and provides the courts with little discretion to deny an arbitration motion.   Acorn v. Household Int'l, Inc., 211 F. Supp. 2d 1160 (N.D. Cal. 2002).   Arbitration agreements are to be read liberally to effectuate their purpose and are to be "rigorously enforced."   Perry v. Thomas, 482 U.S. 483, 490 (1987).

Based on all of the foregoing, Defendants are entitled to an order compelling Plaintiff to arbitrate his claims and staying the litigation or, in the alternative, an order staying the litigation until the arbitration in California can be completed.

## **CONCLUSION**

For all the reasons set forth above, Defendants respectfully request that this Court compel arbitration of the claims brought against them in accordance with the terms of the relevant Arbitration Agreement.  In the alternative, Defendants respectfully request that the Court stay this action until the conclusion of the arbitration.  Consistent with the accompanying Affirmation, Defendants also respectfully request that a stay of discovery be ordered upon the filing of this motion, as the Court entered a Case Management Plan before Defendants filed a responsive pleading and the time to complete discovery already is running.

Dated: Melville, New York
       March 9, 2021

Respectfully submitted,

JACKSON LEWIS P.C.
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 250
Melville, New York  11747
(631) 247-0404

By:     /s/ David S. Greenhaus
        DAVID S. GREENHAUS, ESQ.
        HEATHER L. HULKOWER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of March, 2021, I caused a true and correct copy of the enclosed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND/OR TO STAY** to be served by depositing a true copy thereof enclosed in a Federal Express paid wrapper, in an official depository under the exclusive care of Federal Express Overnight Service and via email addressed to:

Thomas A. Farinella, Esq.
Law Office of Thomas A. Farinella, P.C.
260 Madison Avenue, 8th Floor
New York, NY 10016
tf@lawtaf.com


/s/ David S. Greenhaus
DAVID S. GREENHAUS, ESQ.

4815-0147-6063, v. 1

17