UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    ADRIAN JULES,
                              Plaintiffs,

                          20 Civ. 10500 (LGS)
             -against-

                              ORDER
    ANDRE BALAZS PROPERTIES et al.,

                            Defendants.
------------------------------------------------------------ X
LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Defendants moved to (1) compel arbitration pursuant to an arbitration agreement between Plaintiff and his employer (the "Agreement") or, alternatively for (2) a stay of this proceeding pending any arbitration in the Agreement's specified venue -- Los Angeles County.

       WHEREAS, the Opinion & Order, dated May 28, 2021 ("Opinion") (Dkt No. 30), declined to compel arbitration, stating that (1) the Federal Arbitration Act provides that any arbitration proceedings resulting from a motion to compel arbitration "shall be within the district in which the petition for an order directing such arbitration is filed," (2) the Agreement specifies that arbitration "will take place in Los Angeles County" and (3) courts in this district have persuasively reasoned that they should decline to compel arbitration in a venue not authorized by statute and stay proceedings pursuant to 9 U.S.C. § 3 while awaiting the outcome of any arbitration in the venue specified by agreement.  The Opinion accordingly stayed this proceeding pending the resolution of any arbitration in California and directed status letters every sixty days regarding such arbitration.

       WHEREAS, the parties have filed a joint status letter, in which they dispute whether Plaintiff or Defendants need to take certain steps to initiate arbitration (Dkt. No. 31).  Defendants

suggest that Plaintiff should be directed to initiate arbitration in California.  Such an order would compel arbitration by Plaintiff, and whether the parties have taken appropriate steps to initiate arbitration is not a question properly resolved by this tribunal.

WHEREAS, "under Federal Rule of Civil Procedure 41(b), in combination with the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Whitley v. New York State Dep't of Corrections and Community Supervision*, No. 17 Civ. 3652, 2021 WL 3271736, at *2 (S.D.N.Y. July 30, 2021) (internal quotation marks omitted).  Factors taken into account in making this determination include any delay by the plaintiff and the court's interest in managing its own docket.  *See id*.  Accordingly, it is hereby

**ORDERED** that Defendants' request for an order directing Plaintiff to commence arbitration in California is **denied**.  The parties shall continue to submit status letters every sixty days per the Opinion.

Plaintiff is advised that because prosecution of his claims in California affects this matter, undue delay in may result in sanctions or prejudice, including dismissal of this matter for failure to prosecute.

Dated:  August 2, 2021
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**