**LAW OFFICE OF THOMAS A. FARINELLA, P.C.**                     260 Madison Avenue, 8th Fl.
New York, NY 10016
Tel: (917) 319-8579
Fax: (646) 349-3209
www.lawtaf.com

**Thomas A. Farinella**
tf@lawtaf.com

September 22, 2022

**VIA ECF**

The Honorable Lorna G. Schofield
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re:    *Adrian Jules v. Andre Balazs Properties, Andre Tomes Balazs, Balazs Investors, LLC, Hotels A.B., LLC*
Case No. 1:20-cv-10500-LGS

Dear Judge Schofield:

    This Firm represents the Plaintiff in connection with this matter. The Court has directed that the parties, "shall file a joint letter regarding this dispute, including any decision from the Arbitrator or JAMS, by October 21, 2022." [ECF Document No. 41]. I am respectfully requesting that the Court consider this letter request for a Pre-Motion Conference date in addition to the joint letter that the Court Ordered. In accordance with the Court's rules Plaintiff submits the following request.

## Pre-Motion Conference Request

    Adrian Jules ("Plaintiff") would like to move on the 6th day of October 2022, for an order to lift the May 28, 2021 Stay of Case No. 20-CV-10500 to resume litigation and award monetary sanctions against Andre Balazs, et al d/b/a Chateau Marmont ("Defendant") for costs and fees associated with the abandoned arbitration proceeding due to its material breach of its Dispute Resolution Procedure & Mutual Binding Arbitration Agreement, default of Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, *and violation of* California Code of Civil Procedure sections 1281.97(b)(1), 1281.98(b)(1).

### I.   STATEMENT OF FACTS

    December 12, 2020, Plaintiff filed a Complaint citing employment claims and Defendant filed a Motion to Compel Arbitration and sought a stay of proceedings pursuant to FAA, 9 U.S.C. § 3 in response. May 28, 2021, Judge Lorna D. Schofield issued a stay of proceedings due to Plaintiff signing a Dispute Resolution Procedure & Mutual Binding Arbitration Agreement as a condition

of employment. August 2021, Plaintiff demanded consumer arbitration from JAMS and Defendant's Answer, in its twenty-fourth defense, challenged arbitration's jurisdiction despite it being a mandatory condition of employment, it unilaterally selected for employment disputes.

### Applicable Rules, Policies, and Procedures

October 4, 2021, Plaintiff received a Commencement of Employment Arbitration Letter stating arbitration would be administered pursuant to JAMS Employment Arbitration Rules and subject to its Policy on Employment Arbitration Minimum Standards of Procedural Fairness. Rule 4 stipulates "If any of these Rules, or modification of these rules agreed to by the Parties, is determined to be in conflict with provision of applicable law, the provision of law will govern over the Rule in conflict, and no other Rule will be effected."

Rule 31(a) stipulates, "Except as provided in paragraph (c), unless the Parties have agreed to a different allocation, each Party shall pay its *pro rata* share of JAMS fees and expenses as set forth in the JAMS fee schedule in effect at the time of the commencement of the Arbitration and non-payment of fees may result in an administrative suspension of the case in accordance with Rule 6(c)" which stipulates, "If, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings."

Rule 31(c) further stipulates, "If an arbitration is based on a clause or agreement that is required as a condition of employment, or with individual consumers as defined by JAMS Policies on Employment and Consumer Arbitration, and the company fails to pay its filing or other fees, JAMS may place the matter on administrative suspension and, in such case, will advise the parties in writing of that action so that the employee or consumer may seek appropriate redress in a court of competent jurisdiction." After selection of an arbitrator, Plaintiff received JAMS Order No. 2 that in pertinent part states, "The applicable substantive law is Federal law and the law of the State of California."

### Defendant's Material Breach of the Arbitration Agreement

August 5, 2022, JAMS sent Invoice #6279160 for $71,400.00 that stipulated, "Payment is due upon receipt", and Defendant failed to remit. JAMS then sent payment requests August 5th, 15th, 17th, and 19th and failed to take the administrative actions stipulated by Rule 31(a) and (c) after Defendant repeatedly failed to make payment in accordance with payment terms.

August 17th JAMS attached Invoice #6279160 to a Hearing Notice that stated in pertinent part, "If monies are outstanding, enclosed is a deposit request for your share of the fees" and directed Defendant to the location of, "Payment is due upon receipt". However, no payment was made and follow-up communications from JAMS two days later requesting payment also fell on deaf ears.

### Plaintiff's Withdrawal from Arbitration

September 16th Plaintiff issued JAMS a Notice of Withdrawal citing Defendant's material breach and statutes referenced herein. By this time, Invoice #6279160 was forty-one days delinquent and JAMS had taken no action to remedy it or provide Plaintiff relief. Defendant responded denying all claims and alleging August 17th and 19th emails from JAMS retroactively established it as hearing fees due October 6th despite the payment already being delinquent upon receipt of the communications. Defendant also asserted Order No. 2 established the invoice as

hearing fees, attempted to prejudice Plaintiff with the arbitrator, and reprimanded Plaintiff for failing to meet and confer to apprise it of the material breach it argues didn't take place. Plaintiff, through Defendant's post withdrawal communications, learns it failed to remit timely payment for Invoice #6291154 and JAMS requested payment for Invoice #6279160 the same evening.

## II. ARGUMENT

Court has inherent power to stay action pending arbitration where (1) party seeking stay can demonstrate that he will not hinder arbitration, (2) arbitration will be concluded within reasonable time, and (3) delay will not work undue hardship on opposition. *Katz v Shearson Hayden Stone, Inc*. (1977, SD NY) 438 F Supp 637. At the time the stay was issued, the court's decision championed the belief enforcement of arbitration provisions fulfill arbitration's goal of "achiev[ing] streamlined proceedings and expeditious results." *AT&T Mobility LLC* v. *Concepcion*, 563 U.S. 333, 346 (2011) (quoting *Preston v. Ferrer*, 552 U.S. 346, 357–58 (2008)).

However, today Defendant is in default and the decision to lift the stay in *Agerkop v. Sysyphian LLC*, 2:19-cv-10414-CBM-JPRx (C.D. Cal. Oct. 13, 2021) is relative here. It states, "If a party defaults after an initial stay and reference to arbitration, that permits a district court to vacate the § 3 stay." 352 F.3d at 1201 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653–54 (9th Cir. 1991) (vacating stay where party originally seeking stay defaulted in arbitration by delay and non-prosecution of claims); *Miller v. Aaacon Auto Transp., Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977) (per curiam) (same))."

In California, breaches of this nature happen quite often, where the party imposing mandatory arbitration provisions in contracts of adhesion refuses to pay the fees required to commence proceedings, a practice that "effectively stymie[s] the ability of [claimants] to assert their legal rights." S. Judiciary Comm. Hr'g on SB 707, 2019–2020, at 6 (Cal. Apr. 23, 2019). As a result, California's Code of Civil Procedure § 1281.97 was introduced to clarify that a company's failure to timely pay arbitration fees constitutes a material breach of the agreement and if the drafting party materially breaches by failing to pay the fees "within 30 days after the due date," the consumer or employee may withdraw, seek adjudication in court, and recover related fees.

In *Sink v. Aden Enterprises*, a case like Plaintiff's, an employer failed to timely pay arbitration filing fees after repeatedly receiving notices for payment and warnings the arbitrator would enter a default judgment. 352 F.3d 1197, 1198–99 (2003). Plaintiff withdrew from arbitration and returned to federal court where the move was approved, and court of appeals affirmed principles embodied in § 1281.97 are consistent with the FAA.

The court found accepting the employer's position would "allow a party refusing to cooperate with arbitration to indefinitely postpone litigation." A result that contradicts "[o]ne purpose of the FAA's liberal approach to arbitration," namely, "the efficient and expeditious resolution of claims." These goals are "not served by . . . returning parties to arbitration upon the motion of a party that is already in default of arbitration."

In *Gallo v. Wood Ranch, Inc*. No. B311067 (Cal. Ct. App. Jul. 25, 2022), Plaintiff similarly sued its former employer and was compelled to arbitrate due to signing an arbitration agreement as a mandatory condition of employment. Upon initiating arbitration, Plaintiff paid its fees and Defendant after receiving multiple requests from AAA paid six days after the statutory deadline. As a result, Plaintiff filed a motion to vacate the trial court's prior order compelling arbitration invoking sections 1281.97 and 1281.99, arguing Defendant's late payment of initiation fees constituted a material breach of the arbitration agreement and the court agreed. *Gallo* is applicable here because Defendant alleges JAMS retroactively gave an extension for a past due invoice.

However, payment was due upon receipt and the court in *Gallo* ruled Defendants' excuses were not viable explanations for late payment and imposed monetary sanctions. Thus, the statutes do not make exceptions or provide relief to Defendants for untimely payments.

Furthermore, JAMS lacks the authority to change payment due dates absent consent and Order No. 2 stipulates a request will be made for advance payment of hearing fees sixty days before the December Hearing in contradiction of Defendant's claim the past due August 5th Invoice, one hundred and twenty-two days premature, satisfies the stipulation. Senate Bill 762 ("SB 762"), in pertinent part states, "Any extensions to payment due dates, whether for prepayment or payment during arbitration, must be agreed to by all parties" and *Dekker v. Vivint Solar, Inc.*, No. 20-16584 (9th Cir. Oct. 26, 2021) reaffirms.

In *Dekker,* Plaintiffs confirm JAMS Invoices state, "Payment is due upon receipt" to argue Defendants were more than thirty days delinquent in violation of section 1281.97. The court evaluated if JAMS adversely impacted Plaintiffs by ignoring Defendants 'failure to pay in accordance with its Rules, and inadvertently extending due dates by requesting past due payments multiple times. The court then evaluated *Postmates Inc. v. 10,356 Individuals,* 9th Cir., No. 21-5502, (Apr. 7, 2021) to form the opinion, "It is true that JAMS, perhaps in order to keep the business, was willing to let payment slide for a few weeks, but that doesn't change the fact that it was due and payable upon receipt. Defendants then had 30 days to pay or be in material breach, even if JAMS was willing to wait. Waiting is delay, and delay is exactly what the legislature sought to stop" and granted Plaintiffs' motion to vacate the order.

### III.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the court to consider its request to move on the 6th day of October 2022, for an order to lift the May 28, 2021, Stay of Case No. 20-CV-10500 to resume litigation and award monetary sanctions against Defendant.

Thank you for considering Plaintiff's request.

Respectfully submitted,

Dated:  September 23, 2022
New York, New York

Law Office of Thomas A. Farinella, PC

By*:      /s/Thomas A. Farinella*
Thomas A. Farinella, Esq.

Thomas A. Farinella
260 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:  (917) 319-8579
tf@lawtaf.com

*Attorney for Plaintiff*