**LAW OFFICE OF THOMAS A. FARINELLA, P.C.**

260 Madison Avenue,
8th Fl.
New York, NY 10016
Tel: (917) 319-8579
Fax: (646) 349-3209
www.lawtaf.com

**Thomas A. Farinella**
tf@lawtaf.com

October 11, 2022

**VIA ECF**
Jackson Lewis P.C.
Attention: David Greenhaus
58 South Service Road, Suite 250
Melville, NY 11747

Re:   *Adrian Jules v. Andre Balazs Properties, Andre Tomes Balazs, Balazs Investors, LLC, Hotels A.B., LLC*
Case No. 1:20-cv-10500-LGS

Dear David Greenhaus:

This letter serves as notice Adrian Jules (Plaintiff) respectfully moves for a preliminary injunction, temporary restraining order, and judgment of default and forfeiture of the right to arbitrate against Andre Balazs d/b/a/ Chateau Marmont (Defendant) and its attorneys as a result of repeated attempts to cause prejudice and irreparable harm to Plaintiff upon withdrawal from arbitration pursuant to Code Civ. Proc § 1281.98 (§ 1281.98). This motion was prompted by Defendant's October 10th Request for Relief (RFR) to JAMS seeking adverse actions against Plaintiff (citing a waiver of rights due to withdrawal) in violation of the Federal Arbitration Act (FAA) and further material breach of its Dispute Resolution Procedure and & Mutual Binding Arbitration Agreement (Agreement). Plaintiff's arguments in support of this motion are set forth herein.

### The Agreement has a Carve-Out for Injunctive Relief

Defendant's RFR, *attached hereto as* **Exhibit A,** seeks to punish, prejudice, and oppress Plaintiff in contradiction of the procedurally fair and equitable relief JAMS promises and violates the Agreement's injunctive relief carve-out that stipulates, "Neither I nor the Company *waives* the right to seek through judicial process, preliminary injunctive relief to preserve the status quo or prevent Irreparable Injury before the matter can be heard in arbitration." Nevertheless, upon Plaintiff's withdrawal, the arbitration proceeding continued and is evidenced by the Arbitrator's issuance of a subpoena for a request made by Defendant after Plaintiff's departure [1]. Additionally, the Arbitrator received multiple briefs from Defendant with arguments regarding jurisdiction, alleged delegation clauses, and immaterial and biased views regarding Plaintiffs behavior, conduct, and improprieties during arbitration that were later used in

---

[1] Plaintiff was told by JAMS Case Coordinator Louis Boney the issue was stayed and the Arbitrator deferred ruling to JAMS as indicated in Order No. 10, however arbitration continued, and the Arbitrator issued the subpoena September 28th, a day prior to NAC's Notice, in violation of JAMS Policy that requires Claimant to respond with opposition to requests from Respondent within a specified time period. Instead, the request and subpoena were fast-tracked in Plaintiff's known absence.

Order No. 10[2]. The Order also significantly contradicted JAMS Notice to All Parties that confirmed Defendant's failure to remit payment as stipulated in material breach and default of § 1281.98, the Agreement, FAA, and JAMS Rules, Policies, and Procedures. Thus, Defendant was given an unfair advantage by being able to arbitrate absent Plaintiff's participation and caused irreparable harm leading to issuance of Order No. 10 that sought retaliation against Plaintiff, held its statutory rights in disregard, disqualified delay to prejudice its request for relief, and diminished Defendant's default, material breach and waiver to undermine the legislature's intent with §1281.98. Plaintiff therefore seeks injunctive relief, given the impossibility of a return to arbitration, due to Defendant and JAMS's promise of hardship, in violation of the carve-out that provides for Plaintiff to seek injunctive relief in court and evidences the pursuit of such relief would necessitate a stay of arbitration in accordance with the stipulation versus it proceeding in Plaintiff's absence.

### **Defendant's Actions Caused Irreparable Harm, Prejudice, & Disrupt the Status Quo**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). As evidenced, in Defendant's refusal to stay the arbitration proceeding, it is imperative for the court to intervene before additional oppression, irreparable harm, and prejudice are inflicted upon Plaintiff in retaliation for exercising its statutory right to withdraw from arbitration pursuant to § 1281.98. Accordingly, "A plaintiff seeking a preliminary injunction must establish he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citation omitted) (citations omitted) and Plaintiff's claim satisfies these prerequisites.

Plaintiff a) Has the right to seek injunctive relief as evidenced in the Agreement's carve-out and is likely to succeed on the merits given the undue hardship already inflicted and promised in Defendant's RFR that seeks to subject Plaintiff to an unconscionable arbitration proceeding that violates the stipulations and contractual terms of the Agreement, b) Has demonstrated Defendant's refusal to stay the arbitration proceeding resulted in adverse actions, Notices, Orders, and communications that unfairly postured its material breach in violation of §1281.98 as a mere *technical violation* while prejudicing and denying Plaintiff's right to seek relief due to alleged mutually exclusive immaterial arbitration behaviors and issues. Thus, indicating the Arbitrator and JAMS's biases in violation of its Ethics and Professional Guidelines, Rules, and the statute, c) The hardships tip tremendously in Plaintiff's favor and are promised to increase exponentially upon return to arbitration per Defendant's RFR that alleges *withdrawal is a waiver of rights* and revokes Plaintiff's right to adequate discovery, depositions, witnesses, and testimonies critical to a fair process. Therefore, foreshadowing an unfair, prejudiced, and one-sided process in favor of Defendant upon Plaintiff's return to arbitration. Defendant's RFR undermines the idea of fairness JAMS champions, intent of the FAA, and demonstrates a *waiver of the right to arbitrate* due to it seeking deliverables in violation, material breach, and default of the Agreement, and d) An Injunction is in the public's interest because allowing the Defendant to arbitrarily assert a waiver of rights to subject Plaintiff to an unconscionable proceeding in material breach and default of the Agreement's terms undermines the foundational principles of arbitration and threaten to render it an inadequate alternative to court. So, a threat exists here that extends beyond this proceeding because it opens a pathway for employers that mandate arbitration agreements as a condition of employment to materially breach and default them in violation of state and federal laws while unfairly holding employees to a discriminatory standard of adherence they failed to meet. Meanwhile, under the rules of major arbitration centers, a litigant's choice to seek interim relief from a court will not be interpreted as a waiver of the right to arbitrate. *See*, e.g., AAA Commercial Rules 37, 38; ICDR Rule 24; ICC Article 28(2).

---

[2] The Arbitrator's continuation of the proceeding and adoption of Defendant's views and arguments as his own is problematic and indicative of bias in violation of JAMS Ethics Guidelines and Rules.

Lastly, in addition to the traditional test and prerequisites, the Ninth Circuit also applied an "alternative standard," where injunctive relief may be issued when a Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury" or that "serious questions are raised and the balance of hardships tips sharply in his favor." *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dept. of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005) (citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005))  Here, it undeniable that serious questions exist that challenge the Standards of Procedural Fairness lauded by JAMS as core competencies and founding pillars given Defendant's request for relief undermines the expressed intention and contractual promises of the Agreement and begs the question will Plaintiff, as a result of Defendant's denial of a fair and equitable arbitration, be privy to a proceeding that aligns with the Agreement and the FAA or undermine them?

Plaintiff signed the Agreement as a mandatory condition of employment with the guarantee it would not limit its ability to adequately assert claims and defenses, yet Defendant's RFR suggests otherwise. Thus, the hardships tip tremendously in Plaintiff's favor and are insurmountable if Defendant is able to deliver the promises of Order No. 10.  Meanwhile, JAMS and the Defendant possess sufficient knowledge regarding the related court action, refuse to acknowledge a stay of the arbitration proceeding, and insist Plaintiff waived its rights. However, *despite the waiver*, Defendant asserts Plaintiff must return to arbitration with a warranted handicap (not stipulated, authorized, and sanctioned in the Agreement) due to the Arbitrator's unsubstantiated claim of jurisdiction. Furthermore, prior to Defendant's material breach and Plaintiff's subsequent withdrawal, Defendant failed to comply with discovery with wholesale denial of requests for interrogatories and requests for document production despite Plaintiff producing hundreds of documents that aligned with its requests even in cases where the requested disclosures violated former and current employee privacy, Union Rules and Labor Laws, and Plaintiff's rights and privacy [3]. Nevertheless, Defendant is now attempting to further oppress Plaintiff by citing a waiver of its right to arbitrate under the terms and conditions stipulated in the Agreement in violation and material breach of mutual covenants and promises that stipulate an equitable process for both parties.

### Defendant is in Violation and Default of the FAA

The FAA determines when a party can ask a court to enforce an arbitration agreement. 9 U.S.C. §§ 1–307.
Under it, a party to a suit involving an arbitrable claim is ordinarily entitled to a stay of the litigation to allow arbitration to proceed. However, § 3 confirms a party "in default in proceeding with such arbitration" is not entitled to a stay and such is the case of Defendant.  Congress passed the FAA to establish a "liberal federal policy favoring arbitration." *AT&T Mobility LLC*, 563 U.S. at 339 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). However, the approach places the contractual obligations of the Agreement under consideration because it's a matter of contract at its core. Thus, as evidenced by the carve-out Plaintiff has a right to seek injunctive relief due to Defendant's material breach of the Agreement in default of FAA § 3.

### This Court has Jurisdiction

In conclusion, with Agreements like Plaintiff's that state "any and all issues under this contract shall be resolved by arbitration," courts have found a party can seek injunctive relief to prevent irreparable

---

[3] Although this decision is mutually exclusive to the merits of the case, Plaintiff would like permission to submit discovery furnished by both parties and decisions issued by the Arbitrator to evidence the depth of the imbalance of fairness between Plaintiff and Defendant that's persisted due to JAMS's partiality and refusal to acknowledge Plaintiff's claims' Defendant was not participating in discovery, thus oppressing Plaintiff and creating a one sided discovery where Plaintiff produced and Defendant refused in a process and venue it mandated as a mandatory condition of employment for Plaintiff.

injury, so long as it is not deciding the core issue committed by the parties to arbitration. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Bradley*, 756 F.2d 1048, 1053 (4th Cir. 1985) ("where a dispute is subject to mandatory arbitration under the FAA, a district court has discretion to grant a preliminary injunction to preserve the status quo pending the arbitration of the parties' dispute if the enjoined conduct would render that process a 'hollow formality.'")  When seeking injunctive relief that relates to an arbitrable claim, the language of the agreement must be examined to determine whether it excludes claims in which injunctive relief is sought or the remedy of injunctive relief. In either case, if the carve-out clearly applies to the type of relief sought, the court will likely decide the merits of the claim unless challenged by a delegation clause that presents sufficient argument the carve-out does not apply. Then the court must resolve the question of arbitrability before the merits of the application may be reached. Arbitrability is generally for the court to decide, unless "parties have 'clearly and unmistakably agreed' the arbitrator should..." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F3d 887 (2d Cir.2015) (quoting *Paine Webber Inc. v. Bybyk*, 81 F2d 1193, 1198-99 (2d Cir. 1996)).  A broad arbitration provision like Defendant's *any and all issues* may be construed as a "'broad grant of power to the arbitrator as to evidence the parties' clear "intent to arbitrate issues of arbitrability." *Benihana*, 784 F3d 887 (2d Cir. 2015) (citing *Shaw Grp., Inc. v. Triplefine Int'1 Corp*., 322 F.3d 115, 121 (2d Cir. 2003)).

Whereas the American Arbitration Association's (AAA) Commercial Arbitration Rule 7(a) provides "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim" and evidences a "clear and unmistakable agreement to arbitrate arbitrability." *Crawford Prof'1 Drugs, Inc.* v. *CVS Caremark Corp*., 748 F3d 249, 262 (5th Cir. 2014). Finally, JAMS Rule 11 does not designate arbitrability to the Arbitrator and instead limits its authority to decide jurisdiction and arbitrability as a preliminary matter and does not include delegation for a JAMS Arbitrator to resolve disputes regarding illegality or waiver of any mandatory arbitration provision.

It is Plaintiff's belief a declaratory judgment is appropriate and warranted at this time to determine the rights of the Parties, to mitigate the irreparable harm suffered by Plaintiff, and prevent Plaintiff from incurring unnecessary damages and attorneys' fees due to Defendant's misconduct and attempt to mandate an unconscionable and prejudiced arbitration process and hearing. Thus, Plaintiff respectfully moves for a preliminary injunction, temporary restraining order, and declaratory judgment of default and forfeiture of the right to arbitrate against Andre Balazs d/b/a/ Chateau Marmont (Defendant) and its attorneys due to the arguments argued herein.

Respectfully submitted,

Law Office of Thomas A. Farinella, PC

By: */s/Thomas A. Farinella*
Thomas A. Farinella, Esq.

260 Madison Avenue, 8th Floor
New York, New York 10016
Telephone: (917) 319-8579
tf@lawtaf.com