UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :

ADRIAN JULES,
                                  Plaintiff,       :

                                                       :                  20 Civ. 10500 (LGS)

                  -against-                :

                                                         :                       ORDER

ANDRE BALAZS PROPERTIES, et al.,           :
                                      Defendants.     :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, an Opinion and Order issued May 28, 2021, interpreted an Arbitration Agreement between the parties and stayed proceedings in this case pending completion of arbitration proceedings before JAMS in California.  On September 22, 2022, Plaintiff filed a letter seeking a lift of the stay and sanctions against Defendants, based on their alleged breach of the Agreement.  On September 30, 2022, the JAMS Arbitrator issued a decision rejecting Plaintiff's claim of breach and his attempt to withdraw from arbitration.  On October 11, 2022, Plaintiff filed a letter requesting a preliminary injunction and judgment in his favor.

      WHEREAS, an Order issued October 12, 2022 (the "October 12 Order") denied Plaintiff's requests.  It held that the Arbitrator has jurisdiction over Defendant's alleged breach of the parties' Agreement, and that the Arbitrator's September 30, 2022, decision finding no such breach or any other basis for Plaintiff to withdraw required the denial of Plaintiff's motions.

      WHEREAS, on October 25, 2022, Plaintiff filed a motion for reconsideration of the October 12 Order.  The motion makes various arguments, including that a recently-issued decision affirms Plaintiff's legal arguments and that the October 12 Order incorrectly concluded the parties' Agreement delegated the question of breach to the Arbitrator.  It further argues that the Order incorrectly refers to Defendant's breach as "alleged," that the Order erred in agreeing with the Arbitrator that Plaintiff was not entitled to withdraw from arbitration, and that Plaintiff was unable to sufficiently present his claims.

      WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party

identifies an intervening change of controlling law, the availability of new evidence, or the need to correct

a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021)

(cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court overlooked --

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

*Id.* (internal quotation marks omitted).

WHEREAS, Plaintiff argues *Espinoza v. Superior Court of Los Angeles County*, No. B314914,

2022 WL 4480057 (Cal. Ct. App. September 27, 2022), "significantly contradicts the order." As a

threshold matter, a decision of the California Court of Appeals is not "controlling law." *Cho*, 991 F.3d at

170. In any event, *Espinoza* is distinguishable. In that case, "[t]he parties d[id] not dispute that defendant

did not pay the arbitration provider's invoice within 30 days of the due date for payment." 2022 WL

4480057, at *5. Relying on that fact, the court concluded that the relevant California statute, Cal. Civ.

Proc. Code § 1281.97, concerning the payment of arbitration initiation fees, was "to be strictly applied"

and found the defendant to be in breach of the agreement. *Id.* In contrast, in this case, the parties

vigorously dispute whether Defendants timely paid the arbitration fees, and the Arbitrator has rejected

Plaintiff's arguments regarding the fees' due date. Further, because there is no dispute that Defendants

paid the initiation fees for arbitration, § 1281.97 does not apply to this case. *Espinoza* provides no basis

to reconsider the October 12 Order.

WHEREAS, Plaintiff argues that the October 12 Order incorrectly concluded that the Arbitrator

had jurisdiction over Defendant's alleged breach. He repeats prior arguments, including that the language

of the Agreement does not "clearly and unmistakably delegate[] arbitrability" to the arbitrator. These

arguments were not "overlooked" -- they were considered and rejected. Plaintiff makes other arguments

that he could have raised before and did not, such as his claim that the enactment of § 1281.98 subsequent

to the formation of the parties' Agreement renders an alleged violation of it outside the scope of arbitration.  That Plaintiff chose not to make certain arguments is not sufficient basis to reconsider the October 12 Order.

WHEREAS, Plaintiff's arguments fail on the merits regardless.  As to his argument that the Agreement did not unambiguously cover this dispute, by its clear and unmistakable text, the Agreement delegates the question of Defendant's alleged breach to the Arbitrator. Plaintiff also argues that JAMS' internal rules give employees who signed mandatory arbitration agreements as a condition of employment, such as himself, the right to pursue remedies in court when employers do not timely remit fees.  This argument fails because Defendants have paid all fees in a timely manner, as the Arbitrator found.  Finally, Plaintiff argues that § 1281.98 was enacted after the formation of the Agreement, meaning that Defendants' alleged violation of the statute cannot be covered by the "catch-all" language in the Agreement.  This argument fails because (1) Plaintiff offers no authority to support his argument, (2) the parties' broad agreement reflects the parties' mutual intention to resolve disputes through arbitration, notwithstanding subsequent developments and (3) § 1281.98 does not apply when Defendant has paid all fees in a timely manner, as discussed above.

WHEREAS, Plaintiff has presented his arguments at length, multiple times and in multiple forums.  The October 12 Order rejected these arguments.  Plaintiff provides no basis to revisit it.  It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Docket 55.

Dated: October 27, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3