**LAW OFFICE OF THOMAS A. FARINELLA, P.C.**    260 Madison Avenue, 8th Fl.
New York, NY 10016
Tel: (917) 319-8579
Fax: (646) 349-3209
www.lawtaf.com

**Thomas A. Farinella**
tf@lawtaf.com

February 10, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

*Defendants shall file a letter, not to exceed three pages, in response, no later than **February 16, 2023.** So Ordered.*

Dated: February 13, 2023
     New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

Re:   *Adrian Jules v. Andre Balazs Properties, Andre Tomes Balazs, Balazs Investors, LLC, Hotels A.B., LLC*
Case No. 1:20-cv-10500-LGS

Dear Judge Schofield:

This Firm represents the Plaintiff in connection with this matter. The Court Ordered that the "Plaintiff shall file a copy of the Final Award as soon as possible, and no later than February 8, 2023. If Plaintiff would like to file portions of the Final Award under seal, he may file a letter motion to seal pursuant to Individual Rule I.D.3." The Plaintiff requested an extension to file the motion. The Court granted the Plaintiff's extension until February 10, 2022. Additionally, the Court Ordered, "such a letter will explain why Defendants' contemplated motion to enforce the arbitral award should not be briefed at this time. If Plaintiff files such a letter, Defendants will have the opportunity to respond. If Plaintiff does not file such a letter, a briefing schedule for Defendants' contemplated motion will be entered." The Plaintiff respectfully submits this letter in response to the Court's Order.

### Request to Seal

There is a presumption of public access to anything that qualifies as a "judicial document," i.e., a "filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v Bernstein Litowitz Berger & Grossmann L.L.P.*, 814 F3d 132, 139 [2d Cir 2016], quoting *Lugosch v Pyramid Co.*, 435 F3d 110, 119 [2d Cir 2006]. The presumption is "at its strongest" when "the information at issue forms the basis of the court's adjudication." Liberty Re (Bermuda) *Liberty Re Ltd. v Transamerica Occidental Life Ins. Co.*, No. 04 Civ. 5044 (NRB), 2005 U.S. Dist. LEXIS 9774, 2005 WL 1216292, at *6 [S.D.N.Y. May 20, 2005]. This

presumption remains "strong" even where "the Court did not rely on" the documents, so long as they were "brought to the Court's attention in connection with a contested matter." *Accent Delight Intl. Ltd. v Sotheby's*, 394 F Supp 3d 399, 417 [S.D.N.Y. 2019], citing *Lugosch v Pyramid Co.*, 435 F3d 110, 121 [2d Cir 2006]. "[A]fter determining the weight of the presumption of access, the court must balance competing considerations against it" by [*9] considering "countervailing factors includ[ing] but . . . not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Mut. Mar. Off., Inc. v Transfercom Ltd.*, No. 08 Civ. 10367 (PGG), 2009 U.S. Dist. LEXIS 31739, 2009 WL 1025965, at *4 [S.D.N.Y. Apr. 15, 2009] [internal quotation marks omitted]. "The party seeking to maintain the seal carries the burden of demonstrating the need to seal." *Park Ave. Life Ins. Co. v Allianz Life Ins. Co. of N. Am.*, No. 19-CV-1089 (JMF), 2019 U.S. Dist. LEXIS 164382, 2019 WL 4688705, at *2 [S.D.N.Y. Sept. 25, 2019], citing *DiRussa v Dean Witter Reynolds, Inc.*, 121 F3d 818, 826 [2d Cir 1997].

While "[c]ourts in the Second Circuit" will allow for sealing and redaction to "protect[ ] from disclosure proprietary, sensitive, and confidential business information," the party seeking sealing must provide the court with enough clarity to determine why the information in question should be protected from disclosure. *See Adams v Adams*, 21 Misc 396 [N.Y. Sup. Ct. 1897] [LGS], *Markowitz v Kbi Servs.*, No. 21-mc-00397-LGS, 2021 U.S. Dist. LEXIS 195281, 2021 WL 4555833, at *2 [S.D.N.Y. Oct. 5, 2021].

The Final Award contains an enormous amount of information about the Plaintiff's mental and physical health because it was an underlying issue throughout the arbitration. The Final Award has intertwined these issues throughout the entire decision, so much so that merely redacting would not be an appropriate remedy. Additionally, the Final Award should be kept confidential but it awards sanctions to the Defendant of which can be used to exploit the result in the media or public. Nevertheless, at this point the Final Award must be part of the motion to confirm the award. Plaintiff requests that the Final Award be filed with the motion. Additionally, a recent development is that the Plaintiff has reached out the Defendant to discuss resolution of the matter which would include confidentiality agreement and general releases and a public disclosure of the award could hamper the ability to resolve the matter.

### **Motion to Confirm**

Plaintiff's Petition in Los Angeles Superior Court, Case No. 22STCP04507, seeks relief that will potentially render the arbitration award obsolete. Therefore, the Plaintiff respectfully submits that waiting for the California litigation to conclude is appropriate where there is a strong probability the issues necessary to a determination of the action would be concluded, in whole or in part, in the other proceeding and this condition applies here. *Federal ins. Fed. Ins. Co. v Superior Ct.*, 60 Cal App 4th 1370, 1373 [1998]; *Belnap Frgt. Lines, Inc. v Petty*, 46 Cal App 3d 159, 164 [1975].

Additionally, JAMS established, "the applicable substantive law controlling the arbitration as Federal Law and the law of the State of California" since the arbitration is a California Proceeding. Therefore, a confirmation of the final award should be issued pursuant to the Federal Arbitration Act and California Arbitration Act (CAA). However, Defendant seeks to confirm the award pursuant to FAA despite Plaintiff having the right to petition for vacatur pursuant to the CAA.

In conclusion, it is Plaintiff's greatest hope that this court will consider the facts stated herein to allow Plaintiff to petition for a vacatur of the final award and deny confirmation pursuant to FAA Section 9, or in the alternative stay the proceeding.

Thank you for considering Plaintiff's request.

Respectfully submitted,

Dated: February 10, 2023
New York, New York

Law Office of Thomas A. Farinella, PC

By:  /s/Thomas A. Farinella
Thomas A. Farinella, Esq.

Thomas A. Farinella
260 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:  (917) 319-8579
tf@lawtaf.com

*Attorney for Plaintiff*