```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ADRIAN JULES,                                               :
                              Plaintiff,                    :
                                                            :    20 Civ. 10500 (LGS)
                 -against-                                  :
                                                            :          ORDER
ANDRE BALAZS PROPERTIES, et al.,                            :
                              Defendants.                   :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Opinion and Order issued May 28, 2021, interpreted an Arbitration Agreement between the parties and stayed proceedings in this case pending completion of arbitration proceedings before JAMS in California, pursuant to the Federal Arbitration Act. On February 3, 2023, the parties filed a joint status letter stating that the Arbitrator issued a Final Award on January 17, 2023 in favor of Defendants.

WHEREAS, on February 10, 2023, Plaintiff filed a letter motion seeking to file the Final Award entirely under seal and requesting that no briefing schedule regarding Defendants' anticipated motion to confirm the Final Award be entered pending resolution of parallel proceedings in California. On February 16, 2023, Plaintiff filed an amended version of this letter motion. On February 16, 2023, Defendants filed a letter opposing both of Plaintiff's requests.

WHEREAS, the Final Award has been publicly filed in the California state court litigation.

WHEREAS, under 9 U.S.C. § 12, "[n]otice of a motion to vacate, modify, or correct an award must be served . . . within three months after the award is filed or delivered." "[A] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984); *accord Kaplan v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 22 Civ. 1333, 2022 WL

2110391, at *2 (S.D.N.Y. June 10, 2022).  It is hereby

**ORDERED** that Plaintiff's motion to seal is **DENIED**.  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential [information] may have been beforehand, subsequent to publication it was confidential no longer. . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again. The genie is out of the bottle . . . ."); *accord United States v. Koretskyy*, No. 12 Crim. 439, 2021 WL 21562599, at *2 (S.D.N.Y. May 27, 2021).  It is further

**ORDERED** that the parties shall brief Defendants' motion to confirm the arbitral award on the following schedule:

By **March 10, 2023**, Defendants shall file their motion.  Any memorandum of law filed in support of the motion shall not exceed fifteen pages.

By **March 31, 2023**, Plaintiff shall file any opposition, not to exceed fifteen pages.

By **April 7, 2023**, Defendants may file a reply, not to exceed six pages.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 61, 70, 71 and 73, and to unseal the document at Dkt. 71.

Dated: February 17, 2023
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**