# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL IS:  (631) 247-4650
MY EMAIL ADDRESS IS:  HEATHER.HULKOWER@JACKSONLEWIS.COM

February 24, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

        Re:   *Adrian Jules v. Andre Balazs Properties, Andre Tomes Balazs, Balazs Investors, LLC, Hotels A.B., LLC*
              Case No. 1:20-cv-10500-LGS

Dear Judge Schofield:

      This Firm represents the Defendants in connection with this matter.  Defendants hereby respond to Plaintiff's request for leave to file a motion to vacate the Final Award [Dkt. No. 77].

      On February 17, 2023, this Court set a briefing schedule for Defendants' motion to confirm the Final Award.  Incorporated in that briefing schedule is an opportunity for Plaintiff to file an opposition to the motion to confirm the Final Award. Under established law in this District and in the Second Circuit, Plaintiff's opposition to the motion to confirm the Final Award can be construed by this Court as a motion to vacate the Final Award.  *See United House of Prayer v. L.M.A. International, Ltd.*, 107 F.Supp.2d 227, 228 (S.D.N.Y. 2000) ("Respondent opposes confirmation of the Award, and is understood by this Court to cross-move to vacate the Award pursuant to Section 10 of the FAA."); *see also The Hartbridge*, 57 F.2d 672 (2d Cir. 1932) ("Upon a motion to confirm the party opposing confirmation may apparently object upon any ground which constitutes a sufficient cause under the statute to vacate, modify, or correct, although no such formal motion has been made.").  Accordingly, Plaintiff may oppose the motion to confirm with the same legal theories and arguments as his requested motion to vacate the Final Award.  Thus, there is no reason to duplicate proceedings by allowing parallel motions to confirm the Final Award and vacate the Final Award.

      In addition, Plaintiff requests leave to conduct discovery and to hold an evidentiary hearing.  He does not specify what discovery he might need, the basis for that discovery, or what evidence he believes this Court must consider at an evidentiary hearing.  This Court should deny Plaintiff's request given his failure to meet his heavy burden to obtain discovery in a vacatur

proceeding. *See Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898-99 (2d Cor. 1991) (recognizing that post-arbitral discovery is available only in limited circumstances here relevant and necessary to issues raised in vacatur motion). Further, to the extent Plaintiff is requesting discovery or an evidentiary hearing as to the Arbitrator's purported bias (*see* Dkt. No. 77, p. 2), he has failed to meet his burden. It is established law in the Second Circuit that "clear evidence of impropriety" must be presented "before granting post-award discovery into potential arbitrator bias." *Lucent Technologies Inc. v. Tatung Co.*, 379 F.3d 24, 32 (2d Cir. 2004) (citing *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 702 (2d Cir. 1978)); *see also Canadian Aviation Simulator Services, Inc. v. Thales Training and Simulation, Ltd.*, No. 06 Civ.1911(SAS), 2006 WL 1975932, at *6 (S.D.N.Y. July 13, 2006) (denying request for evidentiary hearing where requesting party "made no showing of impropriety on [arbitrator's] part").

      Accordingly, Defendants respectfully submit that Plaintiff's request to file a motion to vacate the Final Award be denied. Defendants further respectfully submit that Plaintiff's request to conduct post-award discovery or hold an evidentiary hearing be denied.

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Heather L. Hulkower*

David S. Greenhaus, Esq.
Heather L. Hulkower

DSG/laf
4886-3626-5810, v. 1