**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

# JacksonLewis

My Direct Dial is:  (631) 247-4658
My Email Address is:  David.Greenhaus@jacksonlewis.com

March 10, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
U.S. District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1106
New York, NY 10007

> Re:  *Adrian Jules v. Andre Balazs Properties, Andre Tomes Balazs, Balazs Investors, LLC, Hotels A.B., LLC*
> Case No. 1:20-cv-10500-LGS

Dear Judge Schofield:

Defendants submit this letter in accordance with the Court's March 6, Order and to advise the Court that the parties, and Mr. Farinella, met and conferred via Teams conference calls earlier this week to discuss settlement.  Defendants are not submitting this letter jointly because Plaintiff indicated an intent to make a filing himself and Mr. Farinella, in our view, unreasonably objected to a portion of this letter when sent to him for his review and contribution.

Paula Weber, of Pillsbury Winthrop Shaw Pittman, who is the attorney who represented Defendants at the arbitration, and represents the Real Parties in Interest in proceedings filed by Adrian Jules in Los Angeles Superior Court, arranged for Plaintiff, Mr. Farinella, and Ms. Weber to meet and confer regarding settlement via a Teams call on March 7, 2023 at 1:00 PST. Ms. Weber, of course, was not engaging in the unauthorized practice of law.  Rather, this Court ordered **the parties** to engage in settlement discussions. [Dkt. No. 80.]  Ms. Weber participated as the authorized representative of the Defendants for purposes of discussing settlement.  During the call, Plaintiff objected to proceeding without the undersigned.  As a result, the call was concluded.

Ms. Weber thereafter arranged for a call on March 8, 2023 at 1:30 PM PST via Teams to discuss settlement. Mr. Farinella, Ms. Weber, the undersigned and Plaintiff attended. In response to Mr. Jules' questioning, both Ms. Weber and I assured Plaintiff we both had authority to represent Defendants in settlement discussions.  No agreement to settle was reached and both the undersigned and Ms. Weber categorically deny any suggestion made by Plaintiff either of us

acted improperly, unethically or "aloof".[1]  With respect to this submission, Plaintiff advised he wished either to effectuate the filing himself on behalf of all parties or, in the alternative, that he would file his own, separate letter.  We advised Plaintiff in that case to file his own letter, which he did earlier today.

At yesterday's meeting, Plaintiff rejected a settlement offer that Defendants had made, at Mr. Farinella's suggestion, on February 15, 2023.[2]  Defendants do not anticipate the parties reaching a settlement in this matter and, in fact, it is our sense at that any direction by the Court that the parties should act jointly – whether via written submission or direct communication – is proving only to be counterproductive.

We thank the Court for its attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

*David S. Greenhaus*

David S. Greenhaus, Esq.
Heather L. Hulkower, Esq.

DSG/

4867-5215-8038, v. 2

---

[1] We of course can provide additional detail for the Court at the Court's request.

[2] On March 3, 2023, Plaintiff filed an *ex parte* application for a temporary restraining order in the Los Angeles Superior Court that sought to enjoin this Court from conducting further proceedings, which the Los Angeles Superior Court denied on March 6, 2023.  In that application, Plaintiff asserted that the Defendants used the February 15, 2023 settlement offer to intentionally create a conflict of interest between himself and Mr. Farinella that resulted in Mr. Farinella withdrawing from this action.  However, the offer was similar to an offer made by Mr. Farinella on behalf of Plaintiff the previous week.  In addition, Defendants' counsel in the Los Angeles Superior Court action submitted a declaration in opposition to the *ex parte* application stating that Mr. Farinella expressly requested that this settlement offer be made by Defendants.  This is another area in which we can provide additional detail, including the relevant filings from Plaintiff's *ex parte* application in the Los Angeles Superior Court, at the Court's request.