**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

ADRIAN JULES,

                        Plaintiff,

          -against-

ANDRE BALAZS PROPERTIES, et al.,

                    Defendants.

-------------------------------------------------------------x

20 Civ. 10500 (LGS)

<br>

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CONFIRM THE ARBITRATION AWARD</u>

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................................. 1

    1.    The Arbitration Agreement Between Plaintiff And The Chateau Marmont ............ 1

    2.    Plaintiff's Bad Faith Attempt To Amend His Complaint ......................................... 2

    3.    Respondent's Request for Sanctions ...................................................................... 3

    4.    Plaintiff's Failed Attempt To Withdraw From Arbitration Pursuant To
        Section 1281.98 And Refusal To Comply With Discovery Orders ......................... 4

    5.    Plaintiff's Failure To Present Any Evidence At Arbitration .................................... 7

    6.    The Final Award ..................................................................................................... 9

LEGAL STANDARD ......................................................................................................... 10

ARGUMENT ..................................................................................................................... 11

    1.    The Final Award Should Be Confirmed ................................................................ 11

    2.    Plaintiff And Mr. Farinella Cannot Establish Any Basis For This Court To
        Vacate Or Modify The Final Award ...................................................................... 11

        A.    The Arbitrator did not exceed his powers by rejecting Plaintiff's
            attempt to withdraw pursuant to Section 1281.98 ............................... 12

        B.    The Arbitrator is not guilty of misconduct for denying Plaintiff's
            request to postpone the arbitration hearing ......................................... 12

        C.    The Arbitrator did not exceed his powers by issuing sanctions against
            Plaintiff and Mr. Farinella ................................................................... 13

        D.    There is no conflict of interest between the Arbitrator and Plaintiff's
            mental services provider ...................................................................... 14

CONCLUSION ................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Bak v. MCL Financial Group, Inc.*,
    170 Cal.App.4th 1118 (Cal. Ct. App. 2009) ..........................................................................14

*Bisnoff v. King*,
    154 F.Supp.2d 630 (S.D.N.Y. 2001)...............................................................................12, 13

*Citigroup, Inc. v. Abu Dhabi Inv. Auth.*,
    776 F.3d 126 (2d Cir. 2015)...................................................................................................10

*D.H. Blair & Co., Inc. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)..............................................................................................10, 11

*Dekker v. Vivint Solar, Inc.*,
    No. 20-16584, 2021 WL 4958856 (9th Cir. 2021) ................................................................12

*Euromarket Designs, Inc. v. McGovern & Co., LLC*,
    No. 08 Civ. 7908, 2009 WL 2868725 (S.D.N.Y. Sept. 3, 2009) ...........................................13

*Landy Michaels Realty Corp. v. Local 32B-32J Serv. Employees Int'l*,
    954 F.2d 794 (2d Cir. 1992)...................................................................................................10

*Ottawa Office Integration Inc. v. FTF Business Systems, Inc.*,
    132 F.Supp.2d 215 (S.D.N.Y. 2001)...............................................................................12, 13

*Pacheco v. Beverage Works NY, Inc.*,
    No. 14-CV-5763, 2016 WL 8711094 (E.D.N.Y. Sept. 30, 2016) .........................................10

*Polin v. Kellwood Co.*,
    103 F.Supp.2d 238 (S.D.N.Y. 2000).....................................................................................14

*Rich v. Spartis*,
    516 F.3d 75 (2d Cir. 2008).....................................................................................................10

*STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*,
    648 F.3d 68 (2d Cir. 2011).....................................................................................................11

*Wall Street Assocs., L.P. v. Becker Paribas Inc.*,
    27 F.3d 845 (2d Cir. 1994).....................................................................................................10

*Wallace v. Buttar*,
    378 F.3d 182 (2d Cir. 2004)..............................................................................................10, 12

Statutes and Codes

United States Code
    Title 9, Section 9 ................................................................................................................11
    Title 9, Section 10 .......................................................................................................10, 11
    Title 9, Section 11 ...............................................................................................................11

California Code of Civil Procedure
    Section 1281.98............................................................................................................4, 5, 12

Rules and Regulations

JAMS Employment Arbitration Rules
    Rule 25 ..............................................................................................................................1, 11
    Rule 29 ..............................................................................................................................3, 14

## PRELIMINARY STATEMENT

Defendants Andre Tomes Balazs, Andre Balazs Properties, Balazs Investors LLC, and HotelsAB LLC (collectively "Defendants"), and Chateau Holdings, Ltd. ("Respondent" or the "Chateau Marmont"), by and through their attorneys, respectfully submit this Memorandum of Law in support of their Motion to Confirm Arbitration Award. As explained in greater detail below, the parties agreed to final and binding arbitration of the claims asserted in this case; the arbitration was conducted and an award was issued which resolved all claims in favor of Respondent; and Defendants and Respondent now seek to confirm the award, have judgment entered thereon, and to have this case dismissed with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A detailed recitation of the procedural history and findings can be found in the Final Award.  (*See* Declaration of Alekzandir Morton ("Morton Decl."), Ex. A, pp. 2-11.)  In addition, relevant portions of the factual and procedural history are included herein.

1. <u>The Arbitration Agreement Between Plaintiff And The Chateau Marmont</u>

On May 3, 2017, Plaintiff entered into an arbitration agreement with Respondent. [Dkt. No. 19, Ex. A.]  The arbitration agreement states: "[T]he arbitrator's award will be final and binding on both parties."  [Dkt. No. 19, Ex. A.]  In addition, Rule 25 of the JAMS Employment Arbitration Rules (which were incorporated by reference into Plaintiff's arbitration agreement) states in relevant part:  "The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof."

Plaintiff filed a Complaint against Defendants (none of whom employed him) in this Court on December 11, 2020 alleging sixteen causes of action arising from his employment at the Chateau Marmont.  [Dkt. No. 1.]  He did not name the Chateau Marmont as a defendant.  On May 28, 2021, after Defendants moved to compel arbitration, this Court issued a stay pending the

completion of any arbitration pursuant to the arbitration agreement. [Dkt. No. 30.]

    2.  <u>Plaintiff's Bad Faith Attempt To Amend His Complaint</u>

        Plaintiff filed a Demand with JAMS on August 3, 2021.  (Morton Decl., Ex. A, p. 2.)  A preliminary hearing was held on January 27, 2022 during which Plaintiff agreed to dismiss Defendants from the arbitration and instead substitute the Chateau Marmont as the sole respondent.  (*See* Morton Decl., Ex. B.)  Following the preliminary hearing, the Arbitrator issued Order No. 2 Re: Report of Preliminary Hearing and Scheduling, in which he set the hearing on the merits to begin on December 5, 2022.  (*Id*., ¶ 12(a).)  He further set the deadline for Respondent to pay arbitration fees as 60 days in advance of the hearing, *i.e.* October 6, 2022.  (*Id*., ¶ 14(b).)  Plaintiff never objected to these provisions.  (Morton Decl., ¶ 5.)

        On June 14, 2022, Plaintiff requested leave to file a motion to amend his compliant to add claims against Andre Balazs despite the fact that his initial Complaint contained no allegations against Mr. Balazs individually and he had already stipulated to dismissal of Mr. Balazs from the arbitration.  (*See* Morton Decl., Ex. A, pp. 3-4.)  Respondent expressed concerns that Plaintiff was seeking to add Mr. Balazs solely so that he could circumvent California's "apex deposition" rule.  (*Id*.)  On June 15, 2022, the Arbitrator issued Order No. 5 Re: Claimant's Request for Relief, which granted Plaintiff leave to file a motion to amend his complaint limited to (1) deleting claims that had been dismissed; and (2) adding facts underlying any claim that Plaintiff can state against Mr. Balazs individually.  (*See* Morton Decl., Ex. C.)  However, the Arbitrator warned:  "If it is later established by clear and convincing evidence that Claimant had no good faith basis for alleging claims against Mr. Balazs, the Arbitrator will entertain a motion from Respondent to tax costs with respect to these joinder proceedings."

        On July 12, 2022, Plaintiff filed his motion to amend.  (Morton Decl., ¶ 8.)  Rather than comply with Order No. 5, Plaintiff sought leave to: (1) change key details from his prior

allegations; (2) add six additional entities as respondents (three of which were previously dismissed); (3) assert allegations against Mr. Balazs that have nothing to do with Plaintiff and of which Plaintiff had no personal knowledge, most of which were taken from news publications; (4) add four new causes of action based on purported wage and hour violations that had nothing to do with Mr. Balazs; and (5) add two causes of action that were previously dismissed by the Arbitrator without leave to amend. (Morton Decl., ¶ 8.) On August 25, 2022, the Arbitrator issued Order No. 7 Denying Claimant's Motion to Amend, in which he found "by clear and convincing evidence that there was no good faith basis for the proposed amendment." (*Id*., p. 4.)

   3.   <u>Respondent's Request for Sanctions</u>

Respondent moved to tax costs on August 25, 2022 pursuant to Order No. 5. (Morton Decl., Ex. A, p. 5.) On September 2, 2022, the Arbitrator issued Order No. 8 Re: Respondent's Motion to Tax Costs in which he converted the motion to tax costs into a request for sanctions pursuant to Rule 29 of the JAMS Employment Arbitration Rules. (*See* Morton Decl., Ex. E.) The Arbitrator requested further briefing from Respondent as to the amount of sanctions that should be awarded and whether it should be borne by Plaintiff or his counsel or both. He then gave Plaintiff two weeks to respond to any briefing submitted by Respondent. (*See id*.)

On September 6, 2022, Respondent responded to Order No. 8 and requested sanctions in the amount of $11,416.50 against Plaintiff and $23,026.50 against Plaintiff's counsel, Thomas A. Farinella; these amounts represented the attorneys' fees incurred by Respondent in responding to Plaintiff's motion to amend. (*Id*.) That same day, Mr. Farinella emailed the Case Manager and requested a stay of the matter because Plaintiff "recently had emergency surgery due to a collapsed lung triggered by stress."[1] (Morton Decl., ¶ 13.) On September 8, 2022, the

---

[1] Plaintiff later submitted medical notes that revealed that the surgery had already taken place and Plaintiff had been discharged more than two weeks prior to Plaintiff's request for a stay. (*See* Morton Decl., Ex. A, p. 5.)

Arbitrator issued Order No. 9 Re: Claimant's Request for a Continuance, in which he denied Plaintiff's request for a stay and ordered him to meet and confer with Respondent regarding any extensions of deadlines that were necessary due to his health; if the parties could not agree on any relief, Plaintiff was ordered to make another request to the Arbitrator.  (*See* Morton Decl., Ex. F.) Plaintiff was further reminded that his deadline to respond to Respondent's request for sanctions was September 20, 2022.  (*See id*.)  However, Plaintiff never filed a response.

Respondent's counsel then attempted to meet and confer with Mr. Farinella as ordered by the Arbitrator.  (Morton Decl., ¶ 14.)  However, Mr. Farinella repeatedly postponed these meet-and-confer efforts by stating he had not been able to confer with Plaintiff as a result of Plaintiff's "medical condition."  (*Id*.)  Despite his purported inability to communicate with Plaintiff, beginning September 16, 2022, Mr. Farinella (presumably with Plaintiff's permission) filed a series of requests and motions seeking to withdraw Plaintiff's claims from arbitration pursuant to California Code of Civil Procedure § 1281.98 ("Section 1281.98").

4.  <u>Plaintiff's Failed Attempt To Withdraw From Arbitration Pursuant To Section 1281.98 And Refusal To Comply With Discovery Orders</u>

On September 16, 2022, Plaintiff filed a letter with the Arbitrator purporting to withdraw from arbitration pursuant to Section 1281.98 by claiming that Respondent had failed to timely pay an invoice for hearing fees that had been issued on August 5, 2022 (the "Withdrawal Letter").  (*See* Morton Decl., Ex. G.)  This letter ignored that JAMS and the Arbitrator had repeatedly told the parties (even prior to issuing the invoice on August 5) that hearing fees were due on October 6, 2022, and Plaintiff never objected to those communications or orders despite having the opportunity to do so.  (Morton Decl., ¶ 15.)  After submitting the Withdrawal Letter, Plaintiff and Mr. Farinella refused to meet and confer regarding discovery in the arbitration despite being ordered by the Arbitrator to do so.  (Morton Decl., ¶ 16.)  Respondent's counsel even offered

to Mr. Farinella to stipulate that it would not argue that Plaintiff waived any right he had to withdraw pursuant to Section 1281.98 by participating in the ordered meet and confer.  (*Id*.)

On September 23, 2022, Plaintiff filed a request with this Court to lift the stay of litigation so that he could proceed with his claims in this Court on the basis that he purportedly withdrew from arbitration pursuant to Section 1281.98.  [*See* Dkt. No. 43.]  On September 26, 2022, this Court ordered Defendants to file a response by September 30, 2022.  [*See* Dkt. No. 44.]  Accordingly, Respondent filed a request with the Arbitrator seeking an expedited ruling regarding Plaintiff's attempt to withdraw from arbitration on September 29, 2022.  (*See* Morton Decl., Ex. H.)  In that request, Respondent argued that the arbitration agreement delegates to the Arbitrator the authority to rule on whether Respondent was in material breach pursuant to Section 1281.98.  (*See id*.)  Respondent further argued that Plaintiff had consented to an extension of time for the payment of arbitration fees pursuant to Section 1281.98(a)(2).  (*See id*.)

On September 30, 2022, the Arbitrator issued Order No. 10 Re: Claimant's Notice of Withdrawal.  (*See* Morton Decl., Ex. I.)  In Order No. 10, the Arbitrator found that the arbitration agreement, and its incorporation of the JAMS Rules, granted him the jurisdiction to determine whether Respondent was in material breach of the arbitration agreement.  (*See id*., p. 2.)  The Arbitrator further found that Plaintiff had agreed to an extension for payment of hearing fees to October 6, 2022, and thus Plaintiff could not withdraw pursuant to Section 1281.98 because Respondent had not untimely paid fees.  (*See id*., p. 3.)  The Arbitrator further observed:  "[The Withdrawal Letter] is entirely consistent with Claimant's (or his counsel's) unfortunate, vexatious conduct in this arbitration, which has only served to impede an orderly and fair hearing of Claimant's claims on the merits. . . . If Claimant is consequently unable to discharge his burden of proof at the appointed time because he has failed to take adequate discovery within the time

remaining or failed to appear at the Hearing, that will be because of Claimant's own (misguided) choice to withdraw." (*Id*., p. 4.)  Defendants filed their response in this Court to Plaintiff's request on September 30, 2022 and incorporated the Arbitrator's ruling from Order No. 10.  [Dkt. No. 46.]

      Order No. 10 further ordered Plaintiff to (1) appear for two days of deposition by no later than October 10, 2022; (2) provide a list of witnesses he intended to depose by no later than October 7, 2022; and (3) provide a release of medical records pertaining to injuries that he attributed to Respondent in his Complaint.  (*Id*., pp. 4-5.)  But rather than comply with his discovery obligations in arbitration, Plaintiff sought further relief in this Court.  On September 30, 2022, he requested leave to file a reply in support of his request to lift the stay [Dkt. No. 47], which this Court granted [Dkt. No. 48].  On October 6, 2022, Plaintiff filed his reply.  [Dkt. No. 49.] However, Plaintiff refused to comply with Order No. 10 during this time.  (*See* Morton Decl., ¶ 19.)  Accordingly, Respondent filed a request for discovery sanctions with the Arbitrator on October 10, 2022.  (*Id*.)  Plaintiff's deadline to respond was October 17, 2022.

      Plaintiff did not respond to the request for discovery sanctions, but instead made the decision to file further meritless motions with this Court.  On October 11, 2022, Plaintiff filed a motion for injunctive relief with this Court seeking an order enjoining Respondent and JAMS from proceeding with the arbitration.  [Dkt. No. 50.]  On October 12, 2022, this Court denied Plaintiff's motion to lift the stay and motion for injunctive relief.  [Dkt. No. 52.]  Specifically, the Court found that the arbitration agreement delegated to the Arbitrator—rather than this Court— the authority to determine whether a party breached the arbitration agreement.  [Dkt. No. 52.]

      Plaintiff declined to file any response to Respondent's request for discovery sanctions.  (Morton Decl., ¶ 19.)  Accordingly, the Arbitrator scheduled a telephonic conference on October 19, 2022 in order to discuss the discovery sanctions requested by Respondent.  (*See*

Morton Decl., Ex. J.)  During this telephonic conference, and at Plaintiff's request, the Arbitrator gave Plaintiff another opportunity to respond by October 26, 2022.  (*See id.*)  The Arbitrator further ordered Plaintiff to meet and confer with Respondent regarding the discovery disputes.  (*See id*.)

Plaintiff chose not to respond to the request for discovery sanctions or meet and confer with Respondent.  (Morton Decl., ¶ 20.)  He did, however, file a motion for reconsideration on October 25, 2022 in this Court.  [Dkt. No. 55.]  Defendants opposed the motion on October 27, 2022 [Dkt. No. 56], and this Court denied it that same day [Dkt. No. 57].  Because Plaintiff once again failed to comply with his discovery obligations, the Arbitrator issued Order No. 13 Granting in Part, and Denying in Part, Respondent's Preclusion Requests on October 28, 2022, in which the Arbitrator issued certain discovery sanctions against Plaintiff.  (*See* Morton Decl., Ex. K.)

5.  <u>Plaintiff's Failure To Present Any Evidence At Arbitration</u>

Pursuant to an order from the Arbitrator, Respondent scheduled Plaintiff's deposition to take place for two days starting on November 29, 2022.  (Morton Decl., ¶ 21.) However, on the morning of November 29, 2022, Mr. Farinella contacted counsel for Respondent and stated: "I have just been informed that my client is in the hospital."[2]  (*Id*.)  Mr. Farinella then canceled the scheduled deposition.  (*Id*.)  Telephonic conferences were held with the Arbitrator on November 30 and December 1, 2022, during which Plaintiff's counsel for the first time stated he did not believe that Plaintiff was medically fit to testify or attend the arbitration hearing.  (*See* Morton Decl., Ex. A, p. 9.)  However, Mr. Farinella failed to provide sufficient documentation from a medical provider to support this claim.  (*Id*.)  Accordingly, the Arbitrator issued Order No. 18 requiring Plaintiff to submit sufficient medical documentation by December 2, 2022 such that the Arbitrator could determine whether the assertions about Plaintiff's medical condition were

---

[2] Documents subsequently provided by Plaintiff establish that he had been discharged from the hospital more than an hour prior to Mr. Farinella making this statement to Respondent's counsel.  (*See* Morton Decl., Ex. A, p. 12.)

credible or serious enough to warrant postponing the arbitration hearing.  (*Id*.)

On December 2, Mr. Farinella submitted eighteen pages of documentation to the Arbitrator.  (*Id*.)  However, the Arbitrator found this documentation to be insufficient to establish that a postponement of the long-scheduled arbitration hearing was warranted.  (*Id*.)  A detailed analysis of these documents can be found in the Final Award.  (*See id*., pp. 9-13.)  Nevertheless, and in yet another attempt to give Plaintiff another opportunity to respond, the Arbitrator ordered Plaintiff to appear via Zoom for a special hearing on the morning of December 5 so that Plaintiff could testify as to his medical condition and the need for a postponement.  (*Id*., p. 10.)

Plaintiff failed to appear for the special hearing on December 5.  Instead, Mr. Farinella appeared and informed the Arbitrator that Plaintiff was hospitalized; however, Mr. Farinella later revealed that Plaintiff admitted himself to the hospital within hours of being directed to appear at the hearing, had been discharged from the hospital on December 4, with medical notes suggested that Plaintiff was not suffering from a serious health problem.  (*See* Morton Decl., Ex. L.)  Following Plaintiff's failure to appear at the special hearing and disclosure of hospital records, the Arbitrator issued Order No. 20 Re: Special Hearing, in which he found that Plaintiff had failed to establish good cause to postpone the arbitration hearing.  (*Id*.)  He further ordered that the arbitration hearing would commence that same day as previously scheduled.  (*Id*.)[3]

Respondent's counsel and Mr. Farinella appeared at the arbitration hearing; Plaintiff did not.  (Morton Decl., Ex. A, p. 10.)  Respondent's former General Manager, who had been designated as Plaintiff's first witness, was available and ready to be questioned. When asked to proceed with his opening statement, Mr. Farinella stated he could not do so because Plaintiff was not in attendance.  (*Id*.)  The Arbitrator then asked Mr. Farinella if he had provided Plaintiff

---

[3] Despite repeated discovery orders, Plaintiff never appeared at deposition.  The Arbitrator ruled that this alone would not result in an order precluding Plaintiff from testifying at the Arbitration. Cite

with the Zoom dial-in information, to which Mr. Farinella responded he had not.  (*Id*.)  After an adjournment so that Mr. Farinella could send the dial-in information, Plaintiff briefly appeared via Zoom.  (*Id*..)  Plaintiff "did not appear unwell or unable to communicate."  (*Id*., p. 15.)  The Arbitrator then asked Mr. Farinella to proceed with opening statements; Mr. Farinella refused to do so.  (*Id*., p. 10.) The Arbitrator also suggested that Mr. Farinella begin with his cross examination of Respondent's former General Manager, who was designated as his first witness in pre-hearing filings, but Mr. Farinella refused to do so.  (Morton Decl., ¶ 24.)  The Arbitrator then adjourned the arbitration hearing after announcing that he would be finding in favor of Respondent on all causes of action because Plaintiff failed to discharge his burden of proof.

6.  The Final Award

The Arbitrator issued the Final Award on January 17, 2023 after providing the parties to submit any clerical corrections to an Interim Award that had been issued on December 19, 2023.  (*See* Morton Decl., Ex. A.)  The Arbitrator made multiple factual findings in the Final Award relevant to this Motion, including: (1) Plaintiff was not suffering from any medical condition serious enough to warrant postponing the arbitration hearing; (2) Plaintiff's and Mr. Farinella's reasons for refusing to commence the hearing were unjustified and not credible; and (3) Plaintiff failed entirely to discharge his burden of proof because he did not submit any evidence whatsoever to support his claims.  (*Id*.)  The Arbitrator found for Respondent on all causes of action, and he further awarded sanctions against Plaintiff in the amount of $11,416.50 and against Mr. Farinella in the amount of $23,026.50.  (*Id*., p. 19.)  In granting these sanctions, the Arbitrator observed: "[T]he extent of vexatious conduct by [Plaintiff] and his counsel in this case is beyond unusual—it exceeds that found in any of the hundreds of other cases to which I have been appointed as an arbitrator."  (*Id*., p. 18.)

## LEGAL STANDARD

"Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008).  The Federal Arbitration Act (FAA) creates a "strong presumption in favor of enforcing arbitration awards" and courts have an "extremely limited" role in reviewing such awards.  *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994).  "[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992).  "The Court may not disturb the Arbitrator's credibility or factual findings, even when it may disagree with the credibility determination, because it may not reassess the evidentiary record."  *Pacheco v. Beverage Works NY, Inc.*, No. 14-CV-5763, 2016 WL 8711094, at *5 (E.D.N.Y. Sept. 30, 2016) (citing *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004)).

Ordinarily, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015).  The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or correct."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006 (quoting 9 U.S.C. § 9)).

The FAA provides that an arbitration award may be vacated in only four instances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators …; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown …; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite

award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).  The party seeking to "vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011).

## **ARGUMENT**

1. The Final Award Should Be Confirmed

Under the FAA, the Court must issue an order confirming an arbitration award upon a party's timely request unless the Court orders that the award be vacated, modified, or corrected. 9 U.S.C. § 9; *D.H. Blair & Co., Inc.*, 462 F.3d at 110.  In addition, Rule 25 of the JAMS Employment Arbitration Rules (which were incorporated by reference into Plaintiff's arbitration agreement) states in relevant part:  "The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof."  Here, the Arbitrator entered a Final Award on January 17, 2023 finding for Respondent on all causes of action and issuing sanctions against Plaintiff and Mr. Farinella.  As explained below, Plaintiff and Mr. Farinella cannot establish any basis for this Court to vacate or modify the Final Award.  Accordingly, the Final Award should be confirmed.

2. Plaintiff And Mr. Farinella Cannot Establish Any Basis For This Court To Vacate Or Modify The Final Award

The FAA provides narrow grounds on which an award can be modified or vacated. *See* 9 U.S.C. §§ 10, 11.  Plaintiff and Mr. Farinella have the burden of proof to vacate or modify the award, and the showing required is "very high."  *STMicroelectronics, N.V.*, 648 F.3d at 74. While Plaintiff and Mr. Farinella have not yet filed a motion to vacate the Final Award, they have signaled various grounds on which they intend to base that motion.  However, they cannot meet their "very high" burden.

   A.    *The Arbitrator did not exceed his powers by rejecting Plaintiff's attempt to withdraw pursuant to Section 1281.98*

Defendants anticipate that Plaintiff will attempt to vacate the Final Award on the purported basis that the Arbitrator exceeded his powers by determining that Respondent was not in material breach of the arbitration agreement pursuant to Section 1281.98.  This issue has previously been extensively briefed by the parties, and this Court has rejected Plaintiff's argument twice.  [Dkt. No. 52; Dkt. No. 57.]  There is no reason to revisit those decisions now.

Specifically, this Court has already found that "the Arbitrator has jurisdiction over Defendant's alleged breach of the parties' agreement" because the arbitration agreement delegates that authority to the Arbitrator.  [*See* Dkt. No. 52 (citing *Dekker v. Vivint Solar, Inc.*, No. 20-16584, 2021 WL 4958856, at *1 (9th Cir. 2021)).]  As explained in Order No. 10, the Arbitrator made a factual determination that Plaintiff consented to having hearing fees due on October 6; thus, Respondent was not untimely in paying those fees.  (Morton Decl., Ex. I, p. 3.)  Because this was a factual finding by the Arbitrator, this Court cannot disturb it on review.  *See Wallace*, 378 F.3d at 193.  Accordingly, the Final Award is not subject to vacatur on this ground.

   B.    *The Arbitrator is not guilty of misconduct for denying Plaintiff's request to postpone the arbitration hearing*

Defendants anticipate that Plaintiff will attempt to vacate the Final Award on the purported basis that the Arbitrator is guilty of misconduct in denying Plaintiff's request to postpone the arbitration hearing.  "Misconduct typically arises where there is proof of either bad faith or gross error on the part of the arbitrator."  *Ottawa Office Integration Inc. v. FTF Business Systems, Inc.*, 132 F.Supp.2d 215, 220 (S.D.N.Y. 2001).  "In evaluating an arbitrator's decision to deny a postponement, courts consider whether there existed a reasonable basis for the arbitrator's decision and whether the denial created a 'fundamentally unfair' proceeding."  *Bisnoff v. King*, 154 F.Supp.2d 630, 637 (S.D.N.Y. 2001).  Courts in this District have routinely confirmed arbitral

awards where the arbitrator had a "reasonable basis" to deny a postponement request by a party who purported to have a medical emergency.  *See, e.g., Ottawa Office Integration Inc.*, 132 F.Supp.2d at 220 (finding that "arbitrator had good reason to require credible medical evidence before granting another adjournment requested one day before the hearing"); *Bisnoff*, 154 F.Supp.2d at 638 ("[T]he arbitrators considered the stated reasons for Petitioner's adjournment request but came to an uncomplimentary assessment of his credibility and offered a reasonable justification for their decision. . . . This Court is not empowered to second guess the arbitrators' assessment of credibility."); *Euromarket Designs, Inc. v. McGovern & Co., LLC*, No. 08 Civ. 7908, 2009 WL 2868725, at *6 (S.D.N.Y. Sept. 3, 2009) (finding arbitrator had reasonable basis to deny postponement request where it was made on the eve of a hearing after the Respondent had failed to comply with discovery and several days after the purported onset of the medical issue).

Here, the Arbitrator permitted Plaintiff to submit medical documentation to substantiate his stated need to postpone the hearing.  The Arbitrator carefully considered this documentation, and he determined that Plaintiff's purported need for a postponement was not credible.  (*See* Morton Decl., Ex. A, pp. 9-13.)  The Arbitrator also permitted Plaintiff to appear at a special hearing so that he may testify as to any reason why a postponement was warranted; Plaintiff declined to appear for that special hearing.  (*See* Morton Decl., Ex. L.)  Because the Arbitrator made a reasonable credibility determination based on a review of the documentation provided by Plaintiff, this Court cannot "second guess" that determination.  *See Bisnoff*, 154 F.Supp.2d at 638.  Accordingly, the Final Award is not subject to vacatur on this ground.

C.    *The Arbitrator did not exceed his powers by issuing sanctions against Plaintiff and Mr. Farinella*

Defendants anticipate that Plaintiff and Mr. Farinella will attempt to vacate the Final Award on the purported basis that the Arbitrator exceeded his powers by issuing sanctions

against Plaintiff and Mr. Farinella.  Rule 29 of the JAMS Employment Arbitration Rules grants the Arbitrator broad authority to issue sanctions, including reasonable attorneys' fees, due to a party's failure to comply with the Rules or an order.  Language such as this has been held to include the authority to "grant any remedy that would have been available under a court's inherent power," including sanctioning an attorney.  *See Polin v. Kellwood Co.*, 103 F.Supp.2d 238, 264-65 (S.D.N.Y. 2000) (confirming arbitration award that included sanctions against attorney); *see also Bak v. MCL Financial Group, Inc.*, 170 Cal.App.4th 1118, 1126 (Cal. Ct. App. 2009).

As set forth in the Final Award, Plaintiff and Mr. Farinella explicitly disobeyed Order No. 5 such that it resulted in Respondent incurring $34,443 in attorneys' fees responding to Plaintiff's bad-faith motion to amend.  (Morton Decl., Ex. A, pp. 17-18.)  The Arbitrator found this amount to be a reasonable sanction for Plaintiff's and Mr. Farinella's vexatious conduct.  (*Id.*) Further, Plaintiff and Mr. Farinella chose not to file any response to Respondent's sanctions request, despite requesting and receiving an extension to do so.  (*Id.*)  Because the Arbitrator had authority to issue sanctions, and there is more than a "colorable justification" for the decision he reached, the Final Award is not subject to vacatur on this ground.

> D.     *There is no conflict of interest between the Arbitrator and Plaintiff's mental services provider*

Defendants anticipate that Plaintiff will attempt to vacate the Final Award on the purported basis that a conflict of interest existed between the Arbitrator and Plaintiff's telehealth mental services provider, Cerebral.  On January 9, 2023, Mr. Farinella submitted a letter to JAMS objecting that there was a "conflict of interest" because Cerebral—which is not a party to these proceedings—had a "business relationship" with JAMS.  (*See* Morton Decl., Ex. M.)  It is not clear what precisely was Plaintiff's objection.  On February 16, 2023, JAMS responded and confirmed: (1) Cerebral had unilaterally listed JAMS as the arbitral forum in its arbitration agreement without

14

first seeking permission from JAMS; (2)  Cerebral was not a party, lawyer, or law firm in the

matter, and thus disclosures related to Cerebral were not required; and (3) the Arbitrator had no

prior or pending matters with Cerebral, and thus had nothing to disclose.  (Morton Decl., Ex. N.)

Accordingly, the Final Award is not subject to vacatur on this basis.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion to confirm

the arbitration award, and dismiss this action in its entirety, with prejudice, with costs, fees, and

disbursements to Defendant, together with such other and further relief as the Court deems just

and proper.

Respectfully submitted,

Dated: March 24, 2023          By:      /s/ Paula M. Weber
     San Francisco, CA                Paula M. Weber (*Pro Hac Vice*)
                                         Alekzandir Morton (*Pro Hac Vice Pending*)
                                         PILLSBURY WINTHROP SHAW PITTMAN LLP
                                         Four Embarcadero Center, 22nd Floor
                                         San Francisco, CA 94111
                                         (415) 983-1000

David S. Greenhaus
JACKSON LEWIS P.C.
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

*Attorneys for Defendants*