UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADRIAN JULES,
                            Plaintiff,

                20 Civ. 10500 (LGS)
            -against-

                ORDER

ANDRE BALAZS PROPERTIES, et al.,
                          Defendants.
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, an Opinion and Order issued May 28, 2021, interpreted an Arbitration Agreement between the parties and stayed proceedings in this case pending completion of arbitration proceedings before JAMS in California, pursuant to the Federal Arbitration Act. On February 3, 2023, the parties filed a joint status letter stating that the Arbitrator issued an award on January 17, 2023 in favor of Defendants (the "Final Award"). The Final Award also included sanctions against Plaintiff and Plaintiff's counsel, Thomas A. Farinella.

      WHEREAS, an order issued February 24, 2023, granted a request from Mr. Farinella to withdraw from representation of Plaintiff. An order issued March 6, 2023, directed the parties and Mr. Farinella to meet and confer regarding potential settlement. That order also set a briefing schedule for Defendants' anticipated motion to confirm the Final Award.

      WHEREAS, on March 10, 2023, Plaintiff, proceeding *pro se*, filed a letter on ECF alleging misconduct on the part of Defendants' California counsel. Plaintiff argued that Defendants' California attorneys, who represented Defendants in the arbitration, engaged in unauthorized practice of law by appearing at the court-ordered meet and confer on behalf of Defendants prior to applying for admission pro hac vice in this matter. An order issued March 13, 2023, stated that Plaintiff's submissions did not provide a basis to conclude that Defendants acted inappropriately or engaged in unauthorized practice of

law.

      WHEREAS, on March 21, 2023, Paula M. Weber, one of the California attorneys who represented Defendants in connection with arbitration proceedings, filed a motion to appear pro hac vice. On March 22, 2023, Plaintiff filed an opposition to this motion. An order issued March 23, 2023, granted Ms. Weber's motion to appear pro hac vice and stated there was no basis to impose sanctions against Defendants or Ms. Weber. The same day, Plaintiff filed a motion seeking disqualification and other sanctions against David Greenhaus. In that motion, Plaintiff renews his arguments that Defendants engaged in unauthorized practice of law. It is hereby

      **ORDERED** that Plaintiff's request for sanctions against Mr. Greenhaus is **DENIED.** Plaintiff's submissions are construed liberally and interpreted to raise the strongest arguments they suggest, given Plaintiff's *pro se* status. *See Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 457 (2d Cir. 2022). The Court has held that defense counsel did not engage in unauthorized practice of law. Accordingly, there is no basis to impose sanctions against Mr. Greenhaus on the basis of aiding his co-counsel in unauthorized practice of law.

      The Clerk of Court is respectfully directed to close the motion at Dkt. 92.

Dated: March 31, 2023
       New York, New York

                                              LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE