Adrian Jules
7320 Lennox Avenue, F9
Van Nuys, CA 91405
Email: adrianjules7@gmail.com
Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN JULES,<br><br>              Plaintiff,<br><br>      vs.<br><br>ANDRE BALAZS PROPERTIES, et al.,<br><br><br>              Defendants. | Case No.: 20 Civ. 10500 (LGS)<br><br>**MOTION TO VACATE THE ARBITRATION AWARD IN OPPOSITION TO DEFENDANTS' MOTION TO CONFIRM, MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Judicial Officer: Honorable Lorna Schofield |

**NOTICE TO ALL PARTIES**,

Please be advised that Plaintiff Adrian Jules motions to vacate the arbitration award issued January 17, 2023, regarding the above captioned matter pursuant to California Code of Civil Procedure section 1286.2, the California Arbitration Act (CAA), and the Federal Arbitration Act (FAA), 9 U. S. C. §1 and §9–11.

Plaintiff requests that the award be vacated on the grounds that the arbitrator (1) procured it by undue means, (2) demonstrated bias and evident partiality towards Plaintiff, (3) refused to postpone the proceeding upon receipt of sufficient evidence of Plaintiff's medical emergencies, refused to hear evidence material to the controversy, and (4) exceeded his power.

Plaintiff, in the alternative, requests that the decision be deferred, and case be transferred to the Central District of California where subject matter jurisdiction exists, and the contemplation of the award will receive proper consideration pursuant to the statutes and laws under which the award and arbitration were administered.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The arbitrator's actions resulted in a serious miscarriage of justice that cannot be allowed to stand. The award is unjust, and its enforcement would violate fundamental principles of due process, public policy, the FAA, CAA, and disrupt the status quo.[1]

This motion is supported by the accompanying declaration, memorandum of points and authorities, exhibits, and arguments plead herein.

Sincerely,

Adrian Jules, in Pro Per

---

[1] The arbitration agreement cites FAA as the applicable law and JAMS Rules and Procedures. However, JAMS, per its rules and procedures, administered the arbitration and issued the award pursuant to the CAA. *See* Order No. 2.

## TABLE OF CONTENTS

BACKGROUND…………………………………………………………………………......…1

LEGAL STANDARD………………………………………………………………………3

CONCLUSION………,………………………………………………………………………17

EXHIBITS ………………………………………………………..…ATTACHED HERETO

## TABLE OF AUTHORITIES

**Cases**

*Wal-Mart Wage & Hour Emp. Pracs. Litig.,*
    737 F.3d 1262, 1267 (9th Cir. 2013)……………………………………..………3

*Hall St. Assocs., L.L.C. v. Mattel, Inc.,*
    552 U.S. 576, 587, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)…………………………...3

*Kaplan v. Alfred Dunhill of London, Inc.,*
    No. 96 Civ. 259(JFK), 1996 WL 640901, at *7 (S.D.N.Y. Nov. 4, 1996)……………..…3

*French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    784 F.2d 902, 906 (9th Cir. 1986)……………………………………………………..3

*Lagstein v. Certain Underwriters at Lloyd's, London,*
    607 F.3d 634, 642 (9th Cir. 2010)………………………………………………………...3

*Comedy Club, Inc. v. Improv. W. Assocs.,*
    553 F.3d 1277, 1288 (9th Cir. 2009)……………………………………………………..3

*Aramark 4 Facility Servs. v. Serv. Emps. Int'l Union, Loc.,*
    1877, AFL CIO, 530 F.3d 817,823 (9th Cir. 2008)………………………….……………4

*United Food & Com. Workers Int'l Union, Loc. 588 v. Foster Poultry Farms,*
    74 F.3d 169, 174 (9th Cir. 1995………………..……………………………………………4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,*
    (1985) 473 U.S. 614, 628………………………………………………………………5

*In re: Marriage of Fell,*
    (1997) 55 Cal.App.4th 1058, 1065……………………………………..………5

*Bickel v. City of Piedmont,*
    supra, 16 Cal.4th at pp. 1048-1049……………………………………………………5

*Rojo v. Kliger,*

(1990) 52 Cal.3d 65, 72-73…………………………………………………………..5

*Bosack v. Soward*,

    586 F.3d 1096, 1106 (9th Cir. 2009)……………………………………...……7

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.,*

    341 F.3d 987, 997-98 (9th Cir. 2003)……………………………………….…7

*Hall v. Superior Court (1993),*

    18 Cal.App.4th 427, 439 [22 Cal.Rptr.2d 376]…………………………………...7

*Cable Connection, Inc. v. Directv, Inc.,*

    (2008) 44 C4th 1334, 1353-1354, 82 CR3d 229, 244-245……………………….7

*Pearson Dental Supplies, Inc. v. Superior Court (Luis Turcios),*

    166 Cal.App.4th 71, 82 Cal. Rptr. 3d 154 (Cal. Ct. App. 2008)………………….7

*Armendariz v. Foundation Health Psychcare Services, Inc*.,

    (2000) 24 Cal.4th 83……………………………………………………..…8

*Moncharsh v. Heily & Blase,*

    3 Cal. 4th 1, 25, 28 (Cal. 1992)………………………………………………8

*Armendariz v. Foundation Health Psychcare Svcs., Inc.,*

    24 Cal. 4th 83 (Cal. 2000)…………………………..…………………………8

*Denson v. Trump*,

    180 A.D.3d 446, 450-451 (1st Dept. 2020)……………………………………....8

*Gueyffier v. Ann Summers, Ltd. (2008),*

    43 Cal.4th 1179, 1184-1185……………………………………………………9

*Trivedi v. Curexo Tech. Corp*.,

    (2010) 189 CA4th 387, 394-395, 116 CR3d 804, 809-810……………………….9

*Baltazar v. Forever 21, Inc*.,

    (2016) 62 C4th 1237, 1248, 200 CR3d 7, 16……………………………...…9

*Pinela v. Neiman Marcus Group, Inc.,*

    (2015) 238 CA4th 227……………………………………………………....9

*Sanchez v. Valencia Holding Co., LLC,*

    (2015) 61 C4th 899…………………………………………………………9

*Tempo Shain Corp. v. Bertek, Inc.,*

ii

120 F.3d 16, 20 (2d Cir. 1997…………………………………………………………....12

*Sayre v. JPMorgan Chase & Co.*,

781 F. App'x 667 (9th Cir. 2019)……………………………………………………...12

*Iran Aircraft v. Avco Corp*,

980 F.2d 141, 146 (2nd Cir. 1992)……………………………………….……15

*Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local 901*,

763 F.2d 34……………………………………………………………..………….15

*PVI, Inc. v. Ratiopharm Gmbh*,

(8th Cir. 1998) 135 F3d 1252………………………………………………………16

*Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*,

(10th Cir. 1991) 923 F2d 791, 793]………………………………………………16

*Southland Corp. v. Keating*,

(1984) 465 US 1, 16, 104 S.Ct. 852……………………………………………...…17

*Vaden v. Discover Bank*,

(2009) 556 US 49 71-72, 129 S.Ct. 1262, 1278-1279…………………………….……17

*Badgerow v. Walters*,

(2022) – US, 142 S.Ct. 1310………………………………………………………17

*Magruder v. Fidelity Brokerage Services LLC*,

(7th Cir. 2016) 818 F3d 285……………………………………………………17

*Goldman v. Citigroup Global Markets Inc.*,

(3rd Cir. 2016) 834 F3d 242……………………………………………………...17

*Perry v. Thomas*,

(1987) 482 US 483 492, 107 S.Ct. 2520; 2527, fn. 9………………………………....17

*Stutler v. T.K. Constructors Inc.*,

(6th Cir. 2006) 448 F3d 343……………………………………………………17

*Metters v. Ralphs Grocery Co.*,

(2008) 181 CA4th 696, 701, 74 CR3d 210…………………………………………17

**Statutes**, **Rules, & Codes**

California Code of Civil Procedure §1281.98…………………………………………………………2

FAA 9 U. S. C. §§9–11………………………………………………………………………………3

9 U.S.C. § 10(a)(3)………………………………...……………………………………………3

9 U.S.C. § 10(a)(4)………………………………………………………….…...3

Civil Code section 1668………………………………………………………...……5

Civil Code section 3513……………………………………………………...……5

Government Code section 12920…………………………………………………………5

9 U.S.C. §11………………………………………………...…………………..7

Cal. Civ. Proc. Code §1283.4……………………………………………...7

Cal. Civ. Proc. Code Section 1286.2…………………………………………...………7

9 U.S.C. § 10(a)(1)……………………………………………………………12

## DECLARATION

I, Adrian Jules, am self-represented litigant in this matter and declare as follows:

I am the Plaintiff and author of *Adrian Jules v. Andre Balazs Properties, et al.*, Case No. 20 Civ. 10500 (LGS) out of which this motion to vacate the arbitration award pursuant to California Code of Civil Procedure section 1286.2, the California Arbitration Act (CAA), and the Federal Arbitration Act (FAA), 9 U. S. C. §1 and §9–11 arises.

I have read the foregoing motion and know its contents. The facts plead herein are personally known to me and I know them to be true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was verified April 17, 2023 , in Los Angeles, California.

_____
Adrian Jules in Pro Per

## I. BACKGROUND

Plaintiff filed a complaint December 2020, citing employment claims against Defendants under Title VII of the Civil Rights Act, The American with Disabilities Act (ADA), and California Fair Employment and Housing Act (FEHA). The proceeding was stayed due to Plaintiff signing a Dispute Resolution Procedure & Mutual Binding Arbitration Agreement as a condition of employment with Defendants. August of 2021, Plaintiff initiated arbitration administered pursuant to, "Federal law and the law of the State of California".

During discovery Plaintiff produced hundreds of documents evidencing work-related claims that included incident reports, visits with therapists and psychiatrists, diagnoses, medical notes, prescribed medications, and more. Plaintiff learned new facts and sought leave to amend, a right traditionally granted freely to make a first amendment. Plaintiff also decided to come forward regarding sexual harassment and assault from Defendant Balazs (a matter disclosed to counsel prior to filing that caused Plaintiff embarrassment, anxiety, and depression and was thus not included in the original filing).

Defendant Balazs's improprieties were incidents with Plaintiff and another involving Plaintiff and a young *Jane Doe* found unconscious and exposed in Chateau Marmont's Gym after being in the company of Defendant Balazs. There were also additional FEHA and ADA claims, labor law violations for failure to provide meal and rest breaks and wages for overtime cited against Defendants. The amendment was important because Defendants failed to answer interrogatories, minimally produced documents, refused to provide personnel for deposition, and upon Plaintiff seeking to depose Defendant Balazs, argued the arbitration lacked jurisdiction[1]. Defendants caused

---

[1] *See* Order No. 6, Acknowledges Defendants challenged jurisdiction over Defendant Balazs.

1

undue delay; however the arbitrator took issue with Plaintiff and drew a negative inference upon his leave to amend. *See* <u>Order No. 5.</u>[2] Plaintiff appeared for deposition July 6-8, 2022; however, Defendants cancelled. Then the amended complaint was rejected, and sanctions were weaponized citing "no basis for alleging such claims against Defendants".[3] August 5, 2022, Defendants failed to pay fees for an invoice in violation of California Code of Civil Procedure §1281.98 ("§1281.98"), and JAMS Rules (31a, c, and 6b). Plaintiff exercised his statutory right to unilaterally withdraw. During withdrawal, the arbitrator *sua sponte* converted sanctions against Plaintiff for "discovery violations". However, took no action to remedy Defendants statutory violation.[4] *See* Order No. 10.

August 12, 2022, Plaintiff suffered a lung collapse, underwent emergency surgery, and was hospitalized. November 14, 2022, Plaintiff was in a hit-and-run collision and sustained injuries.[5] November 29, 2022, Plaintiff was hospitalized for chest pains and difficulty breathing. It was well established that Plaintiff was under physical and mental duress, however requests for adjournment were denied. Instead, the arbitrator issued prohibitive and injunctive orders that treated Plaintiff like a criminal defendant versus an employee seeking relief for employment violations.

The arbitrator's orders precluded Plaintiff from offering evidence material to the controversy, barred him from taking depositions, denied his right to adequate discovery, mocked his declining health, and refused medical notes provided to substantiate a need for medical adjournment. *See* <u>Orders 8-19</u>. December 3, 2022, Plaintiff was involuntarily institutionalized and

---

[2] Order No. 5, arbitrator prescribes terms under which Plaintiff could amend the complaint in violation of Federal Rule of Civil Procedure 15 that provides leave to amend shall be freely given "when justice so requires."
[3] Arbitration agreement states, "...the arbitrator may not award attorneys' fees unless the claims involve a contract or statute that allows for attorneys' fees to the prevailing party."
[4] Arbitrator deemed Defendants statutory violation, "technical" to discredit it and take no corrective action.
[5] A diagnostic report dated February 2, 2023, in Medical Exhibits details the seriousness of Plaintiff's injuries.

failed to attend the December 5, 2022 hearing. His absence was deemed a waiver of his right to a hearing on the merits and a final award with an adverse decision was issued January 17, 2023.

## II. LEGAL STANDARD

The FAA 9 U. S. C. §§9–11, provides expedited judicial review to confirm, vacate, or modify arbitration awards and "A federal court 'must' confirm an arbitration award unless . . . it is vacated under [9 U.S.C.] § 10." In re *Wal-Mart Wage & Hour Emp. Pracs. Litig.*, 737 F.3d 1262, 1267 (9th Cir. 2013). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008). A district court may vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). A district court may also vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

"The deference due an arbitrator does not extend so far as to require a district court to countenance, much less confirm, an award obtained without the requisites of fairness or due process." *Kaplan v. Alfred Dunhill of London, Inc.,* No. 96 Civ. 259(JFK), 1996 WL 640901, at *7 (S.D.N.Y. Nov. 4, 1996). "An arbitrator's decision must be upheld unless it is completely irrational . . . or constitutes a manifest disregard of the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 784 F.2d 902, 906 (9th Cir. 1986) (internal citations omitted). "An award is completely irrational 'only "where the arbitration decision fails to draw its essence from the agreement." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 642 (9th Cir.

2010) (quoting *Comedy Club, Inc. v. Improv. W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009)). Under certain circumstances, an award may be vacated on public policy grounds. See *Aramark Facility Servs. v. Serv. Emps. Int'l Union, Loc.* 1877, AFL CIO, 530 F.3d 817,823 (9th Cir. 2008). Before an "award will be vacated as against public policy, the policy violation must be clearly shown. Id. (internal citations omitted).

## MEMORANDUM OF POINTS AND AUTHORITIES

## III. ARGUMENT

### THE ARBITRATOR EXCEEDED HIS AUTHORITY
<u>The Award is in Violation of Public Policy, Specifically FEHA</u>

The award undermines the basis under which Plaintiff brought suit despite the arbitration agreement establishing procedures outlined within it as the exclusive means of redress for any disputes including ones that fall under the FEHA. The complaint cites discrimination, harassment, retaliation, and wrongful termination claims pursuant to the FEHA, so Plaintiff's statutory rights are nonwaivable, he is entitled to a hearing on the merits, and vacatur is necessary because the controversy remains undecided in violation of public policy.

"To vacate an arbitration award on public policy grounds, [a court] must (1) find that an explicit, well defined and dominant policy exists here and (2) that the policy is one that specifically militates against the relief ordered by the arbitrator." Id. (quoting *United Food & Com. Workers Int'l Union, Loc. 588 v. Foster Poultry Farms,* 74 F.3d 169, 174 (9th Cir. 1995)). The United States Supreme Court's dictum that a party in agreeing to arbitrate a statutory claim, "does not forgo the substantive rights afforded by the statute but only submits to their resolution in an arbitral . . . forum" (*Mitsubishi Motors Corp.,* supra, 473 U.S. at p. 628) is as much prescriptive as it is descriptive. It sets a standard by which arbitration agreements and practices are to be measured

and disallows proceedings that compel claimants to forfeit substantive statutory rights. But the imperative to enforce such protections does not, as a general matter, "inherently conflict" with arbitration.

"[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." (*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth* (1985) 473 U.S. 614, 628.) Arbitration agreements that encompass nonwaivable statutory rights such as Plaintiff's must be subjected to scrutiny. This unwaivability derives from two statutes derived from public policy. Civil Code section 1668 states: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." "Agreements whose object, directly or indirectly, is to exempt [their] parties from violation of the law are against public policy and may not be enforced." (*In re Marriage of Fell* (1997) 55 Cal.App.4th 1058, 1065.)

Second, Civil Code section 3513 states, "Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." (See *In re Marriage of Fell*, supra, 55 Cal.App.4th at p. 1064; *Bickel v. City of Piedmont*, supra, 16 Cal.4th at pp. 1048-1049 [rights under statute may be waived by agreement when public benefit is incidental to the legislation's primary purpose].) There is no question that statutory rights established by the FEHA are "for a public reason." "The broad goal of the FEHA is set forth at [Government Code] section 12920, which states in pertinent part: `It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without

discrimination or abridgement on account of race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, sex or age.' " (*Rojo v. Kliger* (1990) 52 Cal.3d 65, 72-73.)

As stated in *Rojo*: "The public policy against sex discrimination and sexual harassment in employment, moreover, is plainly one that `inures to the benefit of the public at large rather than to a particular employer or employee.' [Citation.] No extensive discussion is needed to establish the fundamental public interest in a workplace free from the pernicious influence of sexism. So long as it exists, we are all demeaned." It is indisputable that an employment contract that required employees to waive their rights under the FEHA to redress sexual harassment or discrimination would be contrary to public policy and unlawful. Considering these principles, it is evident an arbitration agreement is not a vehicle for the waiver of statutory rights created by the FEHA.

<u>Plaintiff was Denied a Hearing on the Merits in Violation of Due Process</u>

An arbitration award should decide claims submitted to the arbitrator and be administered pursuant to the contract between the parties. However, the award here fails to establish the decision drew its essence from the arbitration agreement, fails to address the causes of action cited in the complaint, and insists, "Claimant failed to discharge his burden of proof" and "…rested his case without adducing any evidence or making any argument". This recital of events ignores the facts. Plaintiff was involuntarily institutionalized during the hearing and his absence was deemed *a waiver* in violation of FEHA, under which Plaintiff initially brought his claims and sought relief.[6] Plaintiff requested an adjournment out of medical necessity, however the arbitrator precluded

---

[6]Arbitrator states, "Claimant's failure to appear was therefore a deliberate waiver of his right to attend" to qualify a medical emergency as just cause to deny Plaintiff due process. See page 14. The arbitrator later states it "operated as a waiver of his right to present evidence pertinent and material to the controversy". See page 16.

evidence material to the emergency and controversy to deprive Plaintiff a fair hearing and postponement. Additionally, the award argues and decides issues that were never before the court. "An arbitration award 'draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions.' " Id. (quoting *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009)). Thus, the award should be vacated or corrected pursuant to 9 U.S.C. §11 as the statutory language shows, "the Federal Arbitration Act allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration[.]" *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997-98 (9th Cir. 2003).

Cal. Civ. Proc. Code §1283.4 stipulates the award "…shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." Section 1286.2, subdivision (a)(5) provides that a court "shall" vacate an award when a party's rights "were substantially prejudiced . . . by the refusal of the arbitrator to hear evidence material to the controversy…" This section has been interpreted as "a safety valve in private arbitration that permits a court to intercede when an arbitrator has prevented a party from fairly presenting its case." (*Hall v. Superior Court* (1993) 18 Cal.App.4th 427, 439 [22 Cal.Rptr.2d 376].). FAA provisions limiting judicial review of arbitration awards do not preempt California's expanded grounds for review, even in cases involving interstate commerce. [*Cable Connection, Inc. v. Directv, Inc.* (2008) 44 C4th 1334, 1353-1354, 82 CR3d 229, 244-245].

The decision in *Pearson Dental Supplies, Inc. v. Superior Court (Luis Turcios)*, 166 Cal.App.4th 71, 82 Cal. Rptr. 3d 154 (Cal. Ct. App. 2008) carved out an exception for when a trial court is permitted to vacate an arbitration award. The court held that when an arbitrator's ruling is based on a clear error of law which deprives an employee of a hearing on the merits of a

nonwaivable statutory employment claim, the arbitrator's ruling may be vacated. The arbitrator in *Pearson* dismissed the plaintiff's claim of discrimination, basing his decision on the employer's argument that plaintiff missed the deadline to submit to arbitration. Plaintiff then sought vacatur and the trial court concluded that under *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, it was required to conduct judicial review sufficient to protect plaintiff's nonwaivable statutory rights arising from his FEHA claims and the arbitrator had acted *in excess of his jurisdiction*. Referring to precedent, the court acknowledged, "[G]enerally speaking, a court is not permitted to vacate an arbitration award when the award is based on errors of law." *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 25, 28 (Cal. 1992).

Nevertheless, relying on *Armendariz v. Foundation Health Psychcare Svcs.*, Inc., 24 Cal. 4th 83 (Cal. 2000), the court noted that to enforce FEHA claims in arbitration, there must be a written arbitration decision and judicial review "sufficient to ensure the arbitrators comply with the requirements of the statute." Rather, the award must reveal "the essential findings and conclusions on which the award is based."  The award did not meet that standard, and Turcios was left without a remedy or a forum through no fault of his own. Thus, the court held, "[When] an employee subject to a mandatory employment-arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other nonwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award."

<u>Sanctions and Punitive Damages are not Authorized in the Arbitration Agreement</u>

Plaintiff's arbitration agreement is silent on the issuance of sanctions. "In cases involving private arbitration, '[t]he scope of arbitration is . . . a matter of agreement between the parties' [citation], and '"[t]he powers of an arbitrator are limited and circumscribed by the agreement or stipulation of submission."' [Citations.]" (*Moncharsh*, supra, 3 Cal.4th at pp. 8-9.) In *Denson v.*

*Trump*, 180 A.D.3d 446, 450-451 (1st Dept. 2020), the court identified several public policy violations. Relative ones include: an award of punitive damages; an award that prevents an employer from fulfilling its legal obligation to protect against workplace sexual harassment; and an award that generally violates public policy. As noted in *Denson*, "an arbitrator's authority extends only to those issues that are actually presented by the parties."[7] "Even where a claim is otherwise arbitrable, the scope of the arbitration is still limited to the specific issues presented and may not extend to those that are materially different or legally distinct."[8] Simply stated, an arbitrator exceeds his authority by considering issues not raised by the parties.

The scope of an arbitrator's authority is not so broad as to include an award of remedies 'expressly forbidden by the arbitration agreement or submission.' (*Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184-1185.) An arbitration provision in an employment agreement permitting the arbitrator to award fees and costs to the prevailing party without any limit for a bad faith or frivolous action violates *Armendariz*. In a FEHA case, unless it would be unjust, a prevailing plaintiff should recover attorney fees, but a prevailing defendant is awarded fees only if the case was frivolous or brought in bad faith. [*Trivedi v. Curexo Tech. Corp.* (2010) 189 CA4th 387, 394-395, 116 CR3d 804, 809-810 (disapproved on other grounds by *Baltazar v. Forever 21, Inc.* (2016) 62 C4th 1237, 1248, 200 CR3d 7, 16)-arbitration clause substantively unconscionable because it placed employee "at greater risk than if he brought his FEHA claims in court"; *Pinela v. Neiman Marcus Group, Inc.* (2015) 238 CA4th 227, 254-255, 190 CR3d 159, 182-183.

The CAA prohibits neutral arbitrators and private arbitration companies from administering consumer arbitrations under any rule or agreement requiring the "consumer" to pay

---

[7] *Id.* (citing, *Matter of Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 13 N.Y.3d 168 (2009)).
[8] *Id.* (citing, *Joan Hansen*, 13 N.Y.3d at 173-174).

the fees and costs incurred by the opposing party if the consumer does not prevail. "Consumer"
includes an "employee" (see CRC Ethics Standards, Standard 2(e); 17:147). [CCP §1284.3(a); but
see *Sanchez v. Valencia Holding Co.*, LLC (2015) 61 C4th 899, 917-921, 190 CR3d 812, 826-830
(distinguishing consumer agreements from mandatory employment agreements involving
nonwaivable statutory rights and determining that provision in consumer agreement imposing
certain costs of contractual appellate process was not substantively unconscionable); see
15:150.5p, 5:402.7 M.]

JAMS Policies confirm it will not arbitrate an employment dispute unless the arbitration
agreement meets the following relative minimum standards: no limitation on employee's rights
and remedies under federal or state law, including punitive damages under the Civil Rights Act of
1991 and attorney fees; employer and employee have the right to present testimony and
documentary evidence and cross-examine witnesses; employee's inability to pay costs or the
location of the hearing must not interfere with employee's "access to arbitration"; employee may
only be required to pay a case management fee, and in California, employee may not be required
to pay fees and costs of the opposing party if the employee does not prevail; arbitration provisions
must be mutual (i.e., employer and employee must have same obligation to arbitrate or go to court
for same types of claims); written arbitration award disposing of each claim and stating relief
awarded for each claim; and the arbitrator must provide a "concise" written statement of reasons
with essential findings and conclusions.

Plaintiff's arbitration agreement does not authorize the arbitrator to award damages,
attorney fees, sanctions, or authorize *sua sponte* conversion of sanctions for any reason.
Additionally, while Order No. 2 states the parties would bifurcate issues regarding costs and fees

prior to the hearing it never took place.[9] Under CAA an award may be vacated if the arbitrator's misconduct has prejudiced the rights of a party. If the arbitrator imposes sanctions against a party or their attorney, and such sanctions are found to be unjustified or outside the scope of the arbitrator's authority, it may be considered misconduct and these conditions apply here.

## THE ARBITRATOR DEMONSTRATED BIAS AND EVIDENT PARTIALITY

### The Arbitrator Issued Injunctive and Prohibitive Orders to Prejudice Plaintiff

By Order No. 8 the arbitrator exhibits bias. In it, the arbitrator analyzes conflicting provisions between JAMS Rules and Policies that would render issuance of costs and fees improper and *sua sponte* converts Defendants' counsels' fees and costs into sanctions "Because the Arbitrator found no good faith basis for the proposed amendment by clear and convincing evidence, Respondent's request to tax costs is proper". Here the arbitrator circumvents the rules to award sanctions in the middle of the proceeding with no contemplation of the prejudice the decision would cause Plaintiff. S*ua sponte* conversion of sanctions made the prospect of the parties reaching a settlement impossible and caused a conflict of interest by enjoining Plaintiff to his counsel. Meanwhile, the arbitration agreement does not authorize taxation of costs of fees, is silent on the issuance of sanctions, and does not authorize the arbitrator to decide the merits of an amended complaint or authorize discovery violations for a plaintiff seeking leave to amend.[10]

---

[9] "Bifurcation of issues.  The following issues, if any, will be bifurcated and determined subsequent to the Hearing, either on the papers or after a further oral argument or evidentiary hearing, as appropriate: (i) the entitlement to and amount of attorneys' fees and costs; (ii) the amount of prejudgment interest; and (iii) the amount of punitive damages. This means that the entitlement to punitive damages, if any, must be briefed and/or raised in conjunction with the Hearing and will be determined by the Arbitrator as part of that Hearing."

[10] The Arbitration Agreement states, "the arbitrator may not award attorneys' fees unless the claims involve a contract or statute that allows for attorneys' fees to the prevailing party".

In Order No. 17 the arbitrator precludes Plaintiff from presenting evidence material to his claims "In order to avoid the risk of erroneous exclusion, however, the Arbitrator prefers to hear Claimant's proffer in the context of the testimony being adduced rather than make a ruling in advance of the Hearing. For example, some documents that ostensibly relate to the proposed amended complaint might also relate to claims or allegations in the operative complaint in ways that may not be apparent to the Arbitrator until further context is provided." Yet, none was necessary when the arbitrator converted sanctions stating Plaintiff "had no basis for alleging such claims". However, here the arbitrator was considering evidence from the amended complaint despite denying its admission.[11] If this does not constitute bias then it is certainly misconduct.

## THE ARBITRATOR FAILED TO ADJOURN FOR MEDICAL EMERGENCIES

### The Arbitrator's Failure to Adjourn Due to Plaintiff's Medical Emergency is Misconduct

When a party has a medical emergency like Plaintiff, courts have held that due process requires an adjournment to enable participation in the hearing. See, e.g., *Tempo Shain*, 120 F. 3d at 21 (concluding that the failure to grant an adjournment to accommodate a witness's sudden unavailability to testify as a result of his wife's cancer diagnosis was misconduct under § 10(a)(3)); *Bisnoff,* 154 F. Supp. 2d at 638 (explaining the general rule that the refusal to grant the adjournment of a hearing due to a medical emergency is misconduct under the FAA if doing so excludes the presentation of material evidence and prejudices the parties rendering the hearing fundamentally unfair); *Sayre v. JPMorgan Chase & Co*., 781 F. App'x 667 (9th Cir. 2019) (reversing a panel's denial of a continuance on the basis of a medical emergency that occurred midway through an

---

[11] So, the question here is how were exhibits from the amended complaint being contemplated by the arbitrator when the complaint was denied and why was the arbitrator seeking clarity regarding the exhibits when he had already decided the amended complaint lacked merit?

arbitration proceeding resulting in the incomplete presentation of evidence to the detriment of the moving party) (non-precedential disposition).

<u>The Award was Procured by Undue Means</u>

Plaintiff was involuntarily institutionalized and unable to attend the arbitration hearing.[12] Despite it, the arbitrator proceeded in his absence adamant "Claimant was not suffering from any medical condition serious enough to warrant postponing the hearing" and cited JAMS Rule 22(j) to render Plaintiff's absence a waiver of statutory rights. However, medical records confirm Plaintiff had a medical emergency.[13]   However, the arbitrator denied Plaintiff's requests to postpone and declined evidence material to the controversy and his health claims. This was not the first instance of the arbitrator precluding evidence material to the controversy, failing to acknowledge Plaintiff's declining health, or refusing to postpone the proceeding in consideration of it. Plaintiff furnished a police report after enduring a hit-and-run accident and the arbitrator diminished his injuries stating, "The Crash Report does not indicate that Claimant was in a serious car accident, one that would necessitate wearing a neck brace" to counter a disclosure made by Plaintiff's counsel. However, medical records confirm it was a serious accident and Plaintiff sustained multiple injuries. *See* <u>Medical Records.</u>[14]

Therefore, the arbitrator's refusal to postpone the hearing "violate[s] principles of fundamental fairness." *Bisnoff,* 154 F. Supp. 2d at 637 (citations omitted). "A fundamentally unfair proceeding may result if the arbitrators fail to 'give each of the parties to the dispute an adequate

---

[12]A Florida law that allows for involuntary examination and psychiatric treatment of a person who is deemed to be a danger to themselves or others due to mental illness. Plaintiff was institutionalized Dec. 3, 2022.
[13]*See* <u>Medical Notes</u>. Plaintiff was transferred from Florida Medical Center 12/03/22 to Henderson Behavioral Health pursuant to the rules of the Baker Act which stipulate a maximum 72-hour involuntary hold. Plaintiff is evidenced in Progress Notes Episode 3 undergoing an evaluation from 7:40-8:40pm 12/05/22 and diagnosed as having "major depressive disorder". Plaintiff is noted as taking prescribed psychotropic medications, prior to intake, that include Fluexotine and Hydroxyzine Pamoate known by brand names Prozac and Vistaril (to treat anxiety and depression).
[14]Pain Treatment Specialists diagnosis includes full body injuries.

opportunity to present its evidence and argument.'" Id. (quoting *Tempo Shain Corp. v. Bertek, Inc*., 120 F.3d 16, 20 (2d Cir. 1997)). The relevant authorities explain that if plaintiff was unhealthy and could not participate in the hearing, it would be misconduct and a violation of his due process rights to deny him an adjournment. *Bisnoff,* 154 F. Supp. 2d at 638. Section 10(a)(1) of the FAA authorizes courts to vacate awards where "the award was procured by corruption, fraud, or undue means..." 9 U.S.C. § 10(a)(1). To do so a Section 10(a)(1) claimant must demonstrate: (a) "that that the fraud [, corruption or undue means] materially relates to an issue involved in the arbitration; and [b] that due diligence would not have prompted the discovery of the fraud [corruption or undue means] during or prior to the arbitration." *United Parcel Serv.*, 335 F.3d at 503; *Renard*, 778 F.3d at 569; *MCI Constructors*, 610 F.3d at 858; *A.G. Edwards*, 967 F.2d at 1404; *Bonar*, 835 F.2d at 1383; *see Karppinen*, 187 F.2d at 35.

<u>The Arbitrator Refused to Hear Evidence Material to the Controversy</u>

In Order No. 13 the arbitrator states, "I find that a reasonable sanction would be to preclude Claimant from offering any oral or written evidence as to his medical or emotional health and related damages. There is no need for the Arbitrator to draw a negative inference as to these issues, as no evidence of them may be introduced." However, it was well established that Plaintiff sought relief for employer related mental health claims pursuant to the FEHA, therefore prohibition of evidence material to the controversy violated his nonwaivable statutory rights.

In Order No. 18 the arbitrator orders Plaintiff to "produce (1) a signed note from *his treating psychiatrist or physician* opining on whether Claimant is suffering from any cognitive impairment or any other condition that would compromise his ability to testify at the Hearing and (2) backup documentation in support of the opinion" by the next day with no consideration of Plaintiff's declining physical and mental health. The arbitrator possessed sufficient evidence from

prior medical notes that Plaintiff's mental health practitioners were telehealth providers due to the pandemic and prescribers were primarily Family Nurse Practitioners under the jurisdiction of medical doctors. Nevertheless, the arbitrator instituted a biased set of rules to discredit previously submitted medical notes to pigeonhole Plaintiff and instigate his *noncompliance* on future orders. Plaintiff had already submitted a medical note from Jessica Dorval (RN) November 30, 2022, confirming chest pains, dyspnea, shortness of breath, delayed cognitive function, difficulty breathing, high blood pressure, and signs of heart attack/stroke.[15] However, the arbitrator "determined the documentation was inadequate to support Claimant's serious allegations about his medical condition" and challenged credentials of medical providers licensed pursuant to local, state, and federal law and authorized to engage in the services rendered to Plaintiff.[16] This prohibitive order prejudiced Plaintiff and made it impossible for him to submit medical notes from his primary healthcare providers.

In *Iran Aircraft v. Avco Corp*., the court vacated an award where the tribunal changed evidentiary rules it previously established, that permitted the submission of invoices in summary form, during the hearing and thereby prevented a party from proving its claim. 980 F.2d 141, 146 (2nd Cir. 1992). Similarly, in *Hoteles,* the First Circuit vacated an award where the arbitrator excluded the only evidence available - a transcript of testimony from a related criminal proceeding - to refute the claims at issue. FAA §10 provides that the court may vacate an arbitral award "where the arbitrators were guilty of...refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). Though arbitrators are not required to "hear all of the evidence tendered by

---

[15]Steward Medical Group cites Plaintiff having shortness of breath and difficulty breathing when his lungs collapsed. The Dove Medical Note evidences Plaintiff experiencing the exact symptoms cited when his lungs collapsed.

[16]The arbitrator stating, "The Dove Medical Center Note is not signed by a physician" disqualified medical notes provided by credentialed medical professionals. The arbitrator exercised authority here not authorized in the arbitration agreement and decided issues not under consideration in the complaint.

the parties," they "must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Generica*, 123 F.3d at 1130 (quoting *Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local* 901, 763 F.2d 34, 39 (1st Cir. 1985)). Thus, while an arbitration award should not be set aside for the arbitrator's refusal to hear cumulative or irrelevant evidence, *Hoteles*, 763 F.2d at 40 (citations omitted), it should be set aside where "the exclusion of relevant evidence actually deprived a party of a fair hearing." *Slaney*, 244 F.3d at 592.

## THIS COURT LACKS JURISDICTION TO CONFIRM THIS AWARD

The language in Plaintiff's arbitration agreement that the award is "final, binding, and conclusive" is not sufficient to express agreement under FAA that the decision is judicially enforceable. [*PVI, Inc. v. Ratiopharm Gmbh* (8th Cir. 1998) 135 F3d 1252, 1253; *Oklahoma City Assocs. v. Wal-Mart Stores, Inc.* (10th Cir. 1991) 923 F2d 791, 793]. FEHA further provides "[t]he superior, municipal, and justice courts of the State of California shall have jurisdiction of such actions." (Ibid.) In *Badgerow v. Walters*, the court held that federal courts have jurisdiction only to hear post-arbitration motions to confirm or vacate an arbitration award when federal jurisdiction – typically either diversity or federal question jurisdiction – *is presented by the petition to confirm or vacate the award itself*. Thus, federal jurisdiction over a motion to confirm or vacate an award will typically exist only where there is complete diversity of citizenship between the parties (all petitioners citizens of different states than all respondents), or when the petition claims a federal law requires confirmation or vacatur of the award. The fact that federal law claims were adjudicated in the underlying arbitration does not provide a basis for federal court jurisdiction. As a result, parties that engage in non-judicial, voluntary arbitration of claims should only invoke the federal courts to confirm or vacate the award if there is underlying federal court jurisdiction.

If the parties are citizens of the same state (i.e. no diversity jurisdiction) and the matter does not involve a federal statute (i.e. no federal question jurisdiction), only the proper state court can entertain a motion to vacate or modify the award and here the Defendant Chateau Marmont, is domiciled in Los Angeles like Plaintiff and JAMS. Additionally, the "amount in controversy" for diversity jurisdiction must exceed $75,000, but the award here is for less and on petition to vacate or modify award when a plaintiff seeks to reduce or set aside an adverse arbitration award, the amount in controversy for diversity jurisdiction purposes is the amount of the award. As a result, most arbitration enforcement proceedings are filed in state courts. [See *Southland Corp. v. Keating* (1984) 465 US 1, 16, 104 S.Ct. 852, 861, fn. 8; *Vaden v. Discover Bank* (2009) 556 US 49, 71-72, 129 S.Ct. 1262, 1278-1279 (dismissing petition to compel for lack of federal jurisdiction and noting that petitioner may have recourse in state court)].

Finally, motions brought under 9 USC §§9 and 10 are not subject to the "Look through" approach established by *Vaden v. Discover Bank*, supra, 556 US at 62-65, 129 S.Ct. at 1273-1275, which permits a federal court to look through motions to decide if the underlying dispute raises a federal question. [See *Badgerow v. Walters* (2022) – US, 142 S.Ct. 1310, 1314; *Magruder v. Fidelity Brokerage Services LLC* (7th Cir. 2016) 818 F3d 285, 287-288-"look through" rejected in cases involving §§9 and 10 (harmonizing law of arbitration with law of contracts); *Goldman v. Citigroup Global Markets Inc.* (3rd Cir. 2016) 834 F3d 242, 254-255-Vaden's "look through" basis for jurisdiction does not extend to §10 motions to vacate (agreeing with *Magruder* rationale)].

State law applicable to contracts generally governs whether a valid agreement to arbitrate exists. *Perry v. Thomas* (1987) 482 US 483, 492, 107 S.Ct. 2520; 2527, fn. 9; *Stutler v. T.K. Constructors Inc.* (6th Cir. 2006) 448 F3d 343, 347; *Metters v. Ralphs Grocery Co.* (2008) 181

CA4th 696, 701, 74 CR3d 210, 213-federal policy in favor of arbitration does not come into play until a court has found the parties entered a valid contract pursuant to state law.

## IV. CONCLUSION

In conclusion, Plaintiff requests that the award be vacated on the grounds that the arbitrator (1) procured it by undue means, (2) demonstrated bias and evident partiality towards Plaintiff, (3) refused to postpone the proceeding upon receipt of sufficient evidence of Plaintiff's medical emergencies, refused to hear evidence material to the controversy, and (4) exceeded his power.

Plaintiff, in the alternative, requests that the decision be deferred, and case be transferred to the Central District of California where subject matter jurisdiction exists, and contemplation of the award will receive proper consideration pursuant to the statutes and laws under which the award and arbitration were administered.

The arbitrator's actions resulted in a serious miscarriage of justice that cannot be allowed to stand. The award is unjust, and its enforcement would violate fundamental principles of due process, public policy, the FAA, CAA, and disrupt the status quo.

Plaintiff prays the declaration, memorandum of points and authorities, exhibits, and arguments plead herein are considered and his statutory rights are preserved.

Dated: April 17, 2023                              by: _____

                                                        Adrian Jules | Plaintiff & Petitioner