**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

ADRIAN JULES,

                           Plaintiff,

            -against-

ANDRE BALAZS PROPERTIES, et al.,

                         Defendants.

---------------------------------------------------------------x

20 Civ. 10500 (LGS)

**DEFENDANTS' OMNIBUS REPLY IN SUPPORT OF DEFENDANTS' MOTION TO CONFIRM THE ARBITRATION AWARD; OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO VACATE ARBITRATION AWARD; OPPOSITION TO INTERESTED PARTY THOMAS FARINELLA'S CROSS-MOTION TO VACATE ARBITRATION AWARD**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    1.     This Court Has Jurisdiction To Confirm The Final Award...................................... 1

    2.     Plaintiff Was Not Denied A Hearing On The Merits ............................................... 2

    3.     The Arbitrator Properly Considered All Evidence Presented To Him Regarding Plaintiff's Medical Condition ................................................................ 4

    4.     Plaintiff Has Failed To Establish That The Arbitrator Was Biased ......................... 7

    5.     The Arbitration Agreement Permits The Issuance Of Sanctions For Litigation Misconduct ............................................................................................. 8

CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Badgerow v. Walters*,
   142 S.Ct. 1310 (2002) ................................................................................................1, 2

*Bak v. MCL Financial Group, Inc.*,
   170 Cal.App.4th 1118 (2009) ...........................................................................................9

*Bisnoff v. King*,
   154 F.Supp.2d 630 (S.D.N.Y. 2001) ................................................................................6

*Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*,
   529 U.S. 193 (2000) .........................................................................................................2

*Goldman v. Citigroup Global Markets Inc.*,
   834 F.3d 242 (3rd Cir. 2016) ............................................................................................2

*Grynberg v. BP Exploration Operating Co. Ltd.*,
   2010 WL 5137912 (Dec. 8, 2010) (*aff'd as modified by Grynberg v. BP Exploration Operating Co. Ltd.*, 92 A.D.3d 547 (2012)) .................................................................10

*Magruder v. Fidelity Brokerage Services LLC*,
   818 F.3d 285 (7th Cir. 2016) ............................................................................................2

*Pearson Dental Supplies, Inc. v. Superior Court*,
   48 Cal.4th 665, 671-72 (2010) .........................................................................................3

*ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*,
   564 F.3d 81 (2d Cir. 2009) ..........................................................................................9, 10

*Sayre v JPMorgan Chase & Co.*,
   781 Fed. Appx. 667, 668 (9th Cir. 2019) .........................................................................6

*Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*,
   668 F.3d 60 (2d Cir. 2012) ...............................................................................................7

*Tempo Shain Corp. v. Bertek, Inc.*,
   120 F.3d 16, 17-18 (2d Cir. 1997) ...................................................................................6

*Wallace v. Buttar*,
   378 F.3d 182 (2d Cir. 2004) .............................................................................................6

*Weiss v. Sallie Mae, Inc.*,
   939 F.3d 105 (2d Cir. 2019) .........................................................................................2, 4

Statutes and Codes

United States Code
   Title 9 Section 3 ..................................................................................................2

California Arbitration Act..................................................................................................3, 4

Federal Arbitration Act .......................................................................................................3

**INTRODUCTION**

In their cross-motions to vacate the arbitral award, Plaintiff Adrian Jules ("Plaintiff") and his former counsel Thomas Farinella ("Mr. Farinella") repeatedly acknowledge that they face a "heavy burden" to vacate the Final Award, and that vacatur is only permitted on limited grounds. However, neither Plaintiff nor Mr. Farinella identify any permissible basis for this Court to grant the extraordinary relief of vacatur. Further, they fail to address the points raised in Defendants' motion to confirm the arbitral award or the findings made by the Arbitrator in the Final Award. Instead, Plaintiff and Mr. Farinella largely misrepresent the facts and cite case law that is irrelevant or inapplicable to the issues here.

Because the Arbitrator acted well within his authority pursuant to the arbitration agreement, the Final Award should be confirmed and Plaintiff's claims should be dismissed with prejudice for all the reasons stated herein and in Defendants' motion to confirm the arbitral award.

**ARGUMENT**

1. <u>This Court Has Jurisdiction To Confirm The Final Award</u>

Plaintiff incorrectly asserts that this Court lacks jurisdiction to confirm the Final Award on two bases. First, he argues that his arbitration agreement with the Chateau Marmont does not state that any award can be "judicially enforceable." [*See* Dkt. No. 106 at 16.] But the arbitration agreement expressly incorporates the JAMS Employment Arbitration Rules (the "JAMS Rules"). [*See* Dkt. No. 19-1 at 2.] JAMS Rule 25 states in relevant part: "The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof."

Second, Plaintiff argues that this Court lacks jurisdiction because courts cannot perform a "look-through" analysis when determining whether subject matter jurisdiction exists for a petition to confirm or vacate an arbitration award. [*See* Dkt. No. 106 at 16 (citing to *Badgerow v. Walters*,

1

142 S.Ct. 1310 (2002).)  However, this Court has had subject matter jurisdiction since Plaintiff first filed his Complaint; this Court thereafter granted a stay pursuant to 9 U.S.C. § 3.  It is well established that "the court with the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award."  *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000).  In contrast, in each of the cases cited by Plaintiff, the movant initiated a federal lawsuit *after* an arbitral award was issued for the sole purpose of either confirming or vacating the award.  *See Badgerow*, 142 S.Ct. at 1314-15; *Magruder v. Fidelity Brokerage Services LLC*, 818 F.3d 285, 286 (7th Cir. 2016); *Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 246 (3rd Cir. 2016).  At all times here, this Court had jurisdiction over this matter.  Thus, there can be no genuine dispute that this Court has jurisdiction to confirm the Final Award.

 2. Plaintiff Was Not Denied A Hearing On The Merits

Plaintiff argues that he was denied a hearing on the merits, and that this constituted a violation of public policy or a clear error of law that warrants vacatur of the Final Award.[1]  [*See* Dkt. No. 106 at 4-8.]  However, a hearing did in fact take place on December 5, 2022, but Plaintiff (and his attorney, Mr. Farinella) made the decision to rest his case without presenting any argument or evidence despite being provided multiple opportunities to do so.  Thus, Plaintiff cannot meet the heavy burden of establishing that the Final Award constitutes a manifest disregard of the law.  *See Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019) ("A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some

---

[1] Mr. Farinella likewise makes this same argument in his motion.  [*See* Dkt. No. 107-1 at 8.]  It is not clear that Mr. Farinella has any grounds to personally raise this argument; he is an "interested party" to the Final Award only to the extent that sanctions were issued against him personally.  Mr. Farinella never explains how this argument pertains to the sanctions issued against him.  In any event, his argument mirrors the argument made by Plaintiff, and it is without merit for the same reasons explained herein.

2

egregious impropriety on the part of the arbitrator is apparent.").

As explained in more detail in the Second Declaration of Alekzandir Morton (the "Second Morton Decl."), the arbitration hearing commenced on December 5, 2022 after Mr. Farinella repeatedly represented in the weeks prior to the hearing that he was ready to proceed. (Second Morton Decl., ¶¶ 18-27, Ex. D.) But when he was asked to provide his opening statement or examine his first witness, who was waiting on Zoom to be examined, Mr. Farinella declined to do so. Accordingly, the Arbitrator found that Plaintiff had failed to carry his burden of proof by refusing to proceed with the hearing.[2] [Dkt. 96-1 at 16-17.] The Arbitrator further found that Plaintiff's refusal to attend the hearing, beyond appearing momentarily by Zoom, was an attempt to "manufacture a ground for vacating any Award." [Dkt. No. 96-1 at 16.]

Plaintiff misconstrues the facts to argue that the Arbitrator violated public policy by finding that he had waived his right to present evidence in support of his FEHA claims. [*See* Dkt. No. 106 at pp. 4-8.] Under Plaintiff's theory of "unwaivable" FEHA claims, employees could entirely avoid arbitration of FEHA claims by simply refusing to attend an arbitration hearing or present evidence. This is clearly not the law, and Plaintiff provides no legal support for his theory.

The one substantive case citation that Plaintiff provides in support of his argument is inapposite. In *Pearson Dental Supplies, Inc. v. Superior Court*, the California Supreme Court vacated an award in favor of the respondent pursuant to the California Arbitration Act.[3] There, the arbitrator had misapplied a California statute tolling the time in which a demand for arbitration can be filed; in so doing, the arbitrator granted summary judgment in favor of the respondent on

---

[2] Both Plaintiff and Mr. Farinella complain that the Final Award "failed to contain any analysis of the facts and the law as related to the causes of action." [*See* Dkt. No. 107-1 at 8; Dkt. No. 106 at 13.] The reason for this is simple: Plaintiff rested his case without offering any evidence and argument on the merits; thus, the Arbitrator had no evidence or argument on the merits to analyze in the Final Award.
[3] The Arbitration Agreement between Plaintiff and the Chateau Marmont states that the Federal Arbitration Act— and not the California Arbitration Act—governs the arbitration. [*See* Dkt. No. 19-1.] Plaintiff's assertion to the contrary is without support. [*See* Dkt. No. 106 at 2, fn. 1.]

3

the basis that the statute of limitations had expired. *Pearson*, 48 Cal.4th 665, 671-72 (2010). Because the arbitrator misapplied California law, and the result was that the claims were summarily dismissed on procedural grounds without the claimant being given any opportunity to present evidence or argument on the merits, the award was vacated under the California Arbitration Act. *Id*. at 673-75.

Here, Plaintiff was provided multiple opportunities to provide evidence and argument on the merits of his claims; however, he declined to do so and rested his case. Further, he can point to no "egregious impropriety" on the part of the Arbitrator in applying the law. *Weiss*, 838 F.3d at 109. Thus, Plaintiff's Motion to Vacate should be denied, and the Final Award should be confirmed.

3. <u>The Arbitrator Properly Considered All Evidence Presented To Him Regarding Plaintiff's Medical Condition</u>

Plaintiff falsely asserts that the Arbitrator refused to consider evidence pertaining to his medical condition in support of his request for a postponement of the arbitration hearing. [*See* Dkt. No. 106 at 14-16.] To the contrary, the Arbitrator gave Plaintiff, through his counsel Mr. Farinella, every opportunity to submit any medical documentation he could to support his request. (*See* Second Morton Decl., ¶¶ 9-14.) In addition, the Arbitrator set a special hearing so that Plaintiff could testify as to his medical condition and the need for a postponement; however, Plaintiff failed to appear. (*See* Second Morton Decl., ¶ 15-16, Exs. B, C.) While the Arbitrator's Order No. 18 provides certain guidelines on the type of documentation that the Arbitrator was requesting, there is no dispute that the Arbitrator carefully considered and summarized all medical documentation submitted by Plaintiff. [*See* Dkt. 96-1 at 11-13.]

To support his motion to vacate, Plaintiff now submits new medical documentation that he never provided to the Arbitrator. [*See* Dkt. No. 106-2 at 25-59.] However, even this

documentation does not establish that he was involuntarily institutionalized—or institutionalized at all—at the time of the hearing, as Plaintiff contends. First, Plaintiff submitted a "Progress Notes Episode 2" from Henderson Behavioral Health. [Dkt. No. 106-2 at 25.] This document confirms that Plaintiff was admitted on December 3, 2022, but it suggests that he was discharged at 12:12 a.m. EST on December 4, 2022. [*See id*.] This is approximately 40 hours prior to the commencement of the arbitration hearing, which was set to begin at 1:00 p.m. PST on December 5. (Second Morton Decl., ¶ 29.) Despite being discharged more than a day prior, Plaintiff failed to appear at the special hearing, which the Arbitrator had ordered for the sole purpose of assessing whether Plaintiff was medically able to proceed with the arbitration, despite the lack of medical documentation demonstrating that he was unable to participate. (*See* Second Morton Decl., ¶¶ 15-16.)

Second, Plaintiff submitted a "Progress Notes Episode 3" from Henderson Behavioral Health. [Dkt. No. 106-2 at 26.] But this shows that he had an appointment beginning at 7:40 p.m. EST and ending at 8:40 p.m. EST. [*See id*.] The arbitration hearing concluded at 2:17 p.m. PST, or more than two hours prior to Plaintiff's medical appointment. (Second Morton Decl., ¶ 30, Ex. D.)[4] Accordingly, Plaintiff's assertion that he was unable to attend the special hearing or the arbitration hearing on December 5 is unsupported. In fact, Plaintiff eventually appeared at the hearing, thus demonstrating he was able to do so.

Rather than establishing that the Arbitrator failed to consider medical evidence that was presented to him, Plaintiff and Mr. Farinella instead attack the findings that the Arbitrator drew

---

[4] Plaintiff submitted additional new documentation, but none of it establishes that he was institutionalized on December 5 at the time of the hearing. However, one document shows that Plaintiff applied for a Florida Disability Parking Placard on March 28, 2023. [*See* Dkt. No. 106-2 at 58.] This is just one week prior to Plaintiff's third request to transfer venue to the Central District of California on the basis that he has been a California resident since January. [*See* Dkt. No. 101.]

5

from these documents. However, it is well-established that the Court is not permitted to disturb the Arbitrator's factual or credibility findings on review. *See Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004). Rather, this Court may only consider whether the Arbitrator had a "reasonable basis" to deny the postponement request. *See Bisnoff v. King*, 154 F.Supp.2d 630, 637 (S.D.N.Y. 2001). Just as an *Bisnoff*, the Arbitrator here "came to an uncomplimentary assessment of [Plaintiff's] credibility and offered a reasonable justification" for his decision to deny the postponement request. *See id*. at 638. As in *Bisnoff*, this Court must confirm the Final Award.

Plaintiff also fails to address the law cited by Defendants in their motion to confirm which held that it is in the arbitrator's discretion to make factual determinations as to whether an arbitration hearing must be postponed. Instead, Plaintiff and Mr. Farinella cite cases that are distinguishable from our facts. In *Tempo Shain Corp. v. Bertek, Inc.*, the arbitral award was vacated when the panel did not keep the record open so that a key witness, who was unavailable due to his wife's illness, could later testify. 120 F.3d 16, 17-18 (2d Cir. 1997). But here, the Arbitrator found that (1) Plaintiff was available to attend; and (2) Mr. Farinella rested Plaintiff's case without offering any opening statement or examining the multiple third-party witnesses that Mr. Farinella had stated would be called prior to Plaintiff. [*See* Dkt. No. 96-1.] Similarly, in *Sayre v JPMorgan Chase & Co.*, it was "undisputed" that the movant's counsel had a medical emergency that prevented him from attending the arbitration hearing. 781 Fed. Appx. 667, 668 (9th Cir. 2019). But here, the Arbitrator found that Plaintiff did not have a medical emergency that prevented him from participating in the hearing: Plaintiff briefly attended the hearing, and the hearing was scheduled to last a total of five days, giving Plaintiff ample opportunity to determine the day on which he wished to testify. [*See* Dkt. No. 96-1 at 11-13; Dkt. No. 96-2 at 5, ¶ 12(a).] The Arbitrator's factual and credibility determination is not subject to review. *See Wallace*, 378

F.3d at 193.

For all of the reasons stated herein, in Defendants' Motion to Confirm, and in the Final Award, the Arbitrator had a reasonable basis to conclude that Plaintiff's request for a postponement was not justified. Thus, the Final Award should be confirmed.

4. <u>Plaintiff Has Failed To Establish That The Arbitrator Was Biased</u>

Plaintiff has asserted that the Arbitrator was impermissibly biased for two reasons. The burden of proving evident partiality "rests upon the party asserting bias." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012). Evident partiality can be found "where a reasonable would have to conclude that an arbitrator was partial to one party to the arbitration." *Id*. However, such a showing "may not be based simply on speculation." *Id*. Plaintiff cannot meet his burden.

First, Plaintiff argues that the Arbitrator was biased because he converted the Chateau Marmont's motion to tax costs into a motion for sanctions. As explained in more detail in the Second Morton Declaration, the Arbitrator granted the Chateau Marmont leave to file a motion to tax costs after the Arbitrator determined that Plaintiff had no good faith basis to file a motion for leave to amend that ultimately resulted in a significant delay in discovery proceedings. (Second Morton Decl., ¶¶ 4-6.) However, after the Chateau Marmont filed its motion to tax costs, the Arbitrator determined that the JAMS rules arguably did not permit him to award costs against an employee-claimant; however, the JAMS rules unambiguously did permit him to issue sanctions. (Second Morton Decl., ¶ 7.) Accordingly, the Arbitrator converted the Chateau Marmont's request to tax costs into a motion for sanctions in order to comply with the JAMS rules. (*Id*.) The Arbitrator's conversion of the Chateau Marmont's request to tax costs into a motion for sanctions does not constitute evident partiality; it instead reflects the Arbitrator's attempts to comply with the JAMS Rules that are to Plaintiff's benefit.

7

Second, Plaintiff appears to argue that the Arbitrator was impermissibly biased against him because the Arbitrator *denied* the Chateau Marmont's motion to preclude certain evidence that Plaintiff stated he planned to introduce at the arbitration hearing. [Dkt. No. 106 at 19.] The Chateau Marmont argued that this evidence pertained solely to claims and allegations from Plaintiff's failed attempt to amend his complaint, and that it had no relevance to the existing claims. As quoted in Plaintiff's motion, the Arbitrator denied the Chateau Marmont's motion and ruled: "In order to avoid the risk of erroneous exclusion, however, the Arbitrator prefers to hear Claimant's proffer in the context of the testimony being adduced rather than make a ruling in advance of the Hearing." [*Id*.] Plaintiff does not explain how a ruling *in his favor* demonstrates evident impartiality *against him*. Plaintiff failed to meet his burden to establish that the Arbitrator was impermissibly biased against him.

5. <u>The Arbitration Agreement Permits The Issuance Of Sanctions For Litigation Misconduct</u>

Plaintiff and Mr. Farinella incorrectly assert that both the arbitration agreement and FEHA do not permit the issuance of sanctions. [*See* Dkt. No. 106 at 8-11; Dkt. No. 107-1 at 9-10.] They further incorrectly assert that the Arbitrator's issuance of sanctions resulted in the Arbitrator exceeding his power, manifestly disregarding the law, and violating public policy. [*See id*.] To reach this conclusion, Plaintiff and Mr. Farinella ignore the JAMS Rules while also conflating sanctions with punitive damages or the statutory award of attorneys' fees. These arguments are without merit and should be rejected.

First, contrary to Plaintiff's and Mr. Farinella's assertions, the arbitration agreement does permit the issuance of sanctions. Specifically, it incorporates by reference the JAMS Rules. [*See* Dkt. No. 19-1 at 2.] JAMS Rule 29 states: "The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator. These sanctions may include, but are not limited to, assessment of Arbitration fees and

8

Arbitrator compensation and expenses; any other costs occasioned by the actionable conduct, including reasonable attorneys' fees; exclusion of certain evidence; drawing adverse inferences; or, in extreme cases, determining an issue or issues submitted to Arbitration adversely to the Party that has failed to comply." This same rule, and its incorporation by reference into the arbitration agreement, is cited in both the Final Award [*see* Dkt. No. 96-1 at 18] and in Defendants' motion to confirm [*see* Dkt. No. 95 at 13-14]. Plaintiff and Mr. Farinella have failed to address it.

Second, the Arbitrator issued sanctions against Plaintiff and Mr. Farinella; he did not award punitive damages or a statutory award of attorneys' fees to a prevailing party. As stated in JAMS Rule 29, sanctions may be issued for failure to comply with the JAMS Rules or with an order of the Arbitrator. Sanctions are awarded for litigation misconduct; in contrast, punitive damages and statutory awards of attorneys' fees are measures of damages which pertain to the merits of the underlying claims.

Finally, it is well established that arbitrators may sanction a party that participates in the arbitration in bad faith, which may include an award of attorneys' fees even where the arbitration agreement generally states that the parties are to bear their own expenses. *See ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 83 (2d Cir. 2009).[5] Thus, Plaintiff's and Mr. Farinella's argument that the arbitration agreement here states that each party is to pay its own attorneys' fees is without merit; the Arbitrator maintained the ability to issue sanctions pursuant to clear Second Circuit law.

While Mr. Farinella acknowledges *ReliaStar*, he nevertheless requests that this Court disregard the Second Circuit's decision in favor of the New York Supreme Court's decision in

---

[5] In the Final Award, the Arbitrator also cited *Bak v. MCL Financial Group, Inc.*, 170 Cal.App.4th 1118, 1126 (2009) to support the issuance of sanctions. [*See* Dkt. No. 96-1 at 18.] Mr. Farinella asserts that this case has been "overturned on Appeal." [Dkt. No. 107-1 at 8.] This is false; review of the *Bak* decision was denied on April 15, 2009, and it was never overturned. It is unclear what Mr. Farinella is referring to with his comment.

9

*Grynberg v. BP Exploration Operating Co. Ltd.*, 2010 WL 5137912 (Dec. 8, 2010) (*aff'd as modified by Grynberg v. BP Exploration Operating Co. Ltd.*, 92 A.D.3d 547 (2012)). Not only is this decision not binding authority on this Court (whereas *ReliaStar* is), *Grynberg* is inapplicable. There, the "narrow question before the court is whether the FAA applies to this arbitration agreement." 2010 WL 5137912, at *4. The trial court determined that the FAA did not apply, and thus *ReliaStar* did not apply. *See id.*, at *4-5. Here, there is no dispute that the FAA applies to this arbitration. Accordingly, attorneys' fees may be awarded as sanctions under *ReliaStar*, and the sanctions awarded against Plaintiff and Mr. Farinella by the Arbitrator should be confirmed.

## CONCLUSION

For the foregoing reasons and for the reasons stated in Defendants motion [Dkt. No. 95], the Court should grant Defendant's motion to confirm the arbitration award; deny Plaintiff's and Mr. Farinella's cross-motions to vacate the arbitration award; and dismiss this action in its entirety with prejudice.

Respectfully submitted,

Dated: April 28, 2023         By:    /s/ *Paula M. Weber*
      San Francisco, CA                  Paula M. Weber (*Pro Hac Vice*)
Alekzandir Morton (*Pro Hac Vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983-1000

David S. Greenhaus
JACKSON LEWIS P.C.
58 South Service Road, Ste. 250
Melville, New York 11747
(631) 247-0404

Attorneys *for Defendants*