Adrian Jules
7320 Lennox Avenue, F9
Van Nuys, CA 91405
Email: adrianjules7@gmail.com
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADRIAN JULES,<br><br>Plaintiff,<br><br>vs.<br><br>ANDRE BALAZS PROPERTIES, et al.,<br><br>Defendants. | Case No.: 20 Civ. 10500 (LGS) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S**

**MOTION TO VACATE THE ARBITRATION AWARD**

## I. INTRODUCTION

The Defendants' opposition to Plaintiff's motion to vacate the arbitration award makes it abundantly clear Plaintiff was deprived a fair proceeding due to him experiencing a medical emergency, a circumstance wholly outside of his control. The Defendants based their argument, and the arbitrator based the final award on their unfounded belief that Plaintiff was not experiencing a medical emergency and procured the award by undue means in violation of Plaintiff's due process and statutory rights, the arbitration agreement, the California Arbitration Act (CAA) and the Federal Arbitration Act (FAA). So, Plaintiff submits the arguments herein to supplement his motion in support of vacatur of the arbitration award.

## II. ARGUMENT

### PLAINTIFF'S MEDICAL EMERGENCIES WARRANTED ADJOURNMENT

Defendants, despite being in sufficient receipt of medical notes confirming Plaintiff's fragile physical and mental health, stated, "…new medical documentation does not establish that he was involuntarily institutionalized—or institutionalized at all—at the time of the hearing, as Plaintiff contends". Nevertheless, they were informed that Plaintiff was involuntarily institutionalized, and the arbitrator deemed medical notes insufficient[1]. Defendants argue Plaintiff was discharged, received outpatient treatment, and should have attended the hearing. However, Progress Notes Ep. 2 establish Plaintiff had a medical emergency and was transferred for "further psychiatric treatment" while Progress Notes Ep. 3 fails to establish an outpatient appointment as falsely claimed by Defendants and is instead a sequentially coded assessment from a series conducted during Plaintiff's hospitalization for *major depressive disorder*.

---

[1] The arbitrator's refusal to accept medical notes created the impossibility for Plaintiff to request adjournment. The arbitrator disqualified notes by scrutinizing professionals writing them to dismiss diagnoses regarding Plaintiff's declining physical and mental health. Nevertheless, Plaintiff attempted to adhere to orders and requested notes from providers to meet the arbitrator's impossible standards. *See* C-C2.

1

Meanwhile, the Substance Abuse Assessment (SSA) administered bedside December 4, 2022, from 12:00-12:20am disproves Defendants' claim Plaintiff was discharged at 12:12am and confirms he received inpatient services and was medically unable to attend the hearing. *See* A.

### A. Plaintiff was Involuntarily Institutionalized During the Hearing

The Certificate of Professional Initiating Involuntary Examination (CPIIE) confirms Plaintiff was institutionalized pursuant to the Baker Act and the medical emergency involved a diagnosis by a competent medical professional pursuant to section 394.455 of Florida Statutes that considers, "Mental illness means an impairment of the mental or emotional processes that exercise conscious control of one's actions or of the ability to perceive or understand reality, which impairment substantially interferes with the person's ability to meet the ordinary demands of living". *See* CPIIE. Therefore, Plaintiff was not mentally capable of participating in the hearing pursuant to the law and his right to due process should not have been waived due to this medical emergency pursuant to the FEHA. As stated in *Armendariz* "[When] an employee subject to a mandatory employment-arbitration agreement is unable to obtain a hearing on the merits of his FEHA claims, or claims based on other nonwaivable statutory rights, because of an arbitration award based on legal error, the trial court does not err in vacating the award". *See* A.

### B. Plaintiff Suffered from Full Body Pain at the Time of the Hearing and Prior To

Defendants were provided medical notes and an accident report detailing Plaintiff's hit and run vehicle collision. These documents were supplemental to medical notes citing Plaintiff's physical impairment from a spontaneous pneumothorax (lung collapse) and jointly necessitated a need for Plaintiff's requested medical adjournment prior to the hearing. However, requests and accompanying medical notes were dismissed by the arbitrator, but the medical conditions persisted, and Plaintiff received additional diagnoses after award issuance.

2

The Defendants pivoted their focus to issuance of Plaintiff's handicap decal versus acknowledging injuries from the accident rendered him disabled at the time of the hearing upon receipt of the note from Pain Treatment Specialists. Defendants' failure to raise an argument regarding Plaintiff's cited injuries is a waiver of their right to challenge his health claims, while the record confirms Plaintiff's requests for medical adjournment were warranted and notes from Dove Medical Centers, LLC and others deemed insufficient were credible. Furthermore, notes from Plaintiff's lung collapse confirm he has congestive heart failure in contradiction of the arbitrator's claim he lacked a serious medical condition.  *See* B.

## PLAINTIFF WAS DENIED A HEARING ON THE MERITS AND THE AWARD WAS PROCURED BY UNDUE MEANS

The Defendants' claim "Plaintiff was provided multiple opportunities to provide evidence and argument on the merits of his claims; however, he *declined to do so* and *rested his case*" is a gross misrepresentation given he was institutionalized pursuant to Florida Law at the time of the hearing and declared mentally ill. Furthermore, Plaintiff's counsel communicated he was involuntarily institutionalized and requested adjournment. However, the proceeding commenced, and Defendants moved for the case to be dismissed due to Plaintiff's failure to appear. Then to add insult to injury, the arbitrator required Plaintiff to submit medical documents regarding the emergency while Plaintiff was involuntary institutionalized as an undue means to deprive Plaintiff of a fair proceeding and issue a decision to punish him for conditions outside of his control. While making a claim for manifest disregard of the law bears a heavy burden and is rare, it is evident the arbitrator's failure to adjourn due to Plaintiff's medical emergency was misconduct and an intentional act in violation of the law. Plaintiff did not choose to miss the hearing as argued by the Defendants and the arbitrator and should not be deprived of due process, or the promises of the arbitration agreement and the FEHA as result of his unforeseen hospitalization.

3

## THIS COURT LACKS SUBJECT MATTER JURISDICTION

The Defendants argue this court always had jurisdiction over this matter, however Plaintiff established diversity jurisdiction upon applying to this court, a classification mutually exclusive to subject matter jurisdiction and prerequisites to confirm or vacate an arbitration award. Upon Plaintiff's application to this court, Defendants challenged jurisdiction and motioned to remand Plaintiff to arbitration. However, the court was hesitant to remand a case involving an employment dispute originating in California, so a stay was issued, and remand was denied. Plaintiff established diversity jurisdiction due to Defendant Balazs being domiciled in New York and the amount under controversy exceeding $75,000. However, these conditions no longer exist, and Defendants failed to raise an argument to dispute this claim, so it is an uncontested fact.

Additionally, subject matter jurisdiction was never established because Plaintiff is a California resident that signed a mandatory arbitration agreement pursuant to law and statutes unique to California that do not apply here. Defendants' motion to confirm the arbitration award in this court pursuant to the FAA seeks to deprive Plaintiff of rights and remedies he would be afforded pursuant to California law and the CAA by establishing it as his only means of redress.

It is well established that the CAA is not preempted by the FAA and an award confirmation made in a foreign court that violates California law can be overturned where subject matter jurisdiction exists. [See *Southland Corp. v. Keating* (1984) 465 US 1, 16, 104 S.Ct. 852, 861, fn. 8; *Vaden v. Discover Bank* (2009) 556 US 49, 71-72, 129 S.Ct. 1262, 1278-1279 (dismissing petition to compel for lack of federal jurisdiction and noting that petitioner may have recourse in state court)]. Finally, the arbitration agreement is silent on award confirmation and California courts interpret section 9 of the FAA as requiring party consent to judicial confirmation in their arbitration agreement (see 9 U.S.C. § 9; *Commonwealth Enterprises v. Liberty Mut. Ins. Co.,* 958

F.2d 376, *2 (9th Cir. 1992) (unpublished); *Swissmex-Rapid S.A. de C.V. v. SP Sys., LLC*, 151 Cal. Rptr. 3d 229, 235 (Ct. App. 2012) and this condition should apply here.

### **BARRING OF MEDCIAL EVIDENCE DENIED PLAINTIFF A FAIR TRIAL**

The Defendants argue the arbitrator gave Plaintiff opportunities to substantiate his requests for medical adjournment and Plaintiff failed to comply with an order to appear for a special proceeding to testify regarding his condition. However, the Defendants fail to acknowledge Plaintiff was involuntary hospitalized pursuant to the Baker Act at the time. Defendants also suggest Plaintiff provided new evidence not submitted to the arbitrator but fail to mention the arbitrator refused to accept all medical records submitted by Plaintiff in support of his physical and mental health claims. In *Hoteles*, the First Circuit vacated an award where the arbitrator excluded the only evidence available and FAA §10 provides that the court may vacate an arbitral award "where the arbitrators were guilty of...refusing to hear evidence pertinent and material to the controversy" 9 U.S.C. § 10(a)(3) and this condition should apply here.

This is critically important because Plaintiff could not furnish records to substantiate his institutionalization until release, however the decision was made prior to it and Plaintiff's requests to submit the records were denied. So, the arbitrator *did not provide* Plaintiff fair consideration of medical notes and instead created rules to bar their consideration. This unauthorized and unwarranted disqualification process created an impossibility for Plaintiff to adhere to orders or request a needed medical adjournment. Thus, while an arbitration award should not be set aside for the arbitrator's refusal to hear cumulative or irrelevant evidence, *Hoteles*, 763 F.2d at 40 (citations omitted), it should be set aside where "the exclusion of relevant evidence actually deprived a party of a fair hearing." *Slaney*, 244 F.3d at 592.

## THE ARBITRATION AGREEMENT DOES NOT AUTHORIZE SANCTIONS

The arbitration agreement is silent on issuance of sanctions despite the Defendants arguing the incorporation of JAMS Rules permits issuance for litigation misconduct. Furthermore, JAMS Rules ambiguity undermines the stipulated terms of the arbitration agreement. Here, sanctions were weaponized against Plaintiff and his counsel for leaving to amend the complaint, a behavior that would not ordinarily subject a Plaintiff to sanctions in court. Plaintiff's leave to amend followed unorthodox conditions under which an amendment could only be made if pre-approved and authorized by the arbitrator.

Thus, Plaintiff was sanctioned due to failure to follow an order with unspoken rules in contradiction of law that gives Plaintiffs the right to freely amend a complaint for the first time. Then the arbitrator *sua sponte* converted costs and fees from records submitted by Defendants requesting reimbursement for billable hours into sanctions. "Even where a claim is otherwise arbitrable, the scope of the arbitration is still limited to the specific issues presented and may not extend to those that are materially different or legally distinct." Simply stated, an arbitrator exceeds his authority by considering issues not raised by the parties and the issuance of sanctions violates the arbitration agreement and FEHA as argued in Plaintiff's motion.

### III. CONCLUSION

For the foregoing reasons and reasons stated in Plaintiff's motion and supporting exhibits the court should vacate the arbitration award.

Respectfully,

Adrian Jules in Pro Per