UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                          :

ADRIAN JULES,                     :          20 Civ. 10500 (LGS)

                      Plaintiff,     :

                                         :        **OPINION AND ORDER**

                -against-          :

                                         :

ANDRE BALAZS PROPERTIES, et al.,     :

                      Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Defendants Andre Tomes Balazs, Andre Balazs Properties, Balazs Investors, LLC,

and Hotels A.B., LLC and Respondent Chateau Holdings, Ltd. ("Chateau") move for

confirmation of an arbitral award issued on January 17, 2023 (the "Award"). Plaintiff Adrian

Jules and his former counsel Thomas A. Farinella, as an interested party, each cross-move to

vacate the Award. For the following reasons, the Award is confirmed. Defendants' motion is

granted, and Plaintiff and Farinella's motions are denied.

## I.      BACKGROUND

        On December 11, 2020, Plaintiff filed this lawsuit, asserting sixteen causes of action

against Defendants under federal and California law which centered, in substance, on Plaintiff's

employment with Chateau. Defendants then moved to compel arbitration before JAMS pursuant

to an arbitration agreement between Plaintiff and Chateau. An order issued May 28, 2021,

stayed this action pending the outcome of arbitration.

        A preliminary arbitration hearing was held on January 21, 2022, at which Plaintiff stated

he did not wish to amend his claims. On May 31, 2022, Plaintiff sought leave to amend to add

Andre Balazs, the CEO of Andre Balazs Properties, as an additional respondent to the

arbitration, despite having previously dismissed claims against him. Over Defendants'

objections, the Arbitrator allowed Plaintiff to file a proposed amended complaint "alleg[ing] the predicate facts underlying any claims against Mr. Balazs."  The Arbitrator noted that he would consider a motion for costs against Plaintiff if he had no good faith basis to bring claims against Mr. Balazs.  Plaintiff untimely filed a proposed complaint. The Arbitrator denied the request for leave to amend, finding that the proposed complaint did not allege claims or predicate facts against Mr. Balazs and instead added new factual allegations and claims against Chateau and other entities not joined in the arbitration.  Respondent moved to tax costs against Plaintiff.  The Arbitrator *sua sponte* converted the motion into a request for sanctions and requested further briefing.  Plaintiff did not submit sanctions briefing and instead stated his intention to withdraw from the arbitration.  On October 6, 2022, the Arbitrator determined that Plaintiff's grounds for withdrawing were without merit and concluded that Respondent was entitled to an award of sanctions to be determined at the conclusion of the arbitration.

In parallel, on September 23, 2022, Plaintiff moved in this Court to lift the stay pending arbitration.  On October 11, 2022, Plaintiff moved for a preliminary injunction and related relief, seeking, in substance, to lift the stay.  Plaintiff's motions were denied.  Plaintiff moved for reconsideration, which was also denied.

In advance of the arbitral hearing scheduled for December 5, 2022, Plaintiff filed disclosures of documents to be used and witnesses to be called at the arbitration hearing one week after the deadline to do so.  At a final status conference on November 21, 2022, Plaintiff did not raise any issues related to his medical condition or request a continuance of the hearing. In the lead-up to the December 5 hearing, Plaintiff missed several filing deadlines and the deadline to complete his own deposition.   One week before the hearing, Farinella reported that, for medical reasons, Plaintiff was unable to be deposed or participate in the hearing.  Although

the Arbitrator viewed Plaintiff's evidence of medical necessity as insufficient to postpone the hearing, the Arbitrator allowed Plaintiff to submit further written evidence of medical necessity. Plaintiff did so, and the Arbitrator found this evidence also insufficient.  The Arbitrator set a special hearing for Plaintiff to provide further evidence of his medical condition not captured in his written submissions.  Plaintiff did not appear at the special hearing, and the Arbitrator decided to proceed with the arbitral hearing.  Plaintiff appeared briefly at the arbitral hearing via Zoom, with his microphone muted.  After Plaintiff left the Zoom conference, Farinella refused to proceed or put on a case.

On January 17, 2023, the Arbitrator issued the Award, finding that Plaintiff had failed to prove any of his claims by a preponderance of the evidence.  The Award also awarded sanctions to Defendants of $11,416.50 and $23,026.50 against Plaintiff and Farinella respectively.  An order issued February 24, 2023, granted Farinella's request to withdraw from representing Plaintiff in proceedings in this District.  Defendants now move to confirm the Award.  Plaintiff and Farinella, as an interested party, move to vacate the Award.

## II.   LEGAL STANDARD

Ordinarily, confirmation of an arbitration decision is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022).[1]  A district court's role in reviewing an arbitration award is "narrowly limited and arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013);

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

*accord Kellner v. Amazon*, No. 22-734, 2023 WL 2230288, at *1 (2d Cir. Feb. 27, 2023) (summary order).  Courts exercise this "extremely deferential" review "in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Commodities & Mins. Enter. Ltd.*, 49 F.4th at 809.  Ultimately, "an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its demerits." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019).

A pro se litigant's papers must be construed liberally "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).  Pro se litigants are accorded "special solicitude to protect them from inadvertent forfeiture of important rights because of their lack of legal training." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021). Nonetheless, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *accord Gerding v. Am. Kennel Club*, No. 21 Civ. 7958, 2023 WL 4583771, at *2 (S.D.N.Y. July 18, 2023).

## III.   DISCUSSION

### A.   Subject Matter Jurisdiction

Plaintiff challenges the Court's subject matter jurisdiction.  Subject matter jurisdiction exists over the parties' motions.  Federal question jurisdiction exists because Plaintiff filed this action asserting claims under federal law -- the U.S. Constitution, Title VII and the Americans with Disabilities Act.  Because of the federal questions presented, the Court had subject matter jurisdiction when it stayed the action pending arbitration.  District courts with jurisdiction to stay an action pursuant to 9 U.S.C. § 3 retain jurisdiction to confirm resulting arbitral awards. *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000) ("[T]he court with

the power to stay the action under § 3 has the further power to confirm any ensuing arbitration award."). *Badgerow v. Walters*, 142 S. Ct. 1310 (2022), which Plaintiff cites, does not change this result, because that case concerned jurisdiction over an action originally filed to confirm an arbitral award, rather than one filed to assert federal causes of action and stayed pending arbitration.

### B.    Motions to Vacate

"The [Federal Arbitration Act ("FAA")] provides a streamlined process for a party seeking a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Seneca Nation of Indians v. N.Y.*, 988 F.3d 618, 625 (2d Cir. 2021).  Section 10(a) of the FAA states four narrow grounds for vacating an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).  In addition to the statutory grounds for vacatur, a district court may vacate arbitration awards where the arbitrators acted in manifest disregard of the law or when enforcement of an award would violate an explicit public policy.  *See Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., Ltd.*, 57 F.4th 372, 383 (2d Cir. 2023); *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 452 (2d Cir. 2011); *accord Absolute Nev., LLC v. Grand Majestic Riverboat Co., LLC*, No. 19 Civ. 11479, 2022 WL 17669429, at *13 (S.D.N.Y. Dec. 14, 2022).  Plaintiff and Farinella offer arguments for vacatur under each of the § 10(a) grounds and the two non-statutory grounds.  Their arguments fail because the evidence is insufficient to

"clear [the] high hurdle" for vacating the Award. *Beijing Shougang Mining Inv. Co., Ltd. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021).

### 1.      Corruption, Fraud or Undue Means

A petitioner seeking to vacate an arbitral award under § 10(a)(1) "must adequately plead that (1) respondent engaged in fraudulent activity; (2) even with the exercise of due diligence, petitioner could not have discovered the fraud prior to the award issuing; and (3) the fraud materially related to an issue in the arbitration." *Odeon Cap. Grp. LLC v. Ackerman*, 864 F.3d 191, 196 (2d Cir. 2017); *accord O' Connor-Roche v. RBC Cap. Mkts., LLC*, No. 22 Civ. 1467, 2022 WL 17798116, at *5 (S.D.N.Y. Dec. 19, 2022). Plaintiff alleges that the Final Award was procured by undue means because the Arbitrator denied Plaintiff's request to postpone the arbitral hearing in light of Plaintiff's medical condition. To succeed on a claim under § 10(a)(1), Plaintiff must plead that "*respondent* engaged in fraudulent activity." *Ackerman*, 864 F.3d at 196 (emphasis added). Here, Plaintiff alleges no fraud committed by Chateau or Defendants. Section § 10(a)(1) does not apply.

### 2.      Arbitrator Partiality or Corruption

A district court can vacate an award under § 10(a)(2) "when there was evident partiality in the arbitrator," as proven by clear and convincing evidence. *Certain Underwriting Members of Lloyds of London v. Fla. Dep't of Fin. Servs.*, 892 F.3d 501, 505 (2d Cir. 2018); *accord Whittaker v. MHR Fund Mgmt. LLC*, No. 20 Civ. 7599, 2021 WL 9811715, at *4 (S.D.N.Y. Sept. 28, 2021). "Among the circumstances under which the evident-partiality standard is likely to be met are those in which an arbitrator fails to disclose a relationship or interest that is strongly suggestive of bias in favor of one of the parties." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012); *accord Est. of Scherban v.*

*Lynch*, No. 14 Civ. 6312, 2021 WL 2581278, at *6 (S.D.N.Y. June 23, 2021).  Plaintiff alleges

evident partiality of the Arbitrator based on two instances.  Neither is availing.

First, Plaintiff alleges the Arbitrator was evidently partial by *sua sponte* converting

Chateau's request to tax costs into a request for sanctions.  Plaintiff's argument fails because the

Arbitrator's action was in response to Plaintiff's explicit disregard of the Arbitrator's instructions

that Plaintiff could seek to replead in order to allege claims or predicate facts against Mr. Balazs.

In his proposed amended complaint, Plaintiff completely disregarded the Arbitrator's

instructions and simply bolstered his allegations against the existing Defendants.  The Arbitrator

had warned Plaintiff in advance that such disregard could result in a taxing of costs.  Because the

rules governing the arbitration did not allow for taxing of costs, the Arbitrator converted

Defendants' request for costs into one for sanctions.  These circumstances fall far short of

providing clear and convincing evidence of partiality such that "a reasonable person would have

to conclude that an arbitrator was partial to one party to the arbitration."  *Fla. Dep't of Fin.*

*Servs.*, 892 F.3d at 505; *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d

Cir. 2009) (per curiam) ("[A]dverse rulings, without more, will rarely suffice to provide a

reasonable basis for questioning . . . impartiality."); *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir.

1997) (discussing district court's inherent power to award sanctions so long as the award is

explained with specificity).

Second, Plaintiff alleges that the Arbitrator was evidently partial by issuing an order

allowing Plaintiff to proffer all his evidence at the final hearing, rather than rule on admissibility

in advance, "to avoid the risk of erroneous exclusion."  Plaintiff argues that the failure to offer

him a similar opportunity with respect to the proposed amended complaint constitutes bias or

misconduct.  If anything, this order demonstrates solicitousness to Plaintiff's claims and

procedural rights.  In any event, it is not clear and convincing evidence of the Arbitrator's
evident partiality.

### 3.    Arbitrator Misconduct

A district court can vacate an award under § 10(a)(3) "when the arbitrators were guilty of
misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to
hear evidence pertinent and material to the controversy."  *YLL Irrevocable Tr.*, 729 F.3d at 104.
"Under prevailing Second Circuit law, if there exists a reasonable basis for the arbitrator's
considered decision not to grant a postponement, a court should be reluctant to interfere with the
award."  *Parrella v. Orange Rabbit, Inc.*, No 20 Civ. 9923, 2021 WL 4462809, at *6 (S.D.N.Y.
Sept. 29, 2021); *accord United Media Holdings, NV v. Forbes Media, LLC*, No. 16 Civ. 5926,
2017 WL 9473164, at *6 (S.D.N.Y. Aug. 9, 2017) ("The granting or denying of an adjournment
falls within the broad discretion of appointed arbitrators.").  The relevant inquiry under
§ 10(a)(3) is whether the arbitrator's decisions in conducting the proceeding "amount to a denial
of fundamental fairness."  *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997);
*accord YLL Irrevocable Tr.*, 729 F.3d at 104.

Plaintiff and Farinella both argue that the Arbitrator was guilty of misconduct because he
failed to consider evidence of Plaintiff's medical condition and failed to postpone the arbitral
hearing based on this evidence.  These arguments fail because Plaintiff and Farinella have not
shown that the Arbitrator's decision to proceed with the hearing rather than adjourn it was
without a reasonable basis or a denial of fundamental fairness.

To the contrary, the record indicates that the Arbitrator gave Plaintiff and Farinella
repeated chances to offer evidence of Plaintiff's medical condition and carefully considered it.
At the November 21, 2022, final pre-arbitration conference, Plaintiff did not request a

continuance or argue that he was unable to prepare for the arbitration due to any medical condition. One week before the December 5, 2022, hearing date, Farinella reported that Plaintiff had recently been hospitalized due to an accident and that Farinella did not believe Plaintiff was medically fit to attend the hearing, even via Zoom. The Arbitrator then requested that Plaintiff submit medical documentation to substantiate that his medical condition was serious enough to warrant postponement, which Plaintiff did. The Arbitrator determined Plaintiff's evidence was insufficient to warrant postponement because the records were not signed by a physician, were dated months prior to the hearing date or otherwise failed to provide enough detail regarding Plaintiff's condition to conclude he could not participate, even via Zoom. Nevertheless, the Arbitrator scheduled a special hearing to allow Plaintiff to testify (via Zoom) as to any facts about his medical issues that were not captured in the documentation. Plaintiff did not attend. The Arbitrator then determined that the arbitration should go forward as scheduled at 1:00 P.M. on December 5, 2022.

The Arbitrator had a reasonable basis for not postponing the arbitration. *Bisnoff v. King*, 154 F. Supp. 2d 630 (S.D.N.Y. 2001), upon which Plaintiff relies is not binding and in any event, does not support vacatur. In *Bisnoff*, the court found circumstantial evidence -- including petitioner's failure to raise potential medical issues at a preliminary hearing, petitioner's failure to raise his medical issues until shortly before the hearing and the lack of sufficient medical documentation substantiating petitioner's alleged ailment[2] -- provided a reasonable basis for the

---

[2] Plaintiff's additional medical documentation, which was not submitted to the Arbitrator at the time he declined to postpone the hearing, is not considered. The inquiry is whether the Arbitrator had a reasonable basis at the time of his decision. Any new medical documentation that Plaintiff had not presented is not relevant to the inquiry. *See Tempo Shain Corp.*, 120 F.3d at 20 ("[A]rbitration determinations will not be opened up to evidentiary review."); *accord CRT Cap. Grp. LLC v. SLS Cap., S.A.*, No. 18 Civ. 3986, 2019 WL 1437159, at *5 (S.D.N.Y. Mar. 31, 2019).

panel to deny adjournment.  *Id.* at 639.  Here, as in *Bisnoff*, Plaintiff similarly failed to raise any

potential medical accommodations at the final status conference, requested an adjournment just

one week prior to the arbitral hearing and did not provide medical documentation that indicated a

serious enough condition to warrant postponement.

Nor was the Arbitrator's decision fundamentally unfair.  *Tempo Shain Corp.*, also cited

by Plaintiff, is distinguishable because there, a witness became temporarily unavailable during

the arbitration when his wife was diagnosed with cancer, and the panel concluded the hearing

without his testimony.  120 F.3d at 17-18.  The Second Circuit found that this amounted to

fundamental unfairness sufficient to vacate the arbitral award under § 10(a)(3).  *Id.* at 21.  That

reasoning does not apply here because Plaintiff and Farinella refused to present any evidence or

argument or otherwise participate in the hearing.  "To demonstrate arbitral misconduct, the

challenging party must show that his right to be heard has been grossly and totally blocked, and

that this exclusion of evidence prejudiced him."  *Fid. Brokerage Servs. LLC v. Deutsch,* No. 17

Civ. 5778, 2018 WL 2947972, at *6 (S.D.N.Y. May 31, 2018), *aff'd*, 763 F. App'x 104 (2d Cir.

2019) (summary order).  Plaintiff fails to meet this standard.  Section 10(a)(3) does not apply.

### 4.   Exercise of Arbitrator Power

Section 10(a)(4) provides for vacatur of an arbitration award when "the arbitrators

exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award

upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).  A district court's review

under § 10(a)(4) "focuses on whether the arbitrators had the power, based on the parties'

submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators

correctly decided that issue."  *Beijing Shougang Mining Inv. Co., Ltd.*, 11 F.4th at 161 (stating

the Second Circuit "consistently accord[s] the narrowest of readings" to this provision).  An

award should be vacated under § 10(a)(4) "only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 663 (2010); *accord KT Corp. v. ABS Holdings, Ltd.*, 784 F. App'x 21, 24 (2d Cir. 2019) (summary order).

Plaintiff and Farinella argue for vacatur under § 10(a)(4) because the Arbitrator did not have the power to award sanctions under the arbitration agreement. This argument is incorrect.

The arbitration agreement states that "claims, disputes or controversies" between Plaintiff and Chateau "shall be addressed . . . by binding arbitration under the Federal Arbitration Act administered by JAMS pursuant to its Employment Arbitration Rules then in effect, and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness." JAMS Rule 29 -- incorporated by the arbitration agreement -- states:

> The Arbitrator may order appropriate sanctions for failure of a Party to comply with its obligations under any of these Rules or with an order of the Arbitrator. These sanctions may include, but are not limited to, assessment of Arbitration fees and Arbitrator compensation and expenses[] [and] any other costs occasioned by the actionable conduct, including reasonable attorneys' fees . . . .[3]

The Arbitrator awarded sanctions against Plaintiff and Farinella for failing to comply with the Arbitrator's order as explicitly contemplated by JAMS Rule 29. Plaintiff cites California law and the California Arbitration Act ("CAA") for the proposition that the award of fees and costs to prevailing parties in employment arbitrations is disfavored. As noted above, the FAA and the arbitration agreement, and not California Law or the CAA, determine the Arbitrator's power to in carrying out the arbitration proceeding.

---

[3] JAMS, *Employment Arbitration Rules and Procedures Rule 29: Sanctions*, https://www.jamsadr.com/rules-employment-arbitration/english#Rule-29 (last visited Sept. 11, 2023) (JAMS Rules effective as of June 1, 2021).

Farinella separately argues that the Arbitrator exceeded his power because he "considered Plaintiff's failure to attend the arbitration hearing a waiver despite him being hospitalized and experiencing a medical emergency."  This, Farinella argues, was "in material breach of the arbitration agreement."  Farinella cites no evidence or provision of the arbitration agreement that demonstrates that the Arbitrator did not have the power to rule against Plaintiff after he failed to present any evidence or argument in support of his case.  Farinella may dispute the Arbitrator's ultimate decision, but the inquiry under § 10(a)(4) is only whether the Arbitrator had the power to come to such a decision.  *See Beijing Shougang Mining Inv. Co., Ltd.*, 11 F.4th at 161.  The Arbitrator did.  Section 10(a)(4) does not provide any basis to vacate the award.

### 5.       Manifest Disregard of the Law

A district court may set aside an arbitration award if it was rendered in manifest disregard of the law.  "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent."  *See Weiss*, 939 F.3d at 109.  Vacatur under this standard is warranted only "when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice."  *Id.*

Plaintiff argues that the Arbitrator manifestly disregarded the law in allowing the arbitral hearing to proceed without the presentation of evidence or argument by Plaintiff, in violation of his due process rights.  Plaintiff fails to prove a violation of his due process rights, because as discussed, the Arbitrator afforded Plaintiff and Farinella ample

opportunity to present Plaintiff's case.  In any event, to establish manifest disregard,
Plaintiff must show that the arbitration "intentionally defied the law."
*STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir.
2011); *accord LTF Constr. Co., LLC v. Cento Sols. Inc.*, No. 20 Civ. 4097, 2020 WL
7211236, at \*5 (S.D.N.Y. Dec. 7, 2020).  Plaintiff does not meet this "very high"
standard. *STMicroelectronics, N.V.*, 648 F.3d at 74.

### 6.      Violation of Public Policy

Finally, an arbitral award can be vacated when "the award itself, as contrasted
with the reasoning that underlies the award, creates an explicit conflict with other laws
and legal precedents and thus clearly violates an identifiable public policy."  *Int'l
Brotherhood. of Elec. Workers, Loc. 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704,
716 (2d Cir. 1998); *accord Riverbay Corp. v. Serv. Emps. Int'l Union, Loc. 32BJ*, No. 22
Civ. 10994, 2023 WL 3738984, at \*5 (S.D.N.Y. May 31, 2023).  For vacatur of
arbitration award on public policy grounds, the public policy must be "well defined and
dominant and must be ascertained by reference to the laws and legal precedents and not
from general considerations of supposed public interests."  *Schwartz*, 665 F.3d at 452.
Courts may refuse to enforce arbitral awards "only in those rare cases when enforcement
of the award would be directly at odds" with public policy.  *Yukos Cap. S.A.R.L. v.
Samaraneftegaz*, 592 F. App'x 8, 11 (2d Cir. 2014) (summary order).

Plaintiff argues that enforcement of the Award would violate public policy, in
substance because enforcement would amount to a waiver of his statutory rights in
violation of the policy underlying various California statutes.  This argument fails first
because the FAA embodies "a federal policy favoring arbitration agreements,

notwithstanding any state policies to the contrary." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 146 (2d Cir. 2021).  The argument also fails on the merits because Plaintiff was given the opportunity to present his case in arbitration.  Notwithstanding Plaintiff's characterization, the Arbitrator did not refuse to hear evidence material to Plaintiff's claims and decided all of the questions presented in the arbitration on the record before him.  Plaintiff fails to show that enforcement of the Award would violate any public policy.

Farinella also argues that enforcement of the Award would violate public policy because of the Arbitrator's award of sanctions.  This argument is rejected because Farinella does not offer any "well defined and dominant" public policy concern or otherwise explain his assertion.  *Schwartz*, 665 F.3d at 452.

### C.      Confirmation of the Award

Under the FAA, courts must grant a petition to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11."  9 U.S.C. § 9.  No grounds exist to vacate or modify the Award under those sections.  Defendants are entitled to confirmation of the arbitration award under the Court's limited review in arbitration cases.  *See Commodities & Mins. Enter. Ltd.*, 49 F.4th at 809.  The Award is confirmed.

**IV.    CONCLUSION**

For the foregoing reasons, the Award is confirmed.  Defendants' Petition for

confirmation of the Award is **GRANTED.**  Plaintiff's and Farinella's Petitions to vacate the

Award are **DENIED**.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendants on

Plaintiff's claims, close the motions at Dkt. Nos. 94 and 107 and terminate the case.

Dated: September 12, 2023
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**